IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| INSTANT BRANDS ACQUISITION HOLDINGS INC., *et al.*, | § § § § | Case No. 23-90716 (DRJ) |
| Debtors.¹ | § § § | (Joint Administration Requested) |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER EXTENDING TIME TO FILE (I) SCHEDULES OF ASSETS AND LIABILITIES, (II) SCHEDULES OF CURRENT INCOME AND EXPENDITURES, (III) SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES, (IV) STATEMENTS OF FINANCIAL AFFAIRS, AND (V) BANKRUPTCY RULE 2015.3 FINANCIAL REPORTS**

> Emergency relief has been requested.  Relief is requested not later than June 13, 2023.
>
> If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.
>
> A hearing will be conducted on this matter on June 13, 2023 at 3:00 p.m. (prevailing Central Time) in Courtroom 400, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.
>
> Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Jones's conference room number is 205691.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Jones's homepage.  The meeting code is "Judge Jones".  Click the settings icon in the upper right corner and enter your name under the personal information setting.
>
> Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance"

---

¹ The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722).  The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

> **link on Judge Jones's homepage.  Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"),[2] each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Debtors' Emergency Motion For Entry of an Order Extending Time To File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, (IV) Statements of Financial Affairs, and (V) Bankruptcy Rule 2015.3 Financial Reports* (this "**Motion**").  This Motion is supported by the *Declaration of Adam Hollerbach as Chief Restructuring Officer of the Debtors in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* (the "**Hollerbach Declaration**") filed contemporaneously herewith and incorporated herein by reference.  In further support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1.  By this Motion, and pursuant to sections 105(a) and 521 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 1007(c), 2015.3, and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 2015-3 of the Local Bankruptcy Rules for the Southern District of Texas (the "**Local Rules**"), the Debtors seek entry of an order substantially in the form attached hereto (the "**Proposed Order**" and, if entered, the "**Order**"), extending (a) the deadline by which the Debtors must file their (i) schedules of assets and liabilities, (ii) schedules of current income and expenditures, (iii) schedules of executory contracts and unexpired leases, and (iv) statements of financial affairs (collectively, the "**Schedules and**

---

[2]  The Debtors and their direct and indirect non-Debtor subsidiaries are collectively referred to herein as "**Instant Brands**" or the "**Company**."

**Statements**") by 45 days, for a total of 59 days from the Petition Date (as defined below), through and including August 10, 2023, and (b) the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest, as required under Bankruptcy Rule 2015.3 (the "**2015.3 Reports**" and, together with the Schedules and Statements, the "**Disclosures**"), to and including the later of (i) 14 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "**341 Meeting**") or (ii) 45 days after the Petition Date (*i.e.*, July 27, 2023) and then every six months thereafter, in each case, without prejudice to the Debtors' ability to request additional extensions or modifications to or waivers of any Disclosure requirements.

## Jurisdiction, Venue, and Authority

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**A. General Background**

5. On June 12, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or examiner, and no official committee has been appointed in the Chapter 11 Cases.

6. Contemporaneously herewith, the Debtors have filed a motion requesting the joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

7. Instant Brands is a company that designs, manufactures, and markets a global portfolio of innovative and iconic consumer lifestyle brands, including Instant®, Pyrex®, Corelle®, Corningware®, Snapware®, Chicago Cutlery®, and Visions®. With people-first and purpose-driven solutions in mind, Instant Brands is reimagining how people live, eat, connect, and play inside the home—and in the spaces where people gather. Headquartered in Downers Grove, Illinois, Instant Brands sells its products worldwide, employs more than 2,000 people, and operates in several countries outside the United States, including Canada, Singapore, England, South Korea, Australia, Taiwan, and China.

8. Additional information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the Hollerbach Declaration.

**Basis for Relief**

9. Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(c) and 9006(b), the Court is authorized to grant an extension to the deadline for filing the Schedules and Statements "for cause." *See* Fed. R. Bankr. P. 1007(c) (providing that "any extension of time to file schedules, statements, and other documents required under this rule may be granted only on motion for cause shown and on notice to the United States trustee, any committee . . . , trustee, examiner, or other party as the court may direct."; Fed. R. Bankr. P. 9006(b) (providing that "when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order").

