United States Bankruptcy Court
Southern District of Texas

**ENTERED**

June 13, 2023

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | **Chapter 11** |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | **Case No. 23-90716 (DRJ)** |
| **HOLDINGS INC.**, *et al.*, | § | |
| | § | |
| Debtors.[1] | § | **(Joint Administration Requested)** |
| | § | |

**ORDER (I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED LIST OF THE DEBTORS' 30 LARGEST UNSECURED CREDITORS AND (B) REDACT CERTAIN PERSONAL IDENTIFYING INFORMATION AND (II) APPROVING THE FORM AND MANNER OF NOTIFYING CREDITORS OF THE COMMENCEMENT OF THE CHAPTER 11 CASES AND OTHER INFORMATION**

Upon the emergency motion (the "**Motion**")[2] of Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105(a) and 107(c) of the Bankruptcy Code and Bankruptcy Rule 1007, (a) authorizing the Debtors to (i) file a consolidated list of the 30 largest general unsecured creditors in lieu of submitting separate creditor lists for each Debtor and (ii) redact personal identifying information from documents filed with the Court in the Chapter 11 Cases (including any Creditor Matrix, Schedule, or Statement) and (b) approving the form and manner of notifying creditors of the commencement of the Chapter 11

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722).  The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Cases and other information, each as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion and the Hollerbach Declaration; and the Court having held a hearing to consider the relief requested in the Motion on a final basis (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and the Hollerbach Declaration and at the Hearing establish just cause for the relief granted herein; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized, but not directed, to file a consolidated list of their 30 largest unsecured creditors in the Chapter 11 Cases in lieu of each Debtor filing a list of its

20 largest unsecured creditors.

2.      The Debtors are directed, to redact the names, home and email addresses, and any other personal identifying information of individuals or any other natural person listed from any document filed or to be filed with the Court in the Chapter 11 Cases (including any Creditor Matrix, Schedule, or Statement); *provided*, that the Debtors shall file under seal and provide unredacted versions of any Creditor Matrix, Schedule, Statement, or other document filed with the Court and redacted in accordance with this Order to (a) the Court, the U.S. Trustee, and counsel to any statutory committee appointed in the Chapter 11 Cases and (b) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that sets forth a reasonable basis for the request that is reasonably related to the Chapter 11 Cases, in each case, subject to any applicable data privacy and protection laws and regulations; *provided, further*, that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request; *provided, further*, that, to the extent notice and/or service by mail (as opposed to email) is required or requested, Epiq may serve individuals at their personal home addresses, ensuring that each individual will receive the same notices in the Chapter 11 Cases as all other creditors without the unnecessary public disclosure of his or her home address.  For the avoidance of doubt, Local Rule 9037-1(b) shall apply to any document redacted in accordance with this Order.  The Debtors shall inform the U.S. Trustee and the Court promptly after denying any request for an unredacted document pursuant to this Order.  The rights of all parties in the Chapter 11 Cases to seek relief from the authorizations set forth in this paragraph, for any reason under applicable law, are hereby preserved.

3.      The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved and the Debtors, through Epiq, are authorized, but not directed, to

serve the Notice of Commencement on all parties listed on the Creditor Matrix.  Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of the Chapter 11 Cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code

4.       Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

5.       Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a promise by the Debtors to pay any claim, or (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order.

6.       Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

7.       The Debtors and Epiq are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

8.      The Court shall retain exclusive jurisdiction over any matter arising from or related

to the implementation, interpretation, and enforcement of this Order.

**Signed:  June 13, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**