IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| INSTANT BRANDS ACQUISITION HOLDINGS INC., *et al.*, | § § § § | Case No. 23-90716 (DRJ) |
| Debtors.¹ | § § § | Jointly Administered |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING PROCEDURES TO ASSUME, ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Represented parties should act through their attorney.**

Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Debtors' Motion For Entry of an Order Approving Procedures To Assume, Assume and Assign, or Reject Executory Contracts and*

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

*Unexpired Leases* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to sections 105, 363, 365, and 554 of title 11 of the United States Code (the "**Bankruptcy Code**") and rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**" and, if entered, the "**Order**"), (a) authorizing and establishing (i) the procedures contained in the Proposed Order (the "**Assumption Procedures**") for (A) assuming and (B) assuming and assigning (in each case, potentially on an amended basis) executory contracts and unexpired leases (each, a "**Contract**" or "**Lease**"), and the determination of Cure Costs (as defined below) with respect thereto, and (ii) the procedures contained in the Proposed Order (the "**Rejection Procedures**" and, together with the Assumption Procedures, the "**Procedures**")[2] for (A) rejecting Contracts and Leases and (B) abandoning personal property in connection with any rejected Contract or Lease [3] and (b) authorizing and approving the Assumption Notice and Rejection Notice (each as defined in the Proposed Order and, collectively, the "**Notices**") to each relevant non-Debtor counterparty (each, a "**Counterparty**") to an affected Contract or Lease, each substantially in the form attached to the Proposed Order as Exhibit 1 and Exhibit 2, respectively.[4]

---

[2] Each of the Procedures and any exhibits thereto are incorporated herein by reference. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the applicable Procedures.

[3] The Debtors may, in the future, seek entry of an order approving procedures for the abandonment of "de minimis" assets unrelated to the rejection of any Contract or Lease. The Debtors submit that, if there is any conflict between the provisions in the Rejection Procedures relating to the abandonment of assets and those set forth in any subsequently Court-approved procedures, the latter shall control.

[4] As described below, the Procedures allow for the simultaneous assumption (and assignment) or rejection of multiple Contracts and Leases, such that it is conceivable that a Counterparty may be party to multiple Contracts

**Jurisdiction, Venue, and Authority**

2.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**A.    General Background**

5.      On June 12, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 40] entered by the Court on June 13, 2023 in each of the Chapter 11 Cases.

---

or Leases on any given Notice.  As such, all references in this Motion or the Proposed Order to a Contract or Lease (or terms related thereto) in the singular shall include the plural, and vice versa.

7. On June 15, 2023, the Ontario Superior Court of Justice (Commercial List) issued an order recognizing the Chapter 11 Cases as foreign main proceedings. *See In Re Instant Brands Inc.* (15 June 2023), Toronto, Ont Sup Ct CV-23-00701154-000CL (Initial Recognition Order).

8. On June 27, 2023, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code. *See United States Trustee's Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 177]. No trustee or examiner has been appointed in the Chapter 11 Cases.

9. Information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Adam Hollerbach as Chief Restructuring Officer of the Debtors in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* [Docket No. 39], which is incorporated herein by reference.

B. **The Debtors' Executory Contracts and Unexpired Leases and the Proposed Procedures**

10. The Debtors are party to over 1,500 agreements, including Leases with respect to real and personal property and Contracts for goods and services, licensing agreements, software and information technology agreements, and other agreements related to the Debtors' businesses. After the commencement of the Chapter 11 Cases, the Debtors and their advisors began evaluating the economic value of each of their Contracts and Leases. In doing so, the Debtors determined that some of the liabilities associated with the Contracts or Leases far outweigh the benefit that such Contracts or Leases provide to the Debtors' estates, while others are supported by their attendant benefit. Where appropriate, and in the ordinary course of their businesses, the Debtors intend (and, indeed, have already begun) to work diligently with their Counterparties to negotiate

new or amended agreements that are more compatible with the Debtors' current and projected needs and resources. However, with respect to some Contracts and Leases, the Debtors may not be able to structure a suitable arrangement and, for those Contracts and Leases, rejection would be an appropriate exercise of the Debtors' business judgment.

