**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | **Case No. 23-90716 (DRJ)** |
| **HOLDINGS INC.,** *et al.*, | § | |
| | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS OF**
**CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within 21 days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within 21 days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **Represented parties should act through their attorney.**

Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file this *Debtors' Motion For Entry of an Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (this "**Motion**"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

**Relief Requested**

1.       By this Motion, and pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2002, 3001, 3003, and 9008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rule 3003-1 of the Bankruptcy Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "**Local Rules**"), and section M of the *Procedures for Complex Cases In the Southern District of Texas* (the "**Complex Procedures**"), the Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**" and, if entered, the "**Order**"),

(a)       establishing the following deadlines (collectively, the "**Bar Dates**") for filing proofs of claim ("**Proofs of Claim**") in the Chapter 11 Cases:[2]

(i)       **4:00 p.m. (prevailing Central Time) on the date that is 30 days from the completion of service of the Bar Date Notice (as defined below), which will occur promptly following the later of entry of the Proposed Order and the filing of the Schedules and Statements** (the "**Service Date**"),[3] as the date by which all persons or other entities holding prepetition claims against any of the Debtors must file a Proof of Claim on account of such claims (the "**General Bar Date**"), including claims for rights to payment arising on account of any federal or state statutory trusts, secured claims, unsecured priority claims (*e.g.*, claims entitled to priority under sections 503(b)(9) and 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured non-priority claims, unless they are subject to an Exception (as defined in the Proposed Order) or a different Bar Date;

(ii)      **4:00 p.m. (prevailing Central Time) on Monday, December 11, 2023**, as the date by which all governmental units holding prepetition claims against any of the Debtors must file a Proof of Claim on account of such claims (unless they are subject to an Exception) in the Chapter 11 Cases (the "**Governmental Bar Date**");

---

[2]  The terms "claim," "entity," "governmental unit," and "person" shall have the meanings ascribed to such terms in the Bankruptcy Code.

[3]   The Debtors are aware that the Court generally prefers setting actual dates and establishing specific deadlines that are not uncertain nor require calculation.  *See* Hr'g Tr. at 75:25–76:6 [Docket No. 163].  Here, the Debtors would only cause the population, service, and publication of the Bar Date Notice once the Court enters the Proposed Order and the Debtors file their Schedules and Statements.  As such, the Bar Date Notice would include the precise date that is 30 days from the Service Date (subject to Bankruptcy Rule 9006(a)) and, as such, the Debtors respectfully submit that the form of Bar Date Notice should addresses the Court's preference.

(iii)     if, on or after the Service Date, a Debtor amends its schedules of assets and liabilities (the "**Schedules**") to (A) reduce the undisputed, noncontingent, and liquidated amount of any claim listed therein, (B) change the amount, nature, or classification of a claim against the Debtor reflected in its Schedules, or (C) remove a claim from its Schedules, each affected creditor would have the opportunity to file a Proof of Claim, or amend any previously-filed Proof of Claim, in respect of the amended or removed scheduled claim **up until the later of (Y) the General Bar Date or the Governmental Bar Date, as applicable, and (Z) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date on which a Debtor provides notice of such amendment to the affected creditor** (together, the "**Amended Schedules Bar Date**"); and

(iv)     except as set forth in any Court order authorizing the rejection of an executory contract or unexpired lease, including any order entered granting the *Debtors' Motion For Entry of an Order Approving Procedures To Assume, Assume and Assign, or Reject Executory Contracts and Unexpired Leases* [Docket No. 285] (any order approving such motion, the "**Rejection Procedures Order**"), the deadline to file a Proof of Claim on account of a Debtor's rejection of an executory contract or unexpired lease shall be **the later of (A) the General Bar Date or the Governmental Bar Date, as applicable, and (B) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date that the Debtors provide notice of the Court's entry of an order authorizing such rejection to the affected contract or lease counterparty** (together, the "**Rejection Damages Bar Date**");

(b)     approving the manner of filing Proofs of Claim, certain procedures in connection therewith, and the Proof of Claim form attached to the Proposed Order as <u>Exhibit A</u> (together with any accompanying documentation required by Bankruptcy Rules 3001(c) or 3001(d) or the Order, the "**Proof of Claim Form**"[4]); and

(c)     approving the proposed form and manner of notice of the Bar Dates and the procedures for filing Proofs of Claim in the Chapter 11 Cases by the following:

(i)     serving the notice substantially in the form attached to the Proposed Order as <u>Exhibit B</u> (the "**Bar Date Notice**") on all known persons and entities holding potential prepetition claims against any of the Debtors or their estates; and

---

[4] For the avoidance of doubt, an Electronic Proof of Claim submitted through the Claims Agent's Claims Portal (each as defined herein) shall be deemed a Proof of Claim Form, so long as it includes all of the information otherwise required in the Proof of Claim Form. Similarly, Proofs of Claim that properly use Official Bankruptcy Form 410 shall also be deemed a Proof of Claim Form.