10. In addition, Bankruptcy Rule 2015.3(b) requires the Debtors to file their first 2015.3 Reports within seven days of the first date set for the 341 Meeting and then periodically thereafter (but not less than every six months). *See* Fed. R. Bankr. P. 2015.3(b). The 2015.3 Reports are "periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(b). However, here, too, pursuant to Bankruptcy Rules 2015.3(d) and 9006(b), the Court is authorized to grant an extension to the deadline for filing the 2015.3 Reports "for cause." *See* Fed. R. Bankr. P. 2015.3(d) (after notice and a hearing, the court may modify Bankruptcy Rule 2015.3's reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available); Fed. R. Bankr. P. 9006(b).

Accordingly, to the extent that Local Rule 2015-3 requires a debtor to file its 2015.3 Reports monthly, the Debtors hereby request a modification of this requirement to only allow the Debtors to file the 2015.3 Reports every six months after filing their initial 2015.3 Reports.

11. Finally, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (citations omitted).

12. Collectively, the Debtors have approximately 3,000 creditors. Moreover, as detailed in the Hollerbach Declaration and the corporate structure chart contained therein, the Debtors "control[] or own[] at least a 20 percent interest" in at least eleven non-Debtor subsidiaries

located outside of North America, each of which would therefore require, absent an order from the Court to the contrary, a 2015.3 Report. *See* Fed. R. Bankr. P. 2015.3(c). Sufficient cause exists here for the requested reporting extensions and modifications, because requiring the Debtors to file the Disclosures with the statutory deadlines proscribed by the Bankruptcy Rules and the frequency of reporting that may be required by the Local Rules would divert management's time and attention from ensuring a smooth transition into chapter 11 and focusing their efforts on quickly emerging from chapter 11.

13. Due to the complexity and scope of their operations, the number of contracts to which the Company is party, the extent and global scope of the Company's businesses, and the numerous other matters that the Debtors must attend to in connection with filing the Chapter 11 Cases, the Debtors anticipate that (a) they will be unable to complete the Schedules and Statements for the 15 Debtor entities in the 14 days required under Bankruptcy Rule 1007(c) and (b) it will be difficult for them to strictly comply with the statutory deadlines for filing the initial 2015.3 Reports. To prepare the Disclosures, the Company must compile information from books, records, and documents relating to creditor claims, the Company's many assets, executory contracts, and unexpired leases, and the books, records, and financial statements of each Instant Brands entity. This information is voluminous and located in numerous places throughout the Company's organization—including outside North America. Collecting the necessary information requires a significant expenditure of time and effort on the part of the Debtors, their employees, and their professional advisors in the near term, when these resources would be best used to stabilize and improve the Debtors' business operations. In addition, employee efforts during the initial post-petition period are critical, and the Debtors must devote their time and attention to business operations to maximize the value of the Debtors' estates during the first critical months. Finally,

with respect to the Schedules and Statement in particular, because not all of the invoices related to prepetition goods and services have yet been received and/or entered into the Debtors' accounting system, it may be some time before the Debtors have access to all of the required information to accurately prepare the Schedules and Statements.

14. The Debtors, therefore, respectfully submit that good and sufficient cause exists for granting the requested reporting extensions and modifications. Unavoidably, the Debtors' primary focus in the days leading up to the Petition Date has been on seeking to finalize DIP financing, negotiating the terms of a restructuring transaction, stabilizing the business operations, and reacting to the events surrounding the filing. While the Debtors, with the help of their professional advisors, have mobilized their employees to work diligently and expeditiously on the preparation of the Disclosures, resources are strained. Not only have the same employees with the expertise to complete the Disclosures been diligently preparing for the chapter 11 filing, but they have also been heavily engaged on numerous other restructuring workstreams, including preservation of relationships with creditors and other parties in interest and ensuring the Debtors' smooth transition into chapter 11 during a sensitive time. In view of the amount of work entailed in completing the Disclosures and the competing demands upon the Debtors' employees and professionals to assist in efforts to stabilize business operations during the initial post-petition period, the Debtors will be (a) unable to complete the Schedules and Statements for the 15 Debtor entities in the 14 days required under Bankruptcy Rule 1007(c) and (b) hard-pressed to strictly comply with the statutory deadlines for filing the initial 2015.3 Reports.

15. Accordingly, the Debtors request that the Court extend (a) the 14-day period for the Schedules and Statements for an additional 45 days (making the Schedules and Statements due on or before 59 days after the Petition Date) and (b) the deadline by which the Debtors must file their

initial 2015.3 Reports to and including the later of (i) 14 days after the 341 Meeting or (ii) 45 days after the Petition Date (*i.e.*, July 27, 2023) and then every six months thereafter, in each case, without prejudice to the Debtors' ability to request additional extensions or modifications to or waivers of any Disclosure requirements.