11. In light of the foregoing, the Debtors and their advisors are in the process of assessing which Contracts and Leases should be (a) rejected as unfavorable to the Debtors or (b) assumed or assumed and assigned, in each case, potentially on a consensual (and possibly amended) or nonconsensual basis. Absent the relief requested herein, the Debtors may be required under applicable law to file a discrete motion each time they want to assume, assume and assign, or reject a Contract or Lease. This would require the Debtors to needlessly expend their limited resources, to the detriment of all stakeholders in the Chapter 11 Cases, and would be incredibly burdensome for the Court and its staff as well.

12. Accordingly, the Debtors believe that establishing orderly procedures for the assumption, assumption and assignment, and rejection of Contracts and Leases would streamline the administration of the Chapter 11 Cases and otherwise promote efficiency for the Court, the U.S. Trustee, and all other parties in interest, thereby (a) maximizing the value of the Debtors' estates for the benefit of all stakeholders and (b) preserving the due process rights of parties in interest (particularly the Counterparties). The Procedures are designed to, among other things, (x) outline the process by which the Debtors would serve notice to Counterparties regarding the potential assumption, assumption and assignment, or rejection of their Contracts or Leases, which notice would include pertinent information relating thereto (*e.g.*, for assumption, the proposed amount necessary to cure any defaults (the "**Cure Costs**"); for rejection, the effective date thereof), (y) establish objection and other relevant deadlines and the manner for resolving disputes relating

to the Debtor's proposed assumption, assumption and assignment, or rejection, and (z) eliminate the necessity for a hearing with respect thereto. The Debtors consulted with counsel to each the Committee and the DIP Agents[5] prior to filing this Motion (which includes their provided comments), none of which expressed opposition to the relief requested herein.

13. Accordingly, the Debtors respectfully request the authorization and establishment of the Procedures for the assumption, assumption and assignment, and rejection of Contracts and Leases in the Chapter 11 Cases.

## Basis for Relief

**A.  Approval of the Procedures is in the Best Interests of the Debtors, their Estates, and All Parties In Interest, and the Procedures Satisfy Due Process**

14. As described above, the streamlined Procedures would greatly maximize efficiency and, by extension, value in the Chapter 11 Cases. Without the Procedures, the Debtors may be required to file an individual standalone motion each time they would want to assume, assume and assign, or reject a Contract or Lease, thereby occupying the valuable time of the Debtors, the Court and its staff, the U.S. Trustee, the Committee, and other parties in interest.

15. In addition, the Procedures would not violate or prejudice the due process rights of any Counterparty or other party in interest. As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014." Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that, "[i]n a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a).

---

[5] As used in this Motion, "DIP Agents" has the meaning ascribed to it in the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, and (IV) Granting Related Relief* [Docket No. 257] (the "**Final DIP Order**").

-6-

The notice and hearing requirements for contested matters in Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances. *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances"). Here, pursuant to the Procedures, affected Counterparties and other parties in interest (including the U.S. Trustee, the Committee, and the DIP Agents) would receive notice of a Debtor's proposed assumption, assumption and assignment, or rejection of any Contract or Lease, which would contain pertinent information in connection therewith (*e.g.*, proposed Cure Costs (if any) or the effective date of the proposed rejection). *See, e.g.*, *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding that the effective date of a lease's rejection was the date the debtor gave notice to the lessor of its intent to reject), *aff'd*, 1 F.3d 1130 (10th Cir. 1993); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding that a debtor may reject an executory contract by clearly communicating its intention to reject).