      (ii)     publishing the notice substantially in the form attached to the Proposed Order as <u>Exhibit C</u> (the "**Publication Notice**") as further set forth herein.[5]

## Jurisdiction, Venue, and Authority

2.      The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.).

3.      This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4.      Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

### A.    General Background

5.      On June 12, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors remain in possession of their property and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[5] The Proposed Order and the exhibits attached thereto are incorporated herein by reference.

6.      The Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 40] entered by the Court on June 13, 2023 in each of the Chapter 11 Cases.

7.      On June 13, 2023, the Court entered the *Order Extending Time To File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, (IV) Statements of Financial Affairs, and (V) Bankruptcy Rule 2015.3 Financial Reports* [Docket No. 83] (the "**Extension Order**") granting the Debtors an extension of the deadlines to file their (a) (i) schedules of assets and liabilities, (ii) schedules of current income and expenditures, (iii) schedules of executory contracts and unexpired leases, and (iv) statements of financial affairs (collectively, the "**Schedules and Statements**") to August 10, 2023 and (b)  initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest, as required under Bankruptcy Rule 2015.3 (the "**2015.3 Reports**"), to August 3, 2023.  On August 3, 2023, the Debtors filed the Initial Periodic Report Pursuant to Bankruptcy Rule 2015.3 [Docket No. 323]. On August 4, 2023, in accordance with paragraph 4 of the Extension Order, the Debtors filed the *Notice of Extension of Time To File (I) Schedules of Assets and Liabilities, (II) Schedules of Current Income and Expenditures, (III) Schedules of Executory Contracts and Unexpired Leases, and (IV) Statements of Financial Affairs* [Docket No. 329], which provided that the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") consented to an 18-day further extension (to August 28, 2023) of the deadline by when the Debtors must file their Schedules and Statements.

8.      On June 15, 2023, the Ontario Superior Court of Justice (Commercial List) issued an order recognizing the Chapter 11 Cases as foreign main proceedings.  *See In Re Instant Brands Inc.* (15 June 2023), Toronto, Ont Sup Ct CV-23-00701154-000CL (Initial Recognition Order).

9.      On June 27, 2023, U.S. Trustee appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.  *See United States Trustee's Notice of Appointment of Committee of Unsecured Creditors* [Docket No. 177].  No trustee or examiner has been appointed in the Chapter 11 Cases.

10.     On July 20, 2023 at 10:00 a.m. (prevailing Central Time), the U.S. Trustee conducted telephonically an initial meeting of creditors, pursuant to section 341(a) of the Bankruptcy Code (a "**341 Meeting**").  *See* Docket No. 151.  The U.S. Trustee continued the 341 Meeting until August 31, 2023 at 10:00 a.m. (prevailing Central Time).  *See* Docket No. 277.

11.     Information about the Debtors' businesses and affairs, capital structure, and prepetition indebtedness, and the events leading up to the Petition Date, can be found in the *Declaration of Adam Hollerbach as Chief Restructuring Officer of the Debtors in Support of Debtors' Chapter 11 Proceedings and First Day Pleadings* [Docket No. 39], which is incorporated herein by reference.

**B.      The Bar Dates and Manner and Procedures for Filing Proofs of Claim**

12.     The Debtors seek to establish the Bar Dates to determine what prepetition claims may be asserted against any of the Debtors in addition to, or different from, those listed on the Schedules.  The Debtors require complete and accurate information regarding the nature, validity, amount, and status of all prepetition claims against any of the Debtors that will be asserted in the Chapter 11 Cases so that the Debtors have a full understanding of all claims that may affect the Debtors' restructuring efforts, and to ensure that all parties entitled to notice and solicitation of any chapter 11 plan receive proper notice.  For these reasons, the Bar Dates and the form and

manner of notice proposed in this Motion are appropriate and should be approved.  Nevertheless, the Debtors request that they be permitted (but not required) to agree in writing (email being sufficient), without further order of the Court, to extend the General Bar Date on behalf of a requesting claimant.