16.  The Debtors respectfully submit that the proposed extensions of the Disclosure deadlines would not prejudice creditors and other parties in interest because the Debtors would work with the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") and any statutory committee appointed in the Chapter 11 Cases to make available sufficient financial data and creditor information to permit at least an initial meeting to be timely held.

17.  In fact, courts in this jurisdiction routinely grant similar relief to that requested herein. *See, e.g.*, *In re Venator Materials Plc, et al.*, No. 23-90301 (DRJ) (Bankr. S.D. Tex. May 16, 2023) [Docket No. 99] (extending deadlines to file schedules and 2015.3 reports by 43 days and permitting consensual agreement with the UST for further extensions); *In re Envision Healthcare Corporation*, No. 23-90342 (CML) (Bankr. S.D. Tex. May 15, 2023) [Docket No. 110] (extending deadline to file schedules by 45 days and 2015.3 reports by at least 45 days); *In re Mountain Express Oil Company*, No. 23-90147 (DRJ) (Bankr. S.D. Tex. May 4, 2023) [Docket No. 363] (extending deadlines to file schedules and 2015.3 reports by an additional 33 days after initially granting a 46-day extension); *In re Diamond Sports Group, LLC*, No. 23-90116 (CML) (Bankr. S.D. Tex. March 16, 2023) [Docket No. 157] (extending deadlines to file schedules and 2015.3 reports by 45 days); *In re IEH Auto Parts Holding LLC*, No. 23-90054 (CML) (Bankr. S.D. Tex. Feb. 1, 2023) [Docket No. 46] (same); *In re Party City Holdco Inc.*, No. 23-90005 (DRJ) (Bankr. S.D. Tex. Jan. 18, 2023) [Docket No. 101] (extending deadline to file schedules by 45

days and 2015.3 reports by at least 45 days). The Debtors submit that the circumstances described herein warrant similar relief.

### Emergency Consideration

18. Pursuant to Local Rule 9013-1(i), the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003(b). Bankruptcy Rule 6003 provides that, "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, issue an order granting . . . (b) a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition . . . ." Fed. R. Bankr. P. 6003. As set forth in this Motion and the Hollerbach Declaration, the Debtors believe that an orderly transition into chapter 11 is critical to the viability of the Debtors' businesses, operations, and estates and that any delay in granting the relief requested herein could cause immediate and irreparable harm. Furthermore, the failure to receive the relief requested herein during the first 21 days of the Chapter 11 Cases may severely impact the Debtors' restructuring at this critical juncture. Accordingly, the Debtors submit that the relief requested herein satisfies Bankruptcy Rule 6003.

### Notice

19. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) those creditors holding the 30 largest unsecured claims against the Debtors' estates (on a consolidated basis); (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) Ropes & Gray LLP, as counsel to the agent under, and an ad hoc group of lenders of, the Debtors' prepetition term loan; (h) Skadden, Arps, Slate, Meagher & Flom LLP, as counsel to the administrative agent under the

Debtors' prepetition asset-based lending facility; (i) Kramer Levin Naftalis & Frankel LLP, as counsel to Cornell Capital Partners LP; and (j) any party identified in section 11 of the *Procedures for Complex Cases In the Southern District of Texas* (collectively, the "**Notice Parties**").  A copy of this Motion and the Order approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/InstantBrands.  Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:  June 12, 2023
        Houston, Texas

HAYNES AND BOONE, LLP

*/s/ Arsalan Muhammad*
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
David A. Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel.:   (713) 547-2000
Email: charles.beckham@haynesboone.com
       arsalan.muhammad@haynesboone.com
       david.trausch@haynesboone.com

-*and*-

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (*pro hac vice* pending)
Steven Z. Szanzer (*pro hac vice* pending)
Joanna McDonald (*pro hac vice* pending)
450 Lexington Avenue
New York, New York 10017
Tel.:   (212) 450-4000
Email: brian.resnick@davispolk.com
       steven.szanzer@davispolk.com
       joanna.mcdonald@davispolk.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Arsalan Muhammad*
Arsalan Muhammad

**Certificate of Service**

I certify that, on June 12, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Arsalan Muhammad*
Arsalan Muhammad