16. Under Bankruptcy Rule 6006(e), however, a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(f). A motion to assume or reject multiple executory contracts or unexpired leases that are not between the same parties shall:

> (1) state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion; (2) list parties alphabetically and identify the corresponding contract or lease; (3) specify the terms, including the curing of defaults, for each requested assumption or assignment; (4) specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment; (5) be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or

>   unexpired leases; and (6) be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

17. The proposed Procedures largely comport with the requirements of Bankruptcy Rule 6006(f). The procedural requirements in Bankruptcy Rule 6006(f) are intended to protect the due process rights of Counterparties to the affected Contracts and Leases. A Counterparty must be able to locate its Contract or Lease and readily determine whether its Contract or Lease is being assumed or rejected. Given the substantial number of Contracts and Leases that the Debtors may assume or reject, obtaining Court approval of each assumption or rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of assumption or rejection. Pursuant to the Procedures, however, the Debtors would provide the affected Counterparty, the U.S. Trustee, the Committee, and the DIP Agents with the requisite notice and an opportunity to object to any proposed action, thereby preserving the due process rights of the key parties in interest. Moreover, the Court would maintain authority and oversight in the event of an objection to a particular assumption, assumption and assignment, or rejection of a Contract or Lease.

18. Furthermore, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is in the interest of preserving or protecting the value of the Debtors' assets. *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide

equitable relief appropriate to assure the orderly conduct of reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (citations omitted). The proposed Procedures are necessary for the Debtors to carry out their restructuring efforts in a streamlined and value-maximizing manner. If the Court does not approve the proposed Procedures, the Debtors may be forced to seek assumption or rejection of Contracts and Leases on an individualized basis, thereby imposing unnecessary administrative burdens on the Debtors and the Court and resulting in unnecessary costs to the detriment of the Debtors' estates and their stakeholders.

19. Finally, not only has the Court already approved procedures for assumption and assignment of Contracts and Leases in the Chapter 11 Cases in connection with the ongoing sale process,[6] *see* Docket No. 253 (the "**Bidding Procedures Order**") at ¶ 19, but courts in this jurisdiction routinely grant relief similar to that requested herein. *See, e.g.*, *In re Genesis Care Pty Ltd.*, No. 23-90614 (DRJ) (Bankr. S.D. Tex. July 12, 2023) [Docket No. 272] (approving rejection

---

[6] The procedures approved in connection with the sale process do not cover rejections or standalone assumptions of Contracts or Leases; rather, those procedures cover assumptions and assignments in connection with the sale process. Accordingly, the Debtors do not view the relief requested herein as duplicative of the relief previously granted by the Court in the Bidding Procedures Order.

procedures); *In re Surgalign Holdings, Inc.*, No. 23-90731 (CML) (Bankr. S.D. Tex. June 30, 2023) [Docket No. 129] (same); *In re Party City Holdco Inc.*, No. 23-90005 (DRJ) (Bankr. S.D. Tex. Feb. 14, 2023) [Docket No. 442] (approving procedures for assumption, assumption and assignment, and rejection); *In re Katerra Inc.*, No. 21-31861 (DRJ) (Bankr. S.D. Tex. Aug. 23, 2021) [Docket No. 895] (same).

20. Based on the foregoing, the Debtors respectfully submit that the Procedures are fair and reasonable and that the relief requested herein should be granted since it is reasonable, appropriate, and in the best interests of the Debtors, their estates, and their creditors.

**B. The Assumption, Assumption and Assignment, and Rejection of Contracts and Leases Pursuant to the Procedures is and would be an Exercise of the Debtors' Sound Business Judgment and, Therefore, Should be Authorized**

21. Section 365(a) of the Bankruptcy Code allows a debtor in possession (with bankruptcy court approval) to maximize the value of its estates by "assum[ing] or reject[ing] any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).[7] This authority is "vital to the basic purpose" of a chapter 11 reorganization, "because rejection can release the debtor's estate from burdensome obligations that can impede a successful reorganization," *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 528 (1984), while assumption allows "a debtor [to] force others to continue to do business with it when the bankruptcy filing might otherwise make them reluctant to do so," thereby "making the debtor's rehabilitation more likely." *Richmond Leasing Co. v. Cap. Bank, N.A. ("Richmond Leasing")*, 762 F.2d 1303, 1310 (5th Cir. 1985).