*Parties Required To File Proofs of Claim*

13.     The Proposed Order provides that, unless subject to an Exception, each person or other entity (including each individual, partnership, corporation, estate, trust, or governmental unit) asserting a prepetition claim against one or more of the Debtors is required to file a separate Proof of Claim in the Chapter 11 Case of each Debtor against whom such claim is asserted; *provided,* that the Debtors may agree in writing (email being sufficient), without further order of the Court, to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor if such Proof of Claim clearly identifies each Debtor and its corresponding liability.  Each Proof of Claim must substantially comply with the Proof of Claim Form, including by attaching any supporting documentation thereto.  In addition, any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (a) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (b) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted, and (c) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

*Approved Methods for Filing Proofs of Claim*

14.     All Proofs of Claim must be filed in the form of a Proof of Claim Form and actually filed or received by the Debtors' claims and administrative agent, Epiq Corporate Restructuring, LLC (the "**Claims Agent**"), by the applicable Bar Date.  Unless otherwise agreed by the Debtors

7

in writing (email being sufficient), Proofs of Claim can only be filed on or prior to the applicable

Bar Date in one of the following methods (the "**Approved Methods**"): (a) by completing an

electronic Proof of Claim Form (an "**Electronic Proof of Claim**") available online under the link

entitled "File a Claim" (the "**Claims Portal**") on the Debtors' case information website,

https://dm.epiq11.com/InstantBrands (the "**Case Information Website**"), maintained by the

Claims Agent; (b) by electronic submission on the Court's Public Access to Court Electronic

Records ("**PACER**") platform, located at http://ecf.txsb.uscourts.gov, or (c) by delivering an

original, signed Proof of Claim Form directly to the Claims Agent as follows[6]:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Instant Brands Acquisition Holdings Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4419 Beaverton, OR 97076-4419 | Instant Brands Acquisition Holdings Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

15.     Absent written consent of the Debtors or their counsel (email being sufficient),

Proofs of Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their

counsel, or the Claims Agent (in a manner inconsistent with the foregoing) *will not* be accepted or

deemed filed until submitted in one of the Approved Methods set forth above.

*The Proof of Claim Form*

16.     With the assistance of the Claims Agent, the Debtors propose to provide each of

the creditors listed on the Schedules with the Proof of Claim Form attached to the Proposed Order

as Exhibit A, which, although based on Official Form 410, may be modified to include certain

information and to indicate how the Debtors have scheduled a creditor's claim in the Schedules,

---

[6] If a claimant wishes to receive acknowledgement of the Claims Agent's receipt of a Proof of Claim Form filed in this manner, the claimant must also submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original Proof of Claim Form a copy of the original Proof of Claim Form and a self-addressed, stamped return envelope.

including (a) the identity of the Debtor against which the creditor's claim is scheduled, (b) the amount of the scheduled claim, (c) whether the claim is listed as contingent, unliquidated, or disputed, and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.   If a creditor disagrees with information specific to its claim (*e.g.*, amount, characterization, responsible Debtor) set forth on the Schedules or the Proof of Claim Form received from the Debtors, the creditor must timely file a Proof of Claim Form utilizing an Approved Method along with the requisite information needed for consideration.   For the avoidance of doubt, if a creditor timely and properly files a Proof of Claim Form using an Approved Method for a claim already listed on the Schedules, or for which a Proof of Claim was already filed, the information in the last-filed Proof of Claim Form shall supersede the prior claims, whether or not the Proof of Claim Form includes information different from or additive to what is contained in the Schedules or the previously-filed Proof of Claim.

17.    The Debtors also maintain that, to the extent that a Proof of Claim (even if filed employing one of the Approved Methods) does not include the information required by Bankruptcy Rule 3001 or the Order, such Proof of Claim shall not constitute prima facie evidence of the nature, validity, or amount, of such claim; *provided*, that, if such documentation is voluminous, upon prior written consent of the Debtors' counsel (email being sufficient), such Proof of Claim Form may include a summary of such documentation or an explanation as to why such documentation is not available; *provided, further*, that if the applicable documentation has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the Proof of Claim.  *See* Fed. R. Bankr. P. 3001(c)(1).