22. "A bankruptcy court reviews a debtor's decision to assume or reject an executory contract under the deferential 'business judgment' standard." *Matter of J. C. Penney Direct Mktg.*

---

[7] "A contract is executory if performance remains due to some extent on both sides." *Mission Prod. Holdings, Inc. v. Tempnology, LLC ("Tempnology")*, 139 S. Ct. 1652, 1658 (2019).

*Servs., L.L.C.*, 50 F.4th 532, 534 (5th Cir. 2022) (citation omitted). Indeed, the Fifth Circuit has held the following:

> We have held that "as long as assumption of a lease appears to enhance a debtor's estate," a bankruptcy court should only withhold approval when "the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code." Furthermore, "it is the debtor who decides whether to maintain the contract," rather than any third party.

*Id.* (citing *Tempnology*, 139 S. Ct. at 1658; *Richmond Leasing*, 762 F.2d at 1308–09; *In re Nat'l Gypsum Co.*, 208 F.3d 498, 505 (5th Cir. 2000)). Courts emphasize that the business judgment standard is not an onerous standard; rather it "is flexible and encourages discretion." *In re ASARCO, L.L.C.*, 650 F.3d 593, 601 (5th Cir. 2011). As such, courts exhibit "[g]reat judicial deference . . . to [a debtor's] exercise of business judgment." *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 254 (N.D. Tex. 2005).

23. Here, any assumption or rejection of a Contract or Lease would constitute an exercise of the Debtors' sound business judgment because such action would allow the Debtors to keep valuable agreements while shedding onerous or unneeded ones, thereby reshaping the Debtors' business to reflect their current and projected needs and resources. In sum, the Debtors have determined, in their sound business judgment, that the assumption, assumption and assignment (including any amendments to the underlying agreements in connection therewith), and rejection (including the abandonment of any personal property in connection therewith) of any Contract or Lease in accordance with the Procedures is and will be in the best interest of the Debtors' estates. The Debtors, therefore, respectfully request that the Court enter the Proposed Order authorizing and establishing the Procedures.

### C. The Debtors Should be Permitted To Amend Contracts and Leases in Connection with the Assumption Thereof

24. Similarly, in connection with assumptions of certain Contracts and Leases (including those that may ultimately be assigned), the Debtors and the affected Counterparty may decide to amend the underlying agreement. The Debtors believe that certain of these amendments may be in the ordinary course, since contracts are regularly amended by the parties thereto, and, accordingly, such amendments would be warranted under section 363(c) of the Bankruptcy Code. *See* 11 U.S.C. § 363(c)(1) (A debtor may "enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing."). Nevertheless, out of an abundance of caution, the Debtors submit that, should any such amendments be considered outside the ordinary course of business, they too should be approved under section 363(b) of the Bankruptcy Code if amended in accordance with the Procedures.

25. Section 363(b)(1) of the Bankruptcy Code empowers a court to allow a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Like the assumption and rejection of contracts, a debtor's decision to use, sell, or lease assets outside the ordinary course of business must be based upon the sound business judgment of the debtor. *See In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.").

26. Here, the consensual amendment of a Contract or Lease in connection with the assumption (and assignment) thereof would constitute an exercise of the Debtors' sound business judgment because such action would allow the Debtors to restructure the economic arrangement between the Debtors and the Counterparties, thereby reflecting the Debtors' current and projected

needs and resources. Accordingly, the Debtors respectfully submit any amendments made in accordance with the Procedures should be approved.

### D. *Nunc Pro Tunc* Relief is Appropriate

27. The Debtors submit that it is appropriate for the Court to authorize, but not direct nor require, the Debtors, through the Procedures, to deem the assumption, assumption and assignment, or rejection of a Contract or Lease effective *nunc pro tunc* to as early as the filing date of this Motion or such other date as agreed between the Debtors and the applicable Counterparty.