*Claims Filed Against Multiple Debtors or Against the Lead Debtor*

18.     The Debtors propose that any person or other entity asserting Proofs of Claim against more than one of the Debtors be required to file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which its claims are asserted.  Requiring parties to identify the Debtor against which a claim is asserted would greatly expedite the Debtors' review of Proofs of Claim in the Chapter 11 Cases and would not be unduly burdensome on claimants.  The Debtors also propose that any claim filed under the lead case of the Chapter 11 Cases (Instant Brands Acquisition Holdings Inc., *et al.*, Case No. 23-90716 (DRJ)), which is merely a holding company, or otherwise without identifying a Debtor or identifying multiple Debtors, in each case shall be deemed as filed only against (a) Instant Brands LLC, the Debtors' U.S. operating company, for U.S.-based claimants or claims arising from U.S.-centric business dealings or (b) Instant Brands Inc., the Debtors' Canadian operating company, for Canada-based claimants or claims arising from Canada-centric business dealings.  Absent this relief, the Debtors may be required to file claim objections for each such claim on an individualized basis just to rectify or reconcile what appears as a mere oversight or to work with each individual claimant to consensually amend claims deficient in this regard.  Either way, it would require the Debtors to needlessly expend their limited resources, to the detriment of all stakeholders in the Chapter 11 Cases, and, in the former scenario, would also be incredibly burdensome for the Court and its staff.

*Effect of Failure To File Proof of Claim*

19.     The Debtors propose that, pursuant to Bankruptcy Rule 3003(c)(2), any person or other entity that is required to file a Proof of Claim in the form and manner specified in the Order and who fails to properly do so prior to the applicable Bar Date (a) shall be forever barred,

estopped, and enjoined from asserting such claim against any of the Debtors or thereafter filing a Proof of Claim with respect thereto in the Chapter 11 Cases, (b) shall not, with respect to such claim, be treated as a creditor of any of the Debtors for the purpose of voting on any plan (if otherwise eligible) in the Chapter 11 Cases, and (c) shall not receive or be entitled to receive any payment or distribution of property from any of the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.  Furthermore, such claim would remain subject to discharge under any chapter 11 plan filed in the Chapter 11 Cases, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of such chapter 11 plan.

C.  **Proposed Form and Manner for Providing Notice of the Bar Dates and Procedures for Filing Proofs of Claim**

20.     The Proposed Order also contains proposed procedures to govern the form and manner for serving and providing notice (whether initial or supplemental) of the Bar Dates and the procedures related to filing Proofs of Claim in the Chapter 11 Cases, including the use of the Bar Date Notice and the Proof of Claim Form (collectively, the "**Bar Date Package**") and for publishing the Publication Notice in the national edition of *USA Today* or another publication with similar national circulation.  The Debtors submit that the Bar Date Package and the Publication Notice would provide creditors with sufficient information to file properly prepared and executed Proofs of Claim in a timely manner to the extent that they elect or are required to do so.

### Basis for Relief

A.  **The Court Should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in the Chapter 11 Cases**

21.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed," Fed. R. Bankr.

P. 3003(c)(3).  However, neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules[7]

specify a time by which proofs of claim must be filed in the Chapter 11 Cases.

22.     A claims bar date allows the Debtors and parties in interest to expeditiously

determine and evaluate the liabilities of the Debtors' estates.  The claims bar date furthers the "two

recognized policies underlying Chapter 11, of preserving [a debtor's going concern] and

maximizing property available to satisfy creditors."  *Bank of America Nat'l Tr. & Sav. Assoc. v.*

*203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999) (citation omitted).  The absence of such a

deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred

by the Debtors in connection with the claims reconciliation process, and delay or even derail such

process entirely, thus, undercutting "a chief purpose" of bankruptcy law—"to secure a prompt and

effectual resolution of bankruptcy cases within a limited period."  *Taggart v. Lorenzen*, 139 S. Ct.

1795, 1803 (2019) (cleaned up).