28. Section 365 of the Bankruptcy Code does not address when the assumption, assumption and assignment, or rejection ordered by the Court is deemed effective, nor does the Bankruptcy Code restrict courts from concluding that the effective date of the assumption, assumption and assignment, or rejection is the date of the requested relief. *See In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (noting that the bankruptcy court can approve a debtor's retroactive rejection of a lease); *In re Jamesway Corp.*, 179 B.R. 33, 37 (S.D.N.Y. 1995) (Section 365 of the Bankruptcy Code "does not state that rejection cannot be applied retroactively, or that there are restrictions as to the manner in which the court can approve rejection."); *In re CCI Wireless, LLC*, 297 B.R. 133, 138 (D. Colo. 2003) (noting that section 365 of the Bankruptcy Code "does not prohibit the bankruptcy court from allowing the rejection of [leases] to apply retroactively"). However, courts, including those in this district, have held that a bankruptcy court may exercise its equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a) of the Bankruptcy Code. *See In re Romacorp, Inc.*, No. 05-86818-BJH-11, 2006 WL 6544088, at *3 (Bankr. N.D. Tex. Feb. 2, 2006) ("[T]his Court has determined that, in certain circumstances, 'nothing precludes [the Court] based on the equities of the case, from approving . . . rejection of a non-residential real property lease retroactively to an earlier date.'") (citation omitted); *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr.

N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. at 827 (authorizing rejection of unexpired lease retroactively as of the petition date); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) ("[T]he court's power to grant retroactive relief is derived from the bankruptcy court's equitable powers so long as it promotes the purposes of § 365(a).").

29. Here, retroactive relief, especially for rejection, is essential because the Contracts or Leases being rejected are draining value from the Debtors' estates each day they remain in effect. Requiring the Debtors to maintain such Contracts and Leases and pay for the attendant premises, goods, or services would needlessly hinder and limit the recoveries for the Debtors' creditors, particularly if the Debtors do not need such premises, goods, or services. Accordingly, the Debtors contend that it is in the best interests of the Debtors, their estates, and their stakeholders for the Court to allow the Debtors, through the Procedures, to deem a prior date as the effective date for assumption, assumption and assignment, or rejection.

E. **Abandonment of Certain Personal Property in Connection with the Rejected Contracts and Leases is in the Best Interests of the Debtors, their Estates, and All Parties In Interest**

30. Section 554(a) of the Bankruptcy Code provides that a debtor in possession "[a]fter notice and a hearing . . . may abandon any property of the estate that . . . is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). When rejecting a Contract or Lease, it may be more economically sound for the Debtors to abandon certain personal property (*e.g.*, fixtures, goods, parts, components, materials, supplies, tools, service equipment) than it would for the Debtors to incur costs relating to retrieving and selling such assets outright, especially when considering the

expenses ancillary to such sale efforts (*e.g.*, interim storage, shipping, marketing). Subject to applicable law,[8] the Debtors would not abandon personal property unless, in the Debtors' reasonable business judgment, the sale of the asset would not generate enough net value for the Debtors' estates.

31. Bankruptcy Rule 6007 affords the Court discretion in limiting notice and the time for filing objections in connection with the abandonment of property. The Debtors submit that strict compliance with Bankruptcy Rule 6007(a) in connection with the abandonment of assets located on premises governed by a rejected Contract or Lease (*i.e.*, requiring notice be given to all creditors) would be unnecessarily expensive and time consuming and would not provide any incremental benefit to the Debtors' estates or creditors. Furthermore, the Debtors submit that the proposed deadline to file an objection to the abandonment of assets should be sufficient and should not otherwise prejudice the rights of any party in interest. Accordingly, the Debtors request that the Court limit notice and objection deadlines under Bankruptcy Rule 6007, as set forth in the Proposed Order, and otherwise approve the abandonment provisions set forth in the Rejection Procedures.