23.     Moreover, section 105(a) of the Bankruptcy Code confers the Court with broad

equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry

out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, the Court has expansive equitable

powers to fashion any order or decree that is in the interest of preserving or protecting the value

of the Debtors' assets.  *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that

"[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re*

---

[7] Section M of the Complex Procedures states that "*[u]nless a different date is ordered by the Court*, the bar date for the filing of proofs of claim and proofs of interest is (i) 180 days after the petition date for governmental units; and (ii) for all other entities, 90 days after the first date set for the [341 Meeting]."  Complex Procedures, § M (emphasis added); *see also* 11 U.S.C. § 502(b)(9) (same with respect to governmental units); BLR 3003-1 (same with regards to all other entities).  However, in the *Order (I) Authorizing Debtors To (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identifying Information and (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information* [Docket No. 87], the Court approved the form of the Debtors' *Notice of Chapter 11 Bankruptcy Case* [Docket No. 151], which provided that no deadline has been set for filing proofs of claim, thereby, at least arguably, overriding the applicable provisions of the Complex Procedures.  Accordingly, and to remove all doubt, the Debtors hereby seek entry of the Proposed Order to establish or provide clarity with respect to each of the Bar Dates.

*Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (citations omitted).

24.     The proposed Bar Dates would provide certainty to and promote efficiency in the Chapter 11 Cases.  Specifically, the Debtors request that the Court establish 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the Service Date as the General Bar Date.  Provided that the Court grants the relief requested herein, the Debtors believe that they would be able to complete service of the Bar Date Notice promptly following the Service Date.  Doing so would afford parties in interest at least 30 days' notice of the General Bar Date and provide all potential claimants sufficient time to file Proofs of Claim in accordance with the proposed procedures.  The General Bar Date would apply to all persons or other entities holding claims against one or more of the Debtors that arose or are deemed to have arisen prior to the Petition Date that are not otherwise subject to an Exception or different Bar Date.  Similarly, the Debtors' proposed

Governmental Bar Date of 4:00 p.m. (prevailing Central Time) on Monday, December 11, 2023

is in line with section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 9006(a).[8]

25.     The Debtors' proposed procedures provide clear instructions for filing and

submitting Proofs of Claim, thereby avoiding confusion or uncertainty that might result in creditors

filing unnecessary protective Proofs of Claim or multiple Proofs of Claim, which in turn would

cause expense and delay in the claims reconciliation process for all parties.   The proposed

procedures comply with the Bankruptcy Code and Bankruptcy Rules, provide the Debtors with

flexibility if the need for supplemental bar dates arise or if a creditor's claim arises or changes

during the Chapter 11 Cases (for example, if a contract is rejected or the Schedules are amended),

and are designed to achieve administrative and judicial efficiency.   Indeed, the proposed

procedures would both provide comprehensive notice and clear instructions to creditors, as well

as  allow the Chapter 11 Cases to move forward quickly with a minimum of administrative expense

and delay.

**B.     The Proposed Notice Procedures Are Reasonable and Appropriate**

26.     Consistent with applicable case law and practice in this district, the Debtors submit

that the Bar Date Package and the Publication Notice would provide creditors, whether known or

unknown, with sufficient information to file properly prepared and executed Proofs of Claim in a

timely manner.   "The level of notice required by the Due Process Clause depends on whether a

creditor is 'known' or 'unknown.'" *In re Placid Oil Co.*, 753 F.3d 151, 154 (5th Cir. 2014).  Aside

from actual knowledge, a creditor is considered "known" if its identity "can be discovered through

'reasonably diligent efforts,'" and the debtor has "some specific information that reasonably

suggests both the claim for which the debtor may be liable and the entity to whom [it] would be

---

[8] The 180th day after the Petition Date is Saturday, December 9, 2023.

liable." *Id.* at 154–55 (quoting *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 489–90 (1988); *In re Crystal Oil*, 158 F.3d 291, 297 (5th Cir. 1998)); *see also Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 n. 4 (1983); *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). If a creditor is considered "known," the debtor must provide them with actual notice in order to discharge their claims; "by contrast, the debtor need only provide 'unknown creditors' with constructive notice by publication . . . in a national newspaper." *In re Placid Oil Co.*, 753 F.3d at 154–55; *see also Mullane*, 339 U.S. at 317–18 ("[I]mpracticable and extended searches [for unknown parties] are not required in the name of due process.").