### Debtors' Reservation of Rights

32. Nothing contained herein or any actions taken pursuant to such relief requested is intended or should be construed as, or deemed to constitute, an agreement or admission as to the amount, priority, character, or validity of any claim against the Debtors on any grounds (whether under bankruptcy law or otherwise), a commitment or requirement to pay any claim, a waiver or

---

[8] The Debtors would not abandon personal property in contravention of applicable non-bankruptcy law, where the abandonment would pose an environmental hazard or where a serious risk to the public is likely to result. *See Midlantic Nat. Bank v. New Jersey Dep't of Env't Prot.*, 474 U.S. 494, 502 (1986) ("Neither the Court nor Congress has granted a trustee in bankruptcy powers that would lend support to a right to abandon property in contravention of state or local laws designed to protect public health or safety.").

impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  The Debtors expressly reserve their rights to contest any claims under applicable bankruptcy and non-bankruptcy law.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order (including in connection with any action taken by the Debtors in accordance with the Procedures) is not intended, and should not be construed, as an admission as to the amount, priority, character, or validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

### Compliance with Bankruptcy Rule 6004(a) and Waiver of Bankruptcy Rules 4001(a)(3), 6004(h), and 6006(d)

33. To implement successfully the relief sought herein, the Debtors request that the Court find that notice of the Motion is adequate under Bankruptcy Rule 6004(a) under the circumstances.  The Debtors also request that, to the extent applicable, the Court waive the stays imposed by (a) Bankruptcy Rule 4001(a)(3), which provides that "[a]n order granting a motion for relief from an automatic stay . . . is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise," Fed. R. Bankr. P. 4001(a)(3), (b) Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise," Fed. R. Bankr. P. 6004(h), and (c) Bankruptcy Rule 6006(d), which provides that an "order authorizing the trustee to assign an executory contract or unexpired lease under section 365(f) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6006(d).

34. The Debtors have already commenced the process of analyzing their Contracts and Leases to maximize value for their estates and stakeholders. Accordingly, the Debtors request that the Order and any order authorizing the assumption, assumption and assignment, and rejection of any Contract or Lease be effective immediately upon entry and that the 14-day stays imposed by Bankruptcy Rules 4001(a)(3), 6004(h), and 6006(d) be waived.

## Notice

35. Notice of this Motion will be provided to the following parties: (a) the U.S. Trustee; (b) DLA Piper LLP (US), as proposed counsel to the Committee; (c) the Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g) Ropes & Gray LLP, as counsel to the agent under, and an ad hoc group of lenders of, the Debtors' prepetition term loan; (h) Skadden, Arps, Slate, Meagher & Flom LLP, as counsel to the administrative agent under the Debtors' prepetition asset-based lending facility; (i) Kramer Levin Naftalis & Frankel LLP, as counsel to Cornell Capital; and (j) any party identified in section E of the *Procedures for Complex Cases In the Southern District of Texas* (the "**Complex Procedures**") (collectively, the "**Notice Parties**"). A copy of this Motion and the Order approving it will also be made available on the Debtors' case information website located at https://dm.epiq11.com/InstantBrands. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   July 21, 2023
            Houston, Texas

> HAYNES AND BOONE, LLP
>
> /s/ *Charles A. Beckham, Jr.*
> Charles A. Beckham, Jr. (TX Bar No. 02016600)
> Arsalan Muhammad (TX Bar No. 24074771)
> David A. Trausch (TX Bar No. 24113513)
> 1221 McKinney Street, Suite 4000
> Houston, Texas 77010
> Tel.:   (713) 547-2000
> Email: charles.beckham@haynesboone.com
>            arsalan.muhammad@haynesboone.com
>            david.trausch@haynesboone.com
>
> -*and*-
>
> DAVIS POLK & WARDWELL LLP
>
> Brian M. Resnick (admitted *pro hac vice*)
> Steven Z. Szanzer (admitted *pro hac vice*)
> Joanna McDonald (admitted *pro hac vice*)
> 450 Lexington Avenue
> New York, New York 10017
> Tel.:   (212) 450-4000
> Email: brian.resnick@davispolk.com
>            steven.szanzer@davispolk.com
>            joanna.mcdonald@davispolk.com
>
> *Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Service**

      I certify that, on July 21, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

      */s/ Charles A. Beckham, Jr.*
      Charles A. Beckham, Jr.