27.     The Debtors submit that the relief requested herein provides for clear notice of the Bar Dates in satisfaction of the requirements of the Bankruptcy Rules and the Complex Procedures, consistent with the underlying policies of the Bankruptcy Code, and in line with applicable case law and practice in this district. Through the process of completing the Schedules, the Debtors will have identified those persons or other entities who may be claimants in the Chapter 11 Cases and will send those entities a Bar Date Package (to the extent that their current contact information is known). For everyone else, *i.e.*, "unknown creditors," the Publication Notice contains sufficient information about the Bar Dates and the claims filing process and will be published in accordance with the Fifth Circuit's ruling in *Crystal Oil* (recognizing that public notice is sufficient for "unknown creditors.").

28.     Taken together, the Debtors believe that the Bar Dates, procedures, and form and manner of notice proposed herein afford creditors ample opportunity to review the Schedules and file Proofs of Claim, while, at the same time, ensuring that the Debtors can achieve certainty with respect to their liabilities in a timely manner. In fact, courts in this jurisdiction routinely grant relief similar to that requested herein in large chapter 11 cases. *See, e.g.*, *In re Envision Healthcare*

*Corp.*, No. 23-90342 (CML) (Bankr. S.D. Tex. July 7, 2023) [Docket No. 973]; *In re Surgalign*

*Holdings, Inc.*, No. 23-90731 (CML) (Bankr. S.D. Tex. June 30, 2023) [Docket No. 130]; *In re*

*Lifesize, Inc.*, No. 23-50038 (DRJ) (Bankr. S.D. Tex. June 29, 2023) [Docket No. 162]; *In re*

*Athenex Inc.*, No. 23-90295 (DRJ) (Bankr. S.D. Tex. June 22, 2023) [Docket No. 81].

29.     Accordingly, the Debtors respectfully submit that the proposed form and manner

of providing notice of the Bar Dates, and the manner and procedures for filing Proofs of Claim,

are reasonable and appropriate in light of the circumstances, inure to the benefit of all parties in

interest, and should be approved.

## Debtors' Reservation of Rights

30.     Nothing contained herein is intended or should be construed as, or deemed to

constitute, an agreement or admission as to the amount, priority, character, or validity of any claim

against any of the Debtors on any grounds, a waiver or impairment of any of the Debtors' rights

to dispute any claim on any grounds, or an assumption or rejection of any agreement, contract, or

lease under section 365 of the Bankruptcy Code.  The Debtors expressly reserve their rights to

contest any Proofs of Claim on any grounds whatsoever.  The Debtors further reserve the right to

(a) dispute, or assert offsets or defenses against, any filed claim or any claims listed or reflected in

the Schedules as to the nature, amount, liability, characterization, or otherwise, (b) subsequently

designate any claim as disputed, contingent, or unliquidated, or otherwise amend the Schedules,

and (c) seek further extensions of the deadlines by when the Schedules and Statements must be

filed.

## Notice

31.     Notice of this Motion will be provided to the following parties:  (a) the U.S.

Trustee; (b) DLA Piper LLP (US), as proposed counsel to the Committee; (c) the Securities and

Exchange Commission; (d) the Internal Revenue Service; (e) the United States Attorney's Office

for the Southern District of Texas; (f) the state attorneys general for states in which the Debtors conduct business; (g)  Ropes & Gray LLP, as counsel to the agent under, and an ad hoc group of lenders of, the Debtors' prepetition term loan; (h) Skadden, Arps, Slate, Meagher & Flom LLP, as counsel to the ABL DIP Agent; (i) Kramer Levin Naftalis & Frankel LLP, as counsel to Cornell Capital; and (j) any party identified in section E of the Complex Procedures (collectively, the "**Notice Parties**").  A copy of this Motion and the Order approving it will also be made available on the Case Information Website.  Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no other or further notice is required.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated:   August 14, 2023
         Houston, Texas

HAYNES AND BOONE, LLP

*/s/ Charles A. Beckham, Jr.*

Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
David A. Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel.:   (713) 547-2000
Email: charles.beckham@haynesboone.com
        arsalan.muhammad@haynesboone.com
        david.trausch@haynesboone.com

*-and-*
DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Steven Z. Szanzer (admitted *pro hac vice*)
Joanna McDonald (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.:   (212) 450-4000
Email: brian.resnick@davispolk.com
        steven.szanzer@davispolk.com
        joanna.mcdonald@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

18

**<u>Certificate of Service</u>**

  I certify that, on August 14, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr.
