**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| <u>In re</u> ) | Chapter 11 |
| ) | |
| **Instant Brands Acquisition Holdings Inc.,** ) | **Case No 23-90716 (DRJ)** |
| **Debtors.** ) | **(Jointly Administered)** |
| ) | |

## SCHEDULES OF ASSETS AND LIABILITIES FOR

**Instant Brands Inc.**

**Case No: 23-90727 (DRJ)**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | **Case No. 23-90716 (DRJ)** |
| **HOLDINGS INC.,** *et al.*, [1] | § | |
| | § | |
| **Debtors.** | § | **Jointly Administered** |
| | § | |

**GLOBAL NOTES AND STATEMENTS OF LIMITATION, METHODOLOGY, AND
DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND
LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

The schedules of assets and liabilities (collectively, as may be amended from time to time, the "**Schedules**") and the statements of financial affairs (collectively, as may be amended from time to time, the "**Statements**" and, together with the Schedules, the "**Schedules and Statements**") filed by Instant Brands Acquisition Holdings Inc. ("**Instant Brands**" or the "**Company**") and certain of its affiliates (the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") pending in the United States Bankruptcy Court for the Southern District of Texas Houston Division (the "**Bankruptcy Court**"), were prepared, pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), by management of the Debtors, with the assistance of the Debtors' advisors.

Although the Debtors' management made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances and based on information available at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors, inaccuracies, or omissions may have occurred or may occur in the future.

The Schedules and Statements are unaudited and subject to potential material adjustment. Because the Schedules and Statements contain unaudited information and remain subject to further review, verification, and potential material adjustment, there can be no assurance that these Schedules and Statements are complete or accurate. Nothing contained in the Schedules and Statements shall constitute a waiver of any right of the Debtors, and the Debtors reserve all rights

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including, the right to dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, priority, character, or validity, to amend the Debtor against which such claim should be asserted, or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

The Schedules and Statements have been signed by Adam Hollerbach, Chief Restructuring Officer of the Debtors. Accordingly, in reviewing and signing the Schedules and Statements, Mr. Hollerbach necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and professionals. Mr. Hollerbach has not (and could not have) personally verified the accuracy of each such statement and representation, including, statements and representations concerning amounts owed to creditors, classification of such amounts, and their addresses. No Debtor nor any officer, employee, agent, attorney, financial, or other advisor shall be liable for any loss or injury arising out of or caused in whole or in part by the acts or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained in the Schedules and Statements. Except as expressly required by the Bankruptcy Code, the Debtors, their officers, employees, agents, attorneys, and financial and other advisors expressly do not undertake any obligation to update, modify, revise, or recategorize any information provided in the Schedules and Statements or to notify any third party should the information be updated, modified, revised, or recategorized. The Debtors, on behalf of themselves, their officers, employees, agents, attorneys, and financial and other advisors disclaim any liability to any third party arising out of or related to the information contained in the Schedules and Statements and reserve all rights with respect thereto.

The Schedules and Statements and Global Notes (as defined below) should not be relied upon by any persons for information relating to current or future financial conditions, events, or performances of the Debtors or any of their non-Debtor affiliates.

These Global Notes and Statements of Limitation, Methodology, and Disclaimers Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "**Global Notes**") are incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.[2]

**Description of the Cases and Reporting Date**

On June 12, 2023, (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under the Bankruptcy Code before the Bankruptcy Court. The Debtors remain in possession of their property and continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Chapter 11 Cases are being jointly

---

[2] These Global Notes supplement and are in addition to any specific notes contained in each Debtor's Schedules or Statements. The fact that the Debtors have prepared a Global Note with respect to any Debtor's individual Schedules and Statements and not to those of another should not be interpreted as a decision by the Debtors to exclude the applicability of such Global Note to any other Debtor's Schedules and Statements, as appropriate. Disclosure of information in one Schedule, one Statement, or an exhibit or attachment to a Schedule or Statement, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, Statement, exhibit, or attachment.

administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Chapter 11 Cases* [Docket No. 40] entered by the Bankruptcy Court on June 13, 2023 in each of the Chapter 11 Cases.  On June 27, 2023, the Office of the United States Trustee for the Southern District of Texas appointed an Official Committee of Unsecured Creditors (the "**Committee**") pursuant to section 1102 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Chapter 11 Cases.  Additional information about these Chapter 11 Cases, court filings, and claims information is available on the Debtors' case information website located at https://dm.epiq11.com/InstantBrands.

The asset and liability information provided in the Schedules and Statements, except as otherwise noted, represents the asset and liability data of the Debtors as of May 31, 2023 (the "**Reporting Date**").

## Basis of Presentation

The Company is the sole owner of Instant Brands Acquisition Intermediate Holdings Inc., which is the sole owner of Instant Brands Holdings Inc.  Instant Brands Holdings Inc. is the direct or indirect parent of all the other Debtors in the Chapter 11 Cases as well as other non-Debtor affiliates.  Its consolidated financial statements are audited annually.  Combining the assets and liabilities set forth in the Debtors' Schedules and Statements would result in amounts that would be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("**GAAP**").  Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP nor are they intended to fully reconcile to the consolidated financial statements prepared by the Debtors.  Unlike the consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of each separate Debtor, except where otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records.  The information presented has been reported in these Schedules and Statements in the good faith belief the information provided is responsive and accurate.

Moreover, given, among other things, the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, to the extent a Debtor shows more assets than liabilities, it is not an admission that such Debtor was solvent as of the Petition Date or at any time prior thereto.  Likewise, to the extent a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent as of the Petition Date or any time prior thereto.

## Amendment

While reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time as is deemed necessary or appropriate.

3

## General Disclosures Applicable to Schedules and Statements

1.      **Causes of Action**.  Despite their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements.  Each Debtor reserves all of its rights with respect to any claims or causes of action (including avoidance actions), controversy, right of setoff, crossclaim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, whether arising before, on, or after the Petition Date, in contract or in tort, in law, or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

2.      **Recharacterization**.  The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements.  However, the Debtors may have improperly characterized, classified, categorized, designated, added, or omitted certain items.  The Debtors reserve all of their rights to recharacterize, reclassify, recategorize, redesignate, add, or delete items reported in the Schedules and Statements at a later time as deemed necessary or appropriate, including, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.

3.      **Claim Designations**.  Each Debtor reserves all of its rights to dispute, and to assert setoff rights, counterclaims, crossclaims, and defenses to any claim reflected on the Schedules or Statements on any grounds, including with respect to amount, priority, character, or validity, and to otherwise subsequently designate any claim as "undetermined," "unknown," "disputed," "contingent," or "unliquidated."

4.      **Unliquidated Claim Amounts**.  Claim amounts that could not be readily quantified by the Debtors are scheduled as "unliquidated."

5.      **Undetermined Amounts**.  The description of an amount as "undetermined," "unknown," "disputed," "contingent," or "unliquidated" is not intended to reflect upon the materiality of such amount.

6.      **Court Orders**.  Pursuant to certain interim and final "first day" orders entered by the Bankruptcy Court (the "**First Day Orders**"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, insurance related obligations, critical vendors, and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such orders and therefore generally are not listed in the Schedules and Statements.  Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to an order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend or supplement their Schedules and Statements or

4

object to scheduled amounts or proofs of claim as deemed necessary or appropriate. Nothing herein shall be deemed to alter the rights of any party in interest to contest a payment made pursuant to a First Day Order that preserves the right to dispute any amounts required to be paid to satisfy prepetition claims.

7. **Valuation**. In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations of all of their assets. Accordingly, unless otherwise indicated, net book values as of the Reporting Date are reflected on the Schedules and Statements. Exceptions to this include operating cash, cash equivalents, and certain other assets. Operating cash is presented as bank balances as of the Petition Date. Certain other assets, such as investments in subsidiaries, goodwill, and other intangible assets, are listed as undetermined amounts, as the net book values may vary materially from fair market values. Amounts ultimately realized may vary from net book value (or other value so ascribed) and such variance may be material. Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the value of each asset set forth herein. In addition, the amounts shown for total liabilities exclude items identified as "unknown" or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

8. **Liabilities.** The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and post-petition periods may change, and such changes may be material. The Debtors reserve the right to amend the Schedules and Statements or object to scheduled amounts or proofs of claim as they deem appropriate in this regard.

9. **Excluded Assets and Liabilities**. The Debtors believe that they have identified, but did not necessarily value, all material categories of assets and liabilities in the Schedules and Statements. The Debtors have excluded certain tax accruals and liabilities from the Schedules and Statements, including accrued salaries, employee benefit accruals, paid time off, accounts payable credit balances, and deferred gains. The Debtors also have excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial assets and liabilities may have been excluded.

10. **Contingent Assets**. The Debtors may possess certain claims and causes of action against various parties. The Debtors may also possess contingent claims in the form of various avoidance actions they could commence under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws. The Debtors, despite reasonable efforts, may not have set forth all such causes of action against third parties as assets in their Schedules and Statements. The Debtors reserve all of their rights with respect to any claims, causes of action, or avoidance actions they may have and nothing contained in these Global Notes or the Schedules and Statements shall be deemed a waiver of any such claims, avoidance actions, or causes of action, or shall in any way prejudice or impair the assertion of such claims.

Additionally, prior to the Petition Date, certain Debtors, as plaintiff, may have commenced various lawsuits in the ordinary course of its business against third parties seeking monetary damages.

11.     **Intercompany Accounts**.  The Debtors maintain intercompany accounts in their books and records that record the rendering of services or transfers of cash or other assets between affiliates of the Company.  Although reasonable efforts have been made to attribute these transactions to the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to attribute such transactions and the resulting receivables and payables balances, to a different legal entity, as is deemed necessary or appropriate.  Intercompany accounts are reported based on the net amount that is expected to be collected or payable by each Debtor entity, considering offsets of other intercompany accounts outstanding, as more fully summarized in the Debtors' Intercompany Matrix included in <u>Schedule E/F, Part 2, Sub-Schedule 3, Question 3</u>.  For additional information regarding the Debtors' intercompany transactions and related cash management protocols, please refer to the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing (A) Debtors to Continue to Maintain Existing Cash Management System, Bank Accounts, and Business Forms, (B) Debtors to Open and Close Bank Accounts, and (C) Financial Institutions to Administer the Bank Accounts and Honor and Process Related Checks and Transfers, (II) Waiving Deposit and Investment Requirements, (III) Allowing Intercompany Transactions and Affording Administrative Expense Priority to Post-Petition Intercompany Claims, and (IV) Authorizing Debtors to Continue Utilizing the C2FO Platform* [Docket No. 7] (the "**Cash Management Motion**").

Receivables and payables among the Debtors and between Debtors and non-Debtors (each an "**Intercompany Receivable**" or "**Intercompany Payable**") are reported in the Schedules based upon the gross intercompany balances.  To the extent that a Debtor owes an Intercompany Payable, it is reported on Schedule E/F as a liability of such Debtor.  To the extent that a Debtor has an Intercompany Receivable, it is reported on Schedule A/B as an asset of such Debtor.

12.     **Guarantees, Indemnifications, and Other Secondary Liability Claims**.  The Debtors have used reasonable efforts to locate and identify guarantees, indemnifications, and other secondary liability claims (collectively, "<u>**Guarantees**</u>") in their executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Where such Guarantees have been identified, they have been included in Schedule H for each Debtor affected by such Guarantees.  However, certain Guarantees embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements may have been inadvertently omitted.  The Debtors may identify additional guarantees as they continue their review of their books and records, executory contracts, unexpired leases, secured financing, debt instruments, and other such agreements, and will amend their Schedules and Statements as deemed appropriate or necessary.

13.     **Intellectual Property Rights**.  Exclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated or otherwise have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property should not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or

have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. The Debtors have used reasonable efforts to attribute intellectual property to the rightful Debtor owner, however, in some instances, intellectual property owned by one Debtor may, in fact, be owned by another Debtor or a non-Debtor.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all intellectual property rights.

14.     **Executory Contracts**.  The Debtors have not set forth all executory contracts as assets in the Schedules and Statements.  The Debtors' executory contracts have been set forth in Schedule G.  In addition, the businesses of the Debtors are complex.  The Debtors have used reasonable efforts to properly identify all executory contracts and unexpired leases, but inadvertent errors, omissions, or overinclusion may have occurred.

15.     **Estimates**.  To prepare and file the Schedules as close to the Petition Date as possible, management may have been required to make certain estimates and assumptions that affected the reported amounts of these assets and liabilities.  The Debtors reserve all rights to amend the reported amounts of assets and liabilities to reflect changes in those estimates or assumptions or not to amend them.

16.     **Fiscal Year**.  Each Debtor's fiscal year ends on December 31.

17.     **Currency**.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

18.     **Liens**.  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens that may attach (or have attached) to such inventories, property, and equipment, including any asserted mechanics', materialmen, or similar liens.  The Debtors reserve their right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor.

19.     **Property and Equipment**.  Unless otherwise indicated, owned property (including real property) and equipment are stated at net book value.  The Debtors may lease real estate, furniture, fixtures, goods, and equipment from certain third-party lessors or other Debtor entities. Any such leases are set forth in the Schedules and Statements.  Nothing in the Schedules and Statements is or should be construed as an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to same.

20.     **Claims of Third-Party Related Entities**.  While the Debtors have used reasonable efforts to properly classify each claim listed in the Schedules as being either determined or undetermined, disputed or undisputed, liquidated or unliquidated, and contingent or noncontingent, the Debtors have not been able to fully reconcile all payments made to certain third parties and their related entities on account of the Debtors' obligations to such parties.  Therefore, to the extent that a Debtor classified its estimate of claims of a creditor as disputed, all claims of such creditor's affiliates listed in the Schedules and Statements shall similarly be considered disputed, whether or not they are designated as such.

21.     **Interest in Subsidiaries and Affiliates**.  The Company is the sole owner of Instant Brands Acquisition Intermediate Holdings Inc., which is the sole owner of Instant Brands Holdings Inc.  Instant Brands Holdings Inc. owns directly or indirectly all of the equity interest in 29

subsidiaries and affiliates, comprised of 12 Debtors and 17 non-Debtor entities and branches. Interests in subsidiaries arise from stock ownership or ownership through a membership interest. Each Debtor's Schedule A/B 15 or Statement 25 schedules its ownership interests, if any, in subsidiaries and affiliates.  Assets such as investments in subsidiaries are listed as undetermined amounts as of the Petition Date because the book values may materially differ from fair market values.  Although reasonable efforts have been made to attribute interest in subsidiaries and affiliates to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such interest to a different legal entity, as deemed necessary or appropriate.

22.    **Umbrella or Master Agreements**.  Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements may have been listed in the Schedules and Statements of only the Debtor that signed the original umbrella or master agreement.

23.    **Other Paid Claims**.  To the extent the Debtors have reached any post-petition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements or any claims filed in connection therewith, and shall be enforceable by all parties, subject to Bankruptcy Court approval (if needed).  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, or not to amend or supplement or take other action, as deemed necessary or appropriate to avoid overpayment or duplicate payment for such liabilities.

24.    **Setoffs and Recoupment**.  The Debtors routinely take and are subject to setoffs with customers and vendors in the ordinary course of their business.  Setoffs in the ordinary course can occur in various forms including intercompany transactions and business dealings between companies, pricing discrepancies, returns, refunds, royalties, chargebacks, rebates, discounts, and disputes between the Debtors and their customers or vendors such that setoffs or recoupment may exist or be invoked.  These setoffs are consistent with the ordinary course of business in the Debtors' industry and can be voluminous, burdensome, and costly for the Debtors to regularly document.  Some amounts listed may have been affected by setoffs taken of which the Debtors are not yet aware.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights which may be asserted.  To the extent permitted by law or by the respective contract, the Debtors have set off certain assets and liabilities where they are expected, based on the Debtors' normal course of business, to be net settled.  These assets and liabilities are presented and reported in the net amount expected to be received or paid by the Debtors, as applicable.

25.    **Insiders**.  For purposes of the Schedules and Statements, the Debtors define "insiders" as (a) officers, directors, and anyone in control of a corporate debtor and their relatives and (b) affiliates of the Debtor and insiders of such affiliates.  Entities or persons (each as defined in section 101 of the Bankruptcy Code) listed as "insiders" have been included for informational purposes and their inclusion shall not constitute an admission that those entities or persons are insiders for purposes of section 101(31) of the Bankruptcy Code.  The listing of an entity or persona an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as

8

insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for any purpose, including to determine (a) control of any Debtor, (b) the extent to which any individual exercised management responsibilities or functions, (c) corporate decision-making authority over any Debtor, or (d) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability.  In addition, the Debtors used the best information available to them to determine the list of former directors and officers reflected in the Schedules and Statements, and reserve all rights to modify or amend such list.

26.     **Payments**.  The financial affairs and businesses of the Debtors are complex.  Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses (the "**Cash Management System**") (as described in the Cash Management Motion).  Although reasonable efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend the Schedules and Statements to attribute such payment to a different legal entity, as deemed necessary or appropriate.  Payments made are listed by the legal entity making such payment notwithstanding that many such payments may have been made on behalf of another legal entity.

27.     **Totals**.  All totals that are included in the Schedules and Statements represent totals of all the known amounts included in the Schedules and Statements.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.  To the extent a Debtor is a guarantor of debt held by another Debtor, the amounts reflected in the Schedules are inclusive of each Debtor's guarantor obligations.

28.     **Duplication**.  Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules.  To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

29.     **Confidential and Personal Identifying Information**.  There may be instances in the Schedules and Statements where the Debtors deemed it necessary or appropriate to redact from the public record information such as names, addresses, or amounts.  Generally, the Debtors have used this approach because of a confidentiality agreement between the Debtors and a third party, for the protection of sensitive commercial information, or for the privacy of an individual.  Furthermore, by order of the Bankruptcy Court [Docket No. 87], personal identifying information, such as mailing addresses of individuals, has been redacted from the Schedules and Statements.

**Specific Notes Regarding Schedule A/B**

1.     **Schedule A/B, Part 1, Question 3 – Checking, savings, or other financial accounts, CDs, etc**.  Schedule A/B, Part 1, Question 3 lists closing bank balances as of the Reporting Date.

2.     **Schedule A/B, Part 2, Questions 5-8 – Deposits and prepayments**.  Certain prepaid, deposits, or amortized assets are listed in Part 2 in accordance with the Debtors' books and records.  The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able

to collect or realize. The amounts listed in Part 2 include, among other things, prepaid rent, prepaid IT maintenance, prepaid insurance, and prepaid professional expenses.

3. **Schedule A/B Part 3, Questions 10-12 – Accounts receivable**. The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or other outside parties, which are calculated net of any amounts that, as of the Reporting Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The accounts receivable balances in this section exclude intercompany related receivables.

4. **Schedule A/B, Part 4, Question 15 / Schedule A/B, Part 11, Question 71 – Stock and interests in incorporated and unincorporated businesses and Notes Receivable**. See Schedule A/B, Part 4, Question 15 for additional businesses the Debtors were a parent of or owned a significant interest in.

5. **Schedule A/B, Part 5, Questions 19-22 – Inventories**. The Debtors' inventories include goods warehoused on the Debtors property as well as goods in-transit over which the Debtors have title, and is calculated in accordance with GAAP based the standard cost established by the Debtors, net of certain reserves, including for damaged, slow-moving and obsolete inventories and write offs, which in the opinion of the Debtors may reduce the value of its inventories as of the Reporting Date.

6. **Schedule A/B, Part 7, Questions 39-42 / Schedule A/B, Part 8, Questions 47-50 - Office furniture, fixtures, and equipment; and collectibles and Machinery, equipment, and vehicles**. Certain of the Debtors' office furniture, fixtures, and equipment; and collectibles and machinery, equipment, and vehicles are not capitalized based on its accounting policies and procedures. These assets are not listed herein.

7. **Schedule A/B, Part 7, Questions 39-42 / Schedule A/B, Part 8, Questions 47-50 / Schedule 9, Question 55 – Office furniture, fixtures, and equipment; collectibles and Machinery, equipment, and vehicles; and Real estate property**. The Debtors present property and equipment items net of their respective accumulated depreciation and other reserves. The Debtors possess both owned and leased fixed assets.

8. **Schedule A/B, Part 10 – Intangibles and intellectual property**. The Debtors license intangibles and intellectual property from third parties in the ordinary course of business. These assets, which include trademarks, are excluded from Schedule A/B and are listed in Schedule G, Executory Contracts and Unexpired Leases.

9. **Schedule A/B, Part 11, Question 77 – Other property of any kind not already listed**. The Debtors present precious metals and book value, net of reserves. The Debtors possess both owned and leased precious metals.

<u>**Specific Notes Regarding Schedule D**</u>

Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the

validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, nor shall it be deemed, an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good-faith efforts to include all liens on Schedule D, but may have inadvertently failed to include an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. The Debtors have reported outstanding letters of credit in Schedule D. Although there are multiple parties that may hold a portion of the Debtors' funded debt, only the administrative agents have been listed for purposes of Schedule D. The amounts reflected outstanding under the Debtors' prepetition loan facilities reflect the principal amounts stipulated in the *Final Order (I) Authorizing the Debtors to (A) Obtain Senior Secured Superpriority Post-Petition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Providing Adequate Protection to Prepetition Secured Parties, and (IV) Granting Related Relief* [Docket No. 257].

In certain instances, a Debtor may be a co-obligor, co-mortgagor, or guarantor with respect to scheduled claims of other Debtors, and no claim set forth on Schedule D of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other entities. The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements or related documents.

Except as specifically stated herein, certain real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D and have not filed a UCC-1 financing statement.

Any changes to the status of any liens or security rights since the Petition Date may not be adequately reflected in Schedule D. Therefore, the Debtors may have listed claims with secured status that have changed, or failed to list certain parties whose claims may be secured through rights of setoff, deposits or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights on Schedule D.

## Specific Notes Regarding Schedule E/F

1.      **Schedule E/F, Part 1, Question 1 – Creditors Holding Priority Unsecured Claims**. The Debtors reserve all rights to dispute the amount, priority, character, or validity of any claim on Schedule E/F on any basis at any time. Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on the Debtors' Schedule E/F. Certain

of such claims, however, may be subject to ongoing audits and/or the Debtors otherwise are unable to determine with certainty the amount of the remaining claims listed on Schedule E/F. Therefore, the Debtors have listed all such claims as unknown in amount, pending final resolution of ongoing audits or other outstanding issues.

The Bankruptcy Court entered an order granting authority to the Debtors, on a final basis, to pay certain prepetition employee wage and other obligations in the ordinary course [Docket No. 79] (the "**Wages Order**"). Pursuant to the Wages Order, the Bankruptcy Court granted the Debtors authority to pay or honor certain prepetition obligations for employee wages, salaries, bonuses, and other compensation, reimbursable employee expenses, and employee medical and similar benefits. The Debtors have not listed on Schedule E/F any wage or wage-related obligations for which the Debtors have been granted authority to and intend to pay pursuant to the Wages Order except for contingent unliquidated claims for the Pension Benefit Guaranty Corporation and United Steelworkers International Union, each of which are members of the Committee. *See* Docket No. 177. The Debtors have not included accrued paid time off balances as of the Petition Date in the Schedules and Statements. The Debtors will make available to their employees accrued paid time off balances as of the date of their termination of employment with the Debtors and supplement the Schedules and Statements as necessary.

2.     **Schedule E/F, Part 2, Question 3 – Creditors Holding Nonpriority Unsecured Claims**. The Debtors have used commercially reasonable efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon the Debtors' existing books and records.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves. Such amounts are general estimates of liabilities and do not represent specific claims as of the Petition Date; however, such amounts are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule E/F.

Schedule E/F contains information regarding potential and pending litigation involving the Debtors. In certain instances, the Debtor that is the subject of the litigation is unclear or undetermined. To the extent that litigation involving a particular Debtor has been identified, however, such information is contained in the Schedule for that Debtor (even though the litigation may actually impact another Debtor or non-Debtor affiliate).

Schedule E/F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

Except in certain limited circumstances, the Debtors have not scheduled contingent and unliquidated liabilities related to guaranty obligations on Schedule E/F. Such guaranties are, instead, listed on Schedule H.

The claims of individual creditors for, among other things, goods, services, or taxes listed on the Debtors' books and records may not reflect credits or allowances due from such creditors. The Debtors reserve all of their rights in respect of such credits or allowances. The dollar amounts listed may be exclusive of contingent or unliquidated amounts.

3. **Schedule E/F, Part 2, Question 3 – Trade Payables**. Trade payables listed on Schedule E/F contain the prepetition liability information available to the Debtors as of the filing date of the Schedules. This information may include invoices that were paid or will be paid subsequent to the Petition Date related to prepetition obligations pursuant to the certain First Day Orders.

**Specific Notes Regarding Schedule G**

While the Debtors' existing books, records, and financial systems have been relied upon to identify and schedule executory contracts on each of the Debtor's Schedule G, and while the Debtors have devoted substantial internal and external resources to identifying and providing the requested information for as many executory contracts as possible and to ensuring the accuracy of Schedule G, inadvertent errors, omissions, or over-inclusions may have occurred. The Debtors do not make, and specifically disclaim, any representation or warranty as to the completeness or accuracy of the information set forth on Schedule G. The Debtors hereby reserve all their rights to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G and to amend or supplement Schedule G as necessary. The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda, and other documents, instruments, or agreements that may not be listed therein despite the Debtors' use of reasonable efforts to identify such documents. Further, unless otherwise specified on Schedule G, each executory contract or unexpired lease listed thereon shall include all exhibits, schedules, riders, modifications, declarations, amendments, supplements, attachments, restatements, or other agreements made directly or indirectly by any agreement, instrument, or other document that in any manner affects such executory contract or unexpired lease, without respect to whether such agreement, instrument, or other document is listed thereon.

In some cases, the same supplier or provider appears multiple times on Schedule G. This multiple listing is intended to reflect distinct agreements between the applicable Debtor and such supplier or provider. The Debtors expressly reserve their rights to challenge whether such agreements constitute an executory contract, a single contract or agreement, or multiple, severable, or separate contracts.

In the ordinary course of business, the Debtors may have issued numerous purchase orders for supplies, product, and related items which, to the extent that such purchase orders constitute executory contracts, are not listed individually on Schedule G. To the extent that goods were delivered under purchase orders prior to the Petition Date, vendors' claims with respect to such

delivered goods are included on Schedule E/F. Similarly, in the ordinary course of business, the Debtors may have issued numerous statements of work or similar documents for services which, to the extent that such statements of work or similar documents constitute executory contracts, are not listed individually on Schedule G. To the extent that services were delivered under statements of work prior to the Petition Date, vendors' claims with respect to such services are included on Schedule E/F.

As a general matter, certain of the Debtors' executory contracts and unexpired leases could be included in more than one category. In those instances, one category has been chosen to avoid duplication. Further, the designation of a category is not meant to be wholly inclusive or descriptive of the entirety of the rights or obligations represented by such contract.

Certain of the executory contracts and unexpired leases listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, right to lease additional space, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, rights of way, subordination, nondisturbance, and attornment agreements, supplemental agreements, amendments, letter agreements, title agreements, employment-related agreements, and confidentiality and non-disclosure agreements. Such documents may not be set forth in Schedule G. Certain of the executory agreements may not have been memorialized and could be subject to dispute.

The Debtors hereby reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument related to a creditor's claim, to dispute the validity, status, or enforceability of any contract, agreement, or lease set forth in Schedule G, and to amend or supplement Schedule G as necessary. Inclusion of any agreement on Schedule G does not constitute an admission that such agreement is an executory contract or unexpired lease and the Debtors reserve all rights in that regard, including, without limitation, that any agreement is not executory, has expired pursuant to its terms, or was terminated prepetition.

In addition, certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all their rights, claims, and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, or any document or instrument (including, without limitation, any intercreditor or intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. Further, the specific Debtor obligor to certain of the executory contracts or unexpired leases could not be specifically ascertained in every circumstance. In such cases, the Debtors used their reasonable best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors have entered into numerous contracts or agreements, both written and oral, regarding the provision of certain services on a month-to-month

basis.  To the extent such contracts or agreements constitute executory contracts, these contracts and agreements may not be listed individually on Schedule G.

Certain of the executory contracts may not have been memorialized and could be subject to dispute; executory agreements that are oral in nature have not been included in Schedule G.

Certain of the executory contracts and unexpired leases listed in Schedule G were assigned to, assumed by, or otherwise transferred to certain of the Debtors in connection with, among other things, acquisitions involving the Debtors.  The Debtors used their best efforts to determine the correct Debtor's Schedule G on which to list such executory contract or unexpired lease.

In the ordinary course of business, the Debtors may lease certain fixtures and equipment from certain third-party lessors for use in the daily operation of their business.  The Debtors' obligations pursuant to capital leases appear on Schedule D and their obligations pursuant to operating leases have been listed on Schedule E/F.  The underlying lease agreements are listed on Schedule G.  Nothing in the Schedules and Statements is or shall be construed to be an admission as to the determination of the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to such issues.

The Debtors generally have not included on Schedule G any insurance policies, the premiums for which have been prepaid or financed and paid in full as of the Petition Date.  The Debtors submit that prepaid insurance policies are not executory contracts pursuant to section 365 of the Bankruptcy Code because no further payment or other material performance is required by the Debtors.  Nonetheless, the Debtors recognize that in order to enjoy the benefits of continued coverage for certain claims under these policies, the Debtors may have to comply with certain non-monetary obligations, such as the provision of notice of claims and cooperation with insurers.  In the event that the Bankruptcy Court were to ever determine that any such prepaid insurance policies are executory contracts, the Debtors reserve all of their rights to amend Schedule G to include such policies, as necessary or appropriate.

## Specific Notes Regarding Schedule H

The Debtors are party to various debt agreements, which were executed by multiple Debtors.  In the ordinary course of their business, the Debtors pay certain expenses on behalf of their affiliates.  The Debtors may not have identified certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other agreements.  Further, certain of the guarantees reflected on Schedule H may have expired or may no longer be enforceable.  Thus, the Debtors reserve their rights to amend Schedule H to the extent that additional guarantees are identified, or such guarantees are discovered to have expired or become unenforceable.

In the ordinary course of their business, the Debtors may be involved in pending or threatened litigation and claims arising out of certain ordinary course of business transactions.  These matters may involve multiple plaintiffs and defendants, some or all of whom may assert crossclaims, or counterclaims against other parties.  Because such claims are contingent, disputed, or unliquidated, such claims have not been set forth individually on Schedule H.  However, some such claims may be listed elsewhere in the Schedules and Statements.

15

The inclusion of or failure to include any entity on Schedule H does not constitute a waiver or an admission that such entity is a co-debtor or co-liable with respect to any pending or threatened litigation.  The Debtors reserve all rights with respect to any claims related to any pending or threatened litigation.

## Specific Notes Regarding Statements

**SOFA 1 & 2**.  The income stated in the Debtors' response to SOFA 1 is consistent with Net Sales and Other Income in the Debtors' books and records in the ordinary course.  The Debtors' fiscal year ends on the last day of each calendar year.

- **FY 2021**: Comprised of revenues for the fiscal year ended December 31, 2021.

- **FY 2022**: Comprised of revenues for the fiscal year ended December 31, 2022.

- **Stub Period 2023**: Comprised of revenues for the five months ended May 31, 2023.

**SOFA 3**.  As described in the Cash Management Motion, the Debtors maintain a complex cash management system to collect, concentrate, and disburse funds generated by their operations.  The obligations of the Debtors are paid primarily through Instant Brands LLC and Instant Brands Inc., notwithstanding that certain obligations may be obligations of one or more of the Debtors.

The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from March 14, 2023 through June 11, 2023.  Amounts still owed to creditors will appear on the Schedules for each Debtor, as applicable.

The response to SOFA 3 excludes regular salary payments and disbursements or transfers to insiders, which are listed on SOFA 4.

The response to SOFA 3 excludes payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy for this period, which are listed on SOFA 11.

**SOFA 4**.  The Debtors have included all payments made on or within 12 months before the Petition Date to any individual (and their relatives) or entity deemed an "insider."  As to each Debtor, an individual or entity is designated as an "Insider" if such individual or entity, based on the totality of the circumstances, has at least a controlling interest in, or exercises sufficient authority over, the Debtor so as to dictate corporate policy and the disposition of corporate assets.  The listing of a party as an "Insider" is not intended to be nor should be construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved.

**SOFA 7**.  Information provided on SOFA 7 includes both those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial, or other adjudicative forum and those legal disputes that the Debtors are aware of and have

yet to commence.  While the Debtors believe they were diligent in their efforts, it is possible that certain suits and proceedings may have been inadvertently excluded in the Debtors' response to SOFA 7.  The Debtors reserve all of their rights to amend or supplement their response to SOFA 7.

**SOFA 9**.  The donations and/or charitable contributions listed in response to SOFA 9 represent payments or donations of goods made to third parties during the applicable timeframe that were recorded as such within the Debtors books and records.

**SOFA 10**.  In the ordinary course of business, the Debtors may occasionally incur losses for a variety of reasons, including theft of goods held on consignment and property damage. The Debtors, however, may not have records of all such losses to the extent such losses do not have a material impact on the Debtors' business.

**SOFA 11**.  All payments to any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on the applicable Debtor's response to SOFA 11.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.

**SOFA 16**.  The Debtors collect personal information from employees and applicants. In addition, the Debtors collect a limited amount of information about customers and users via their website portals and mobile applications, over the telephone, or in person in order to provide products and services to customers and inform them of new products and services.  The Debtors also collect personally identifiable information from customers in the course of their direct-to-consumer sales.  Examples of the types of information collected by the Debtors include, among other things, name, mailing address, billing address, email, and telephone number.  The Debtors retain such information as long as is necessary for the Debtors to comply with business, tax, and legal requirements.

**SOFA 25**.  The Debtors have used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owned five percent or more of the voting or equity securities within the six years immediately preceding the Petition Date.

**SOFA 26**.  The Debtors routinely provide financial statements to banks, customers, suppliers, tax authorities, landlords, factors, potential investors, and other financial institutions in the ordinary course, as well as in association with its restructuring efforts.

**SOFA 27**.  According to the Debtors' policy, the Debtors perform cycle counts in the normal course of operations to assert the existence and condition of their inventories, whereas inventory items are counted at least twice a year.  Additionally, the Debtors are performing monthly physical inventory count over finished goods.  Following the completion of the count, variances are researched and adjusted in the Debtors' books and records.  As such, the Debtors have counted all inventory on hand as of the Reporting Date

and it would be overly burdensome and impractical to list all inventory amounts by date on SOFA 27.

**<u>SOFA 30</u>**.  Refer to SOFA 4 regarding all payments to insiders.

**Instant Brands Inc.**                                      Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---------------------|--------------------------------|---------------------------------|-------------------------------|
| 2. **Cash on hand** | | | |
| 2.1 | | | |
| | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1  BANK OF AMERICA | CASH DOMINION | 0419 | $262,510 |
| 3.2  BANK OF AMERICA | CONCENTRATION | 0414 | $11,842 |
| 3.3  BANK OF AMERICA | DISBURSEMENT | 0396 | $0 |
| 3.4  BANK OF AMERICA MERILL N.A. CANADA BRANCH | CASH DOMINION | 9210 | $213,870 |
| 3.5  BANK OF AMERICA MERILL N.A. CANADA BRANCH | CONCENTRATION | 9202 | $448,885 |
| 3.6  BANK OF AMERICA MERILL N.A. CANADA BRANCH | DISBURSEMENT | 9228 | $0 |
| 3.7  CITY NATIONAL BANK | ZBA | 2617 | $0 |
| 3.8  PAYPAL | N/A | GVBA | $0 |
| 3.9  RBC ROYAL BANK | CONCENTRATION | 9086 | $16,959 |
| 3.10  RBC ROYAL BANK | DISBURSEMENT | 9122 | $0 |
| 3.11  RBC ROYAL BANK | MAIN | 4031 | $158 |
| 3.12  RBC ROYAL BANK | DISBURSEMENT | 9157 | $0 |
| 3.13  CITY NATIONAL BANK | CONCENTRATION | 1491 | $1,319 |

4. **Other cash equivalents (Identify all)**
   4.1

5. **Total of Part 1.**                                                    | $955,541 |

   Add lines 2 through 4. Copy the total to line 80.

**Instant Brands Inc.**                                      Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6.  **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---------------------|-------------------------------------|
| | |

7.  **Deposits, including security deposits and utility deposits**
    Description, including name of holder of deposit

| 7.1 | | |
|-----|---|---|

8.  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
    Description, including name of holder of prepayment

| 8.1 | OTHER PREPAID EXPENDITURE MISC | $670,116 |
|-----|-------------------------------|----------|
| 8.2 | PREPAID FREIGHT | $39,027 |
| 8.3 | PREPAID INSURANCE | $8,969 |
| 8.4 | PREPAID RENT | $125 |

9.  **Total of Part 2**                                              **$718,237**

    Add lines 7 through 8. Copy the total to line 81.

**Instant Brands Inc.**                                                      Case Number:   **23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 3: | Accounts receivable |
|---|---|

10.  **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|
| 11.   Accounts receivable | | | |
| 11a. 90 days old or less: | $0 - | $0 = | $0 |
| 11b. Over 90 days old: | $0 - | $0 = | $0 |
| 11c. All accounts receivable: | - | = | |

12.   **Total of Part 3**                                                                                          **$0**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

**Instant Brands Inc.**                                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

**Part 4:**          **Investments**

13.  **Does the debtor own any investments?**

☐ No. Go to Part 5.

☑ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.  **Mutual funds or publicly traded stocks not included in Part 1**

Name of fund or stock:

14.1 _____     _____     _____

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**

Name of entity:

| 15.1 | REFER TO THE INTERCOMPANY MATRIX ATTACHED TO SCHEDULE E/F: CREDITORS WHO HAVE UNSECURED CLAIMS | NONE | Undetermined |
|---|---|---|---|

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**

Describe:

16.1 _____     _____     _____

17.  **Total of Part 4**

Add lines 14 through 16. Copy the total to line 83.

| $0 |
|---|

**Instant Brands Inc.**                                                        Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets |
|---------|------------------------------------------|

18.  **Does the debtor own any inventory (excluding agriculture assets)?**

☐ No. Go to Part 6.

☑ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---------------------|--------------------------------------|--------------------------------------------------------|------------------------------------------|-------------------------------------|
| **19.  Raw materials** | | | | |
| 19.1 | | | | |
| **20.  Work in progress** | | | | |
| 20.1    WORK IN PROGRESS | | | | ($6,606,959) |
| **21.  Finished goods, including goods held for resale** | | | | |
| 21.1    FINISHED GOODS | | | NBV | $1,039,180 |
| **22.  Other Inventory or supplies** | | | | |
| 22.1 | | | | |

23.  **Total of Part 5.**                                                                          | ($5,567,779) |

Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

☑ No

☐ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☑ No

☐ Yes.    Book Value _____    Valuation method _____    Current value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☑ No

☐ Yes

Instant Brands Inc.                                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 6: | Farming and fishing-related assets (other than titled motor vehicles and land) |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| 28.1 | | | |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | |

33. **Total of Part 6.**

Add lines 28 through 32. Copy the total to line 85.                    _____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

☐ No

☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.    Book Value _____    Valuation method _____    Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

Instant Brands Inc.                                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 7: | Office furniture, fixtures, and equipment; and collectibles |
|---|---|

38. **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☑ No. Go to Part 8.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| 39.1 _____ | _____ | _____ | _____ |
| **40. Office fixtures** | | | |
| 40.1 _____ | _____ | _____ | _____ |
| **41. Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1 _____ | _____ | _____ | _____ |
| **42. Collectibles** | | | |
| 42.1 _____ | _____ | _____ | _____ |

43. **Total of Part 7**

Add lines 39 through 42. Copy the total to line 86.

_____

44. **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No

☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Instant Brands Inc.**                                          Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

**Part 8:**        **Machinery, equipment, and vehicles**

46.   **Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.   **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| 47.1 | | | |
|---|---|---|---|

48.   **Watercraft, trailers, motors, and related accessories**
   Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

| 48.1 | | | |
|---|---|---|---|

49.   **Aircraft and accessories**

| 49.1 | | | |
|---|---|---|---|

50.   **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

| 50.1 | CIP DEPOSITS | | NBV | $663,504 |
|---|---|---|---|---|
| 50.2 | FIXED ASSETS EXCHANGE | | NBV | $141,433 |

51.   **Total of Part 8**                                                                    **$804,937**

Add lines 47 through 50. Copy the total to line 87.

52.   **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☑ Yes

53.   **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Instant Brands Inc.**                                            Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property - detail |
|---------|------------------------|

54.  **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|

55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| | | | | | |
|---|---|---|---|---|---|
| 55.1 | OFFICE - BURLINGTON, ON (OFFICE: 1111 INTERNATIONAL BLVD, SUITE 103 BURLINGTON, ON, CANADA ) | LEASED | | NBV | $4,472 |
| 55.2 | OFFICE - OTTAWA, ON (OFFICE: 495 MARCH ROAD, SUITE 200 OTTAWA, ON, CANADA ) | LEASED | | NBV | $479,709 |
| 55.3 | OFFICE - RICHMOND, BC (OFFICE: 16111 BLUNDELL ROAD, UNIT 102 RICHMOND, BC V6W 0A1, CANADA ) | LEASED | | NBV | $2,365,084 |

56.  **Total of Part 9**                                                            | $2,849,265 |

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☑ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Instant Brands Inc.**                                    **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

59.  **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60.  **Patents, copyrights, trademarks, and trade secrets** | | | |
| 60.1   1801 REVERE WARE & DESIGN | | UNKNOWN | Undetermined |
| 60.2   1801 REVERE WARE COPPER CLAD STAINLESS STEEL & DES. | | UNKNOWN | Undetermined |
| 60.3   ACCU | | UNKNOWN | Undetermined |
| 60.4   ACCU | | UNKNOWN | Undetermined |
| 60.5   ACCU | | UNKNOWN | Undetermined |
| 60.6   ACCU | | UNKNOWN | Undetermined |
| 60.7   ACCU | | UNKNOWN | Undetermined |
| 60.8   ACE | | UNKNOWN | Undetermined |
| 60.9   ACE | | UNKNOWN | Undetermined |
| 60.10   ACE | | UNKNOWN | Undetermined |
| 60.11   ACE | | UNKNOWN | Undetermined |
| 60.12   ACE | | UNKNOWN | Undetermined |
| 60.13   ACE | | UNKNOWN | Undetermined |
| 60.14   ACECOOK LOGO | | UNKNOWN | Undetermined |
| 60.15   AIR FRYER | | UNKNOWN | Undetermined |
| 60.16   AIR FRYERS (DUO CRISP) | | UNKNOWN | Undetermined |
| 60.17   AMERICA'S #1 LOGO | | UNKNOWN | Undetermined |
| 60.18   AURA | | UNKNOWN | Undetermined |
| 60.19   AURA | | UNKNOWN | Undetermined |
| 60.20   AURA | | UNKNOWN | Undetermined |
| 60.21   COLOURS | | UNKNOWN | Undetermined |
| 60.22   CORELLE | | UNKNOWN | Undetermined |
| 60.23   CORELLE | | UNKNOWN | Undetermined |
| 60.24   CORELLE | | UNKNOWN | Undetermined |
| 60.25   CORELLE BRANDS | | UNKNOWN | Undetermined |
| 60.26   CORELLE BRANDS & DESIGN | | UNKNOWN | Undetermined |
| 60.27   CORELLE COORDINATES | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                                  **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

| | | | | |
|---|---|---|---|---|
| 60.28 | CORELLE COORDINATES | | UNKNOWN | Undetermined |
| 60.29 | CORELLE COORDINATES | | UNKNOWN | Undetermined |
| 60.30 | CORELLE GUARANTEED NOT TO CHIP OR CRACK. MADE OF TRIPLE-LAYER STRONGGLASS. | | UNKNOWN | Undetermined |
| 60.31 | CORELLE IMPRESSIONS | | UNKNOWN | Undetermined |
| 60.32 | CORELLE LIFE PROOF PLATES | | UNKNOWN | Undetermined |
| 60.33 | CORELLE WIDE RIM PLATES | | UNKNOWN | Undetermined |
| 60.34 | CORNFLOWER DESIGN (HORIZONTAL) | | UNKNOWN | Undetermined |
| 60.35 | CORNFLOWER DESIGN (NEW 2014 LOGO) | | UNKNOWN | Undetermined |
| 60.36 | CORNFLOWER DESIGN (VERTICAL) | | UNKNOWN | Undetermined |
| 60.37 | DINNER IN AN INSTANT | | UNKNOWN | Undetermined |
| 60.38 | DINNER. DONE. | | UNKNOWN | Undetermined |
| 60.39 | DINNER. DONE. | | UNKNOWN | Undetermined |
| 60.40 | DUO | | UNKNOWN | Undetermined |
| 60.41 | DUO | | UNKNOWN | Undetermined |
| 60.42 | DUO | | UNKNOWN | Undetermined |
| 60.43 | DUO | | UNKNOWN | Undetermined |
| 60.44 | ELECTRIC PRESSURE COOKER | | UNKNOWN | Undetermined |
| 60.45 | EMBOSSED DESIGN | | UNKNOWN | Undetermined |
| 60.46 | EVENCRISP | | UNKNOWN | Undetermined |
| 60.47 | EVENCRISP | | UNKNOWN | Undetermined |
| 60.48 | EVENCRISP | | UNKNOWN | Undetermined |
| 60.49 | EVENCRISP | | UNKNOWN | Undetermined |
| 60.50 | INDIE | | UNKNOWN | Undetermined |
| 60.51 | INDIE | | UNKNOWN | Undetermined |
| 60.52 | INSTANT | | UNKNOWN | Undetermined |
| 60.53 | INSTANT | | UNKNOWN | Undetermined |
| 60.54 | INSTANT | | UNKNOWN | Undetermined |
| 60.55 | INSTANT | | UNKNOWN | Undetermined |
| 60.56 | INSTANT | | UNKNOWN | Undetermined |
| 60.57 | INSTANT | | UNKNOWN | Undetermined |
| 60.58 | INSTANT | | UNKNOWN | Undetermined |
| 60.59 | INSTANT | | UNKNOWN | Undetermined |
| 60.60 | INSTANT | | UNKNOWN | Undetermined |
| 60.61 | INSTANT | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                    **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

| | | | | |
|---|---|---|---|---|
| 60.62 | INSTANT | | UNKNOWN | Undetermined |
| 60.63 | INSTANT | | UNKNOWN | Undetermined |
| 60.64 | INSTANT | | UNKNOWN | Undetermined |
| 60.65 | INSTANT | | UNKNOWN | Undetermined |
| 60.66 | INSTANT | | UNKNOWN | Undetermined |
| 60.67 | INSTANT | | UNKNOWN | Undetermined |
| 60.68 | INSTANT | | UNKNOWN | Undetermined |
| 60.69 | INSTANT | | UNKNOWN | Undetermined |
| 60.70 | INSTANT | | UNKNOWN | Undetermined |
| 60.71 | INSTANT | | UNKNOWN | Undetermined |
| 60.72 | INSTANT | | UNKNOWN | Undetermined |
| 60.73 | INSTANT | | UNKNOWN | Undetermined |
| 60.74 | INSTANT | | UNKNOWN | Undetermined |
| 60.75 | INSTANT | | UNKNOWN | Undetermined |
| 60.76 | INSTANT | | UNKNOWN | Undetermined |
| 60.77 | INSTANT | | UNKNOWN | Undetermined |
| 60.78 | INSTANT | | UNKNOWN | Undetermined |
| 60.79 | INSTANT | | UNKNOWN | Undetermined |
| 60.80 | INSTANT | | UNKNOWN | Undetermined |
| 60.81 | INSTANT | | UNKNOWN | Undetermined |
| 60.82 | INSTANT | | UNKNOWN | Undetermined |
| 60.83 | INSTANT | | UNKNOWN | Undetermined |
| 60.84 | INSTANT | | UNKNOWN | Undetermined |
| 60.85 | INSTANT | | UNKNOWN | Undetermined |
| 60.86 | INSTANT | | UNKNOWN | Undetermined |
| 60.87 | INSTANT | | UNKNOWN | Undetermined |
| 60.88 | INSTANT | | UNKNOWN | Undetermined |
| 60.89 | INSTANT | | UNKNOWN | Undetermined |
| 60.90 | INSTANT | | UNKNOWN | Undetermined |
| 60.91 | INSTANT | | UNKNOWN | Undetermined |
| 60.92 | INSTANT | | UNKNOWN | Undetermined |
| 60.93 | INSTANT | | UNKNOWN | Undetermined |
| 60.94 | INSTANT | | UNKNOWN | Undetermined |
| 60.95 | INSTANT | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                              **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 60.96 | INSTANT | UNKNOWN | Undetermined |
| 60.97 | INSTANT | UNKNOWN | Undetermined |
| 60.98 | INSTANT | UNKNOWN | Undetermined |
| 60.99 | INSTANT | UNKNOWN | Undetermined |
| 60.100 | INSTANT | UNKNOWN | Undetermined |
| 60.101 | INSTANT | UNKNOWN | Undetermined |
| 60.102 | INSTANT ACCU | UNKNOWN | Undetermined |
| 60.103 | INSTANT ACE | UNKNOWN | Undetermined |
| 60.104 | INSTANT AURA | UNKNOWN | Undetermined |
| 60.105 | INSTANT BLEND | UNKNOWN | Undetermined |
| 60.106 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.107 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.108 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.109 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.110 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.111 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.112 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.113 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.114 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.115 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.116 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.117 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.118 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.119 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.120 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.121 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.122 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.123 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.124 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.125 | INSTANT BRANDS | UNKNOWN | Undetermined |
| 60.126 | INSTANT BRANDS LOGO | UNKNOWN | Undetermined |
| 60.127 | INSTANT BRANDS LOGO | UNKNOWN | Undetermined |
| 60.128 | INSTANT BRANDS LOGO | UNKNOWN | Undetermined |
| 60.129 | INSTANT BRANDS LOGO | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                                    **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 60.130 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.131 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.132 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.133 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.134 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.135 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.136 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.137 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.138 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.139 INSTANT BRANDS LOGO | | UNKNOWN | Undetermined |
| 60.140 INSTANT CRISP | | UNKNOWN | Undetermined |
| 60.141 INSTANT CRISP | | UNKNOWN | Undetermined |
| 60.142 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.143 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.144 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.145 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.146 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.147 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.148 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.149 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.150 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.151 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.152 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.153 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.154 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.155 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.156 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.157 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.158 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.159 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.160 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.161 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.162 INSTANT LOGO | | UNKNOWN | Undetermined |
| 60.163 INSTANT LOGO | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                              **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| **Part 10:** | **Intangibles and intellectual property - detail** |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 60.164 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.165 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.166 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.167 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.168 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.169 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.170 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.171 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.172 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.173 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.174 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.175 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.176 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.177 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.178 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.179 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.180 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.181 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.182 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.183 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.184 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.185 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.186 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.187 | INSTANT LOGO | UNKNOWN | Undetermined |
| 60.188 | INSTANT LOGO (COLOUR CLAIM IN CANADA) | UNKNOWN | Undetermined |
| 60.189 | INSTANT LOGO (COLOUR) | UNKNOWN | Undetermined |
| 60.190 | INSTANT LOGO (IN COLOR) | UNKNOWN | Undetermined |
| 60.191 | INSTANT OVEN | UNKNOWN | Undetermined |
| 60.192 | INSTANT POD | UNKNOWN | Undetermined |
| 60.193 | INSTANT POD | UNKNOWN | Undetermined |
| 60.194 | INSTANT POD | UNKNOWN | Undetermined |
| 60.195 | INSTANT POD | UNKNOWN | Undetermined |
| 60.196 | INSTANT POD | UNKNOWN | Undetermined |
| 60.197 | INSTANT POD | UNKNOWN | Undetermined |

Instant Brands Inc.                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|----------|------------------------------------------------|

| 60.198 | INSTANT POD | | UNKNOWN | Undetermined |
|--------|-------------|--|---------|--------------|
| 60.199 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.200 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.201 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.202 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.203 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.204 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.205 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.206 | INSTANT POD | | UNKNOWN | Undetermined |
| 60.207 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.208 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.209 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.210 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.211 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.212 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.213 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.214 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.215 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.216 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.217 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.218 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.219 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.220 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.221 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.222 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.223 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.224 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.225 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.226 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.227 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.228 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.229 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.230 | INSTANT POT | | UNKNOWN | Undetermined |
| 60.231 | INSTANT POT | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 60.232 INSTANT POT | | UNKNOWN | Undetermined |
| 60.233 INSTANT POT | | UNKNOWN | Undetermined |
| 60.234 INSTANT POT | | UNKNOWN | Undetermined |
| 60.235 INSTANT POT | | UNKNOWN | Undetermined |
| 60.236 INSTANT POT | | UNKNOWN | Undetermined |
| 60.237 INSTANT POT | | UNKNOWN | Undetermined |
| 60.238 INSTANT POT | | UNKNOWN | Undetermined |
| 60.239 INSTANT POT | | UNKNOWN | Undetermined |
| 60.240 INSTANT POT | | UNKNOWN | Undetermined |
| 60.241 INSTANT POT | | UNKNOWN | Undetermined |
| 60.242 INSTANT POT | | UNKNOWN | Undetermined |
| 60.243 INSTANT POT | | UNKNOWN | Undetermined |
| 60.244 INSTANT POT | | UNKNOWN | Undetermined |
| 60.245 INSTANT POT | | UNKNOWN | Undetermined |
| 60.246 INSTANT POT | | UNKNOWN | Undetermined |
| 60.247 INSTANT POT | | UNKNOWN | Undetermined |
| 60.248 INSTANT POT | | UNKNOWN | Undetermined |
| 60.249 INSTANT POT | | UNKNOWN | Undetermined |
| 60.250 INSTANT POT | | UNKNOWN | Undetermined |
| 60.251 INSTANT POT | | UNKNOWN | Undetermined |
| 60.252 INSTANT POT | | UNKNOWN | Undetermined |
| 60.253 INSTANT POT | | UNKNOWN | Undetermined |
| 60.254 INSTANT POT | | UNKNOWN | Undetermined |
| 60.255 INSTANT POT | | UNKNOWN | Undetermined |
| 60.256 INSTANT POT | | UNKNOWN | Undetermined |
| 60.257 INSTANT POT | | UNKNOWN | Undetermined |
| 60.258 INSTANT POT | | UNKNOWN | Undetermined |
| 60.259 INSTANT POT | | UNKNOWN | Undetermined |
| 60.260 INSTANT POT | | UNKNOWN | Undetermined |
| 60.261 INSTANT POT | | UNKNOWN | Undetermined |
| 60.262 INSTANT POT | | UNKNOWN | Undetermined |
| 60.263 INSTANT POT | | UNKNOWN | Undetermined |
| 60.264 INSTANT POT | | UNKNOWN | Undetermined |
| 60.265 INSTANT POT | | UNKNOWN | Undetermined |

Instant Brands Inc.                                              Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

| | | | |
|---|---|---|---|
| 60.266 INSTANT POT | | UNKNOWN | Undetermined |
| 60.267 INSTANT POT | | UNKNOWN | Undetermined |
| 60.268 INSTANT POT | | UNKNOWN | Undetermined |
| 60.269 INSTANT POT | | UNKNOWN | Undetermined |
| 60.270 INSTANT POT | | UNKNOWN | Undetermined |
| 60.271 INSTANT POT | | UNKNOWN | Undetermined |
| 60.272 INSTANT POT | | UNKNOWN | Undetermined |
| 60.273 INSTANT POT | | UNKNOWN | Undetermined |
| 60.274 INSTANT POT | | UNKNOWN | Undetermined |
| 60.275 INSTANT POT | | UNKNOWN | Undetermined |
| 60.276 INSTANT POT | | UNKNOWN | Undetermined |
| 60.277 INSTANT POT | | UNKNOWN | Undetermined |
| 60.278 INSTANT POT | | UNKNOWN | Undetermined |
| 60.279 INSTANT POT | | UNKNOWN | Undetermined |
| 60.280 INSTANT POT | | UNKNOWN | Undetermined |
| 60.281 INSTANT POT | | UNKNOWN | Undetermined |
| 60.282 INSTANT POT AMERICA'S #1 LOGO | | UNKNOWN | Undetermined |
| 60.283 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.284 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.285 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.286 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.287 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.288 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.289 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.290 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.291 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.292 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.293 INSTANT POT IN CHINESE 饮尚宝 | | UNKNOWN | Undetermined |
| 60.294 INSTANT POT LOGO (BLACK AND WHITE) | | UNKNOWN | Undetermined |
| 60.295 INSTANT POT LOGO (BLACK AND WHITE) | | UNKNOWN | Undetermined |
| 60.296 INSTANT POT LOGO (BLACK AND WHITE) | | UNKNOWN | Undetermined |
| 60.297 INSTANT POT LOGO (BLACK AND WHITE) | | UNKNOWN | Undetermined |
| 60.298 INSTANT POT LOGO (BLACK AND WHITE) | | UNKNOWN | Undetermined |
| 60.299 INSTANT POT LOGO (BLACK AND WHITE) | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                              Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
| --- | --- |

| | | | |
| --- | --- | --- | --- |
| 60.300 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.301 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.302 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.303 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.304 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.305 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.306 | INSTANT POT LOGO (BLACK AND WHITE) | UNKNOWN | Undetermined |
| 60.307 | INSTANT POT LOGO (COLOUR CLAIM IN CANADA) | UNKNOWN | Undetermined |
| 60.308 | INSTANT POT LOGO (COLOUR) | UNKNOWN | Undetermined |
| 60.309 | INSTANT POT LOGO (COLOUR) | UNKNOWN | Undetermined |
| 60.310 | INSTANT POT LOGO (COLOUR) | UNKNOWN | Undetermined |
| 60.311 | JOY | UNKNOWN | Undetermined |
| 60.312 | JOY | UNKNOWN | Undetermined |
| 60.313 | JUST WHITE | UNKNOWN | Undetermined |
| 60.314 | LIFE IN AN INSTANT | UNKNOWN | Undetermined |
| 60.315 | LIFE PROOF PLATES | UNKNOWN | Undetermined |
| 60.316 | LITTLES | UNKNOWN | Undetermined |
| 60.317 | LIVINGWARE | UNKNOWN | Undetermined |
| 60.318 | MADE FOR TOGETHER | UNKNOWN | Undetermined |
| 60.319 | MODERN COLLECTION BAKE SERVE SHARE AND DESIGN | UNKNOWN | Undetermined |
| 60.320 | MODERN COLLECTION BAKE SERVE SHARE DESIGN | UNKNOWN | Undetermined |
| 60.321 | NUTRIBOOST | UNKNOWN | Undetermined |
| 60.322 | NUTRIBOOST | UNKNOWN | Undetermined |
| 60.323 | NUTRIBOOST | UNKNOWN | Undetermined |
| 60.324 | NUTRIBOOST | UNKNOWN | Undetermined |
| 60.325 | NUTRIBOOST | UNKNOWN | Undetermined |
| 60.326 | NUTRIBOOST | UNKNOWN | Undetermined |
| 60.327 | OLO | UNKNOWN | Undetermined |
| 60.328 | OMNI | UNKNOWN | Undetermined |
| 60.329 | OMNI | UNKNOWN | Undetermined |
| 60.330 | OMNI | UNKNOWN | Undetermined |
| 60.331 | OMNI | UNKNOWN | Undetermined |
| 60.332 | OMNI | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

| | | | |
|---|---|---|---|
| 60.333 POP-INS | | UNKNOWN | Undetermined |
| 60.334 PRESSURE COOKING APPLIANCE WITH LID | | UNKNOWN | Undetermined |
| 60.335 REVERE | | UNKNOWN | Undetermined |
| 60.336 REVERE | | UNKNOWN | Undetermined |
| 60.337 REVERE CONVENIENCE | | UNKNOWN | Undetermined |
| 60.338 REVERE DESIGN | | UNKNOWN | Undetermined |
| 60.339 REVERE NONSTICK & DESIGN | | UNKNOWN | Undetermined |
| 60.340 REVERE SINCE 1801 (SILHOUETTE) | | UNKNOWN | Undetermined |
| 60.341 REVERE SINCE 1801 LIMITED LIFETIME WARRANTY & DESIGN | | UNKNOWN | Undetermined |
| 60.342 REVERE TRADITIONS | | UNKNOWN | Undetermined |
| 60.343 SAY GOODBYE TO CHIPS & CRACKS AND DESIGN | | UNKNOWN | Undetermined |
| 60.344 SIZZLER | | UNKNOWN | Undetermined |
| 60.345 SIZZLER | | UNKNOWN | Undetermined |
| 60.346 SNAP WARE | | UNKNOWN | Undetermined |
| 60.347 SNAPWARE (NEW 2016 LOGO) DESIGN | | UNKNOWN | Undetermined |
| 60.348 SNAPWARE TO GO | | UNKNOWN | Undetermined |
| 60.349 SO EAT EPICURE | | UNKNOWN | Undetermined |
| 60.350 SOUND MARK - LID CLOSING | | UNKNOWN | Undetermined |
| 60.351 SOUND MARK - LID OPENING | | UNKNOWN | Undetermined |
| 60.352 STRENGTH & STYLE, THAT'S THE BEAUTY OF CORELLE | | UNKNOWN | Undetermined |
| 60.353 THERMOSHOCK TECHNOLOGY | | UNKNOWN | Undetermined |
| 60.354 TOTAL SOLUTION | | UNKNOWN | Undetermined |
| 60.355 TRAX-GRIP | | UNKNOWN | Undetermined |
| 60.356 TURBOCRISP | | UNKNOWN | Undetermined |
| 60.357 VERSASTONE | | UNKNOWN | Undetermined |
| 60.358 VORTEX | | UNKNOWN | Undetermined |
| 60.359 VORTEX | | UNKNOWN | Undetermined |
| 60.360 VORTEX | | UNKNOWN | Undetermined |
| 60.361 VORTEX | | UNKNOWN | Undetermined |
| 60.362 VORTEX | | UNKNOWN | Undetermined |
| 60.363 VORTEX | | UNKNOWN | Undetermined |
| 60.364 WORLD KITCHEN | | UNKNOWN | Undetermined |
| 60.365 ZOID | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                    **Case Number:   23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |

| | | | | |
|---|---|---|---|---|
| 60.366 | ZOID LIMITED LIFETIME WARRANTY AND DEVICE | | UNKNOWN | Undetermined |
| 60.367 | 인스턴트팟 (INSTANT POT IN KOREAN CHARACTERS) | | UNKNOWN | Undetermined |

**61.**  **Internet domain names and websites**

| | | | | |
|---|---|---|---|---|
| 61.1 | AIRFRYINSTANT.COM | | UNKNOWN | Undetermined |
| 61.2 | CORELLE-BRAND.COM | | UNKNOWN | Undetermined |
| 61.3 | CORELLECLEARANCE.COM | | UNKNOWN | Undetermined |
| 61.4 | CORELLE-COLLECTION.COM | | UNKNOWN | Undetermined |
| 61.5 | CORELLE-DINNERWARE.COM | | UNKNOWN | Undetermined |
| 61.6 | CORELLEDINNERWAREONLINE.COM | | UNKNOWN | Undetermined |
| 61.7 | CORELLEDISHESOUTLET.COM | | UNKNOWN | Undetermined |
| 61.8 | CORELLE-HOME.COM | | UNKNOWN | Undetermined |
| 61.9 | CORELLEHOUSE.COM | | UNKNOWN | Undetermined |
| 61.10 | CORELLEKITCHENWARE.COM | | UNKNOWN | Undetermined |
| 61.11 | CORELLEOFFICIAL.COM | | UNKNOWN | Undetermined |
| 61.12 | CORELLE-OFFICIAL.COM | | UNKNOWN | Undetermined |
| 61.13 | CORELLEONLINE.COM | | UNKNOWN | Undetermined |
| 61.14 | CORELLEONLINE.STORE | | UNKNOWN | Undetermined |
| 61.15 | CORELLEPRODUCTSONLINE.COM | | UNKNOWN | Undetermined |
| 61.16 | CORELLEUSAFACTORY.SHOP | | UNKNOWN | Undetermined |
| 61.17 | CORELLEUSAOUTLET.SHOP | | UNKNOWN | Undetermined |
| 61.18 | CORELLEWORLD.SHOP | | UNKNOWN | Undetermined |
| 61.19 | CORNINGCORELLEPIECES.COM | | UNKNOWN | Undetermined |
| 61.20 | CROCKPOTINSTANTPOT.COM | | UNKNOWN | Undetermined |
| 61.21 | CROCKPOTSINSTANTPOTS.COM | | UNKNOWN | Undetermined |
| 61.22 | INPOT-SHOP.COM | | UNKNOWN | Undetermined |
| 61.23 | INPOTWEB.COM | | UNKNOWN | Undetermined |
| 61.24 | INSTANTAIRFRY.COM | | UNKNOWN | Undetermined |
| 61.25 | INSTANTHOME-US.COM | | UNKNOWN | Undetermined |
| 61.26 | INSTANTPOT-AIR-FRYER.COM | | UNKNOWN | Undetermined |
| 61.27 | INSTANTPOT-US.COM | | UNKNOWN | Undetermined |
| 61.28 | INSTANTPOTWEB.SHOP | | UNKNOWN | Undetermined |
| 61.29 | INSTAPOTCO.COM | | UNKNOWN | Undetermined |
| 61.30 | MEALTHYAIRFRYER.COM | | UNKNOWN | Undetermined |
| 61.31 | MEALTHYBLEND.COM | | UNKNOWN | Undetermined |

**Instant Brands Inc.**                                              Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |

| | | | | |
|---|---|---|---|---|
| 61.32 | MEALTHYINSTANTPOT.COM | | UNKNOWN | Undetermined |
| 61.33 | MEALTHYINSTANTPOTS.COM | | UNKNOWN | Undetermined |
| 61.34 | MEALTHYRECIPE.COM | | UNKNOWN | Undetermined |
| 61.35 | NINJAINSTANT.COM | | UNKNOWN | Undetermined |
| 61.36 | NINJAINSTANTPOT.COM | | UNKNOWN | Undetermined |
| 61.37 | NINJAINSTANTPOTS.COM | | UNKNOWN | Undetermined |
| 61.38 | ONLINECORELLE.SHOP | | UNKNOWN | Undetermined |
| 61.39 | POT-IN.STORE | | UNKNOWN | Undetermined |
| 61.40 | SHOPINSTANTBRANDS.COM | | UNKNOWN | Undetermined |
| 61.41 | US-CORELLE.COM | | UNKNOWN | Undetermined |
| 61.42 | USINSPOT.SHOP | | UNKNOWN | Undetermined |

**62.  Licenses, franchises, and royalties**

62.1

**63.  Customer lists, mailing lists, or other compilations**

63.1

**64.  Other intangibles, or intellectual property**

| | | | | |
|---|---|---|---|---|
| 64.1 | CUSTOMER RELATIONSHIPS | | UNKNOWN | Undetermined |
| 64.2 | TECHNOLOGY | | UNKNOWN | Undetermined |

**65.  Goodwill**

| | | | | |
|---|---|---|---|---|
| 65.1 | GOODWILL | | UNKNOWN | Undetermined |

**66.  Total of Part 10**                                            | **Undetermined** |

Add lines 60 through 65. Copy the total to line 89.

**67.  Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☐ No
☑ Yes

**68.  Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☐ No
☑ Yes

**69.  Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

Instant Brands Inc.                                           Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|----------|------------------|

70. **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

    ☐ No. Go to Part 12.

    ☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---------------------|-----------------------------------|

71. **Notes receivable**
    Description (include name of obligor)

    71.1   Refer to the Intercompany Matrix attached to Schedule E/F: Creditors Who Have Unsecured Claims    Undetermined

72. **Tax refunds and unused net operating losses (NOLs)**
    Description (for example, federal, state, local)

    72.1

73. **Interests in insurance policies or annuities**

    73.1

74. **Causes of action against third parties (whether or not a lawsuit has been filed)**

    74.1

75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

    75.1

76. **Trusts, equitable or future interests in property**

    76.1

77. **Other property of any kind not already listed Examples: Season tickets, country club membership**
    Examples: Season tickets, country club membership

    77.1   Guaranteed Investment Certicate    $9,728

**Instant Brands Inc.**                                        Case Number:   **23-90727 (DRJ)**

## Schedule A/B: Assets — Real and Personal Property

**Part 11:**         **All other assets**

| General description | Current value of debtor's interest |
|---|---|

77.  **Other property of any kind not already listed Examples: Season tickets, country club membership**
     Examples: Season tickets, country club membership

| | |
|---|---|
| 77.2    Investment in IB Holdings CA10 | Undetermined |
| 77.3    Lease Deposits-Long Term | $86,023 |

78.  **Total of Part 11**
     Add lines 71 through 77. Copy the total to line 90.

| |
|---|
| **$95,751** |

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

     ☑ No
     ☐ Yes

**Instant Brands Inc.**                                    Case Number:   23-90727 (DRJ)

## Schedule A/B: Assets — Real and Personal Property

**Part 12:**     Summary

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|
| 80.  Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $955,541 | | |
| 81.  Deposits and prepayments. Copy line 9, Part 2. | $718,237 | | |
| 82.  Accounts receivable. Copy line 12, Part 3. | $0 | | |
| 83.  Investments. Copy line 17, Part 4. | $0 | | |
| 84.  Inventory. Copy line 23, Part 5. | ($5,567,779) | | |
| 85.  Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86.  Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $0 | | |
| 87.  Machinery, equipment, and vehicles. Copy line 51, Part 8. | $804,937 | | |
| 88.  Real property. Copy line 56, Part 9. | | $2,849,265 | |
| 89.  Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90.  All other assets. Copy line 78, Part 11. | $95,751 | | |
| 91.  Total. Add lines 80 through 90 for each column. | a. ($2,993,314) | b. $2,849,265 | |

92.  **Total of all property on Schedule A/B. Lines 91a + 91b = 92.**                              ($144,048)

**Instant Brands Inc.**                                                    **Case Number:   23-90727 (DRJ)**

## Schedule D: Creditors Who Have Claims Secured by Property

1.  **Do any creditors have claims secured by debtor's property?**

    ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

    ☑ Yes. Fill in all of the information below.

| Part 1: | List Creditors Who Have Secured Claims |
|---|---|

2.  **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | |
| **2.1** BANK OF AMERICA, N.A. ADMINISTRATIVE AGENT AND COLLATERAL AGENT 110 N WACKER DRIVE CHICAGO, IL 60606-1511 | ☐ | ☐ | ☐ | PROPERTY DESCRIPTION: $250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022 | ☑ | ☑ | ☐ | $121,377,023 | $0 |
| **2.2** WILMINGTON TRUST, NATIONAL ASSOCIATION SUCCESSOR ADMINISTRATIVE AGENT AND SUCCESSOR COLLATERAL AGENT 1100 N MARKET STREET WILMINGTON, DE 19801 | ☐ | ☐ | ☐ | PROPERTY DESCRIPTION: $450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021 | ☑ | ☑ | ☐ | $390,937,500 | $0 |

Secured Debt Total: **$512,314,523**

**Instant Brands Inc.**                                                                                     **Case Number:   23-90727 (DRJ)**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C U D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|
| **UCC Liens** | | | | | | | |
| **2.3** NMHG FINANCIAL SERVICES INC<br>10 RIVERVIEW DR<br>DANBURY, CT 06810 | ☐ | ☐ | ☐ | PROPERTY DESCRIPTION: UCC LIEN (FINANCING STATEMENT) :20053125680 | ☑ ☑ ☑ | UNDETERMINED | |

UCC Liens Total:

**Instant Brands Inc.**                                                                     **Case Number:   23-90727 (DRJ)**

## Schedule D: Creditors Who Have Claims Secured by Property

**Amount of Claim**

3.   **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**                   **$512,314,523**

**Instant Brands Inc.**                                                    **Case Number:   23-90727 (DRJ)**

## Schedule D: Creditors Who Have Claims Secured by Property

| Part 2: | List Others to Be Notified for a Debt Already Listed in Part 1 |
|---------|----------------------------------------------------------------|

List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Name and Mailing Address | Part 1 Line on which the Related Creditor was Listed | Last 4 Digits of Account Number for this Entity |
|--------------------------|------------------------------------------------------|-------------------------------------------------|
| NONE | | |

**Instant Brands Inc.**                                    **Case Number:   23-90727 (DRJ)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

1.  **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

☐ No. Go to Part 2.

☑ Yes. Go to line 2.

2.  **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.1 CA DEPT OF TAX AND FEE ADMINISTRATION<br>PO BOX 942879<br>SACRAMENTO, CA 94279-8062 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | $0 | $0 |
| 2.2 CANADA REVENUE AGENCY<br>SUDBURY TAX SERVICES OFFICE<br>PO BOX 20004 STN A<br>SUDBURY, ON P3A 6B4 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | $0 | $0 |
| 2.3 CANADA REVENUE AGENCY<br>1 FRONT STREET WEST<br>TORONTO, ON M5J 3X6 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | $0 | $0 |
| 2.4 CBSA - CANADA BORDER SERVICES AGENC<br>355 NORTH RIVER<br>ONTARIO, ON K1A 0L8 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | $0 | $0 |
| 2.5 ÉCO ENTREPRISES QUÉBEC<br>1600 RENÉ LÉVESQUE BLVD WEST<br>SUITE 600<br>MONTREAL, QC H3H 1P9 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | $0 | $0 |
| | Taxes and certain other debts owed to the government 507(a)(8) Total: | | | | | **$0** | **$0** |

**Instant Brands Inc.**                                                          **Case Number:   23-90727 (DRJ)**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

Total: All Creditors with PRIORITY Unsecured Claims | $0 | $0

**Instant Brands Inc.**                                    Case Number:   23-90727 (DRJ)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**     **List All Creditors with NONPRIORITY Unsecured Claims**

3.   **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C  U  D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|
| **Trade Payables** | | | | | | |
| 3.1 | 1111 INTERNATIONAL NOMINEE INC<br>15 FITZGERALD RD, SUITE 200<br>0<br>OTTAWA, ON K2H 9G1<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: 9058 | ☐ ☐ ☐ | | ☐ | $12,975 |
| 3.2 | AMAZON WEB SERVICES, INC.<br>420 MONTGOMERY STREET<br>0<br>SAN FRANCISCO, CA 94163 | UNKNOWN<br><br>ACCOUNT NO.: 8275 | ☐ ☐ ☐ | | ☐ | $19,597 |
| 3.3 | BELL CANADA<br>PO BOX 5534<br>24619 NETWORK PLACE<br>0<br>CHICAGO, IL 60673-1246 | UNKNOWN<br><br>ACCOUNT NO.: 0412 | ☐ ☐ ☐ | | ☐ | $129 |
| 3.4 | CANADA CUSTOMS AND REVENUE<br>PO BOX 12076<br>ST. JOHN'S TAX CENTRE, STATION A<br>0<br>ST. JOHN'S, NF A1B 4T4<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: 4653 | ☐ ☐ ☐ | | ☐ | $815,854 |
| 3.5 | CLARITI GROUP INC.<br>PO BOX 76<br>0<br>CARP, ON K0A1L0<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: 7383 | ☐ ☐ ☐ | | ☐ | $578 |
| 3.6 | COGECO CONNEXIONS, INC<br>1425 GREENWAY DRIVE, SUITE 300<br>0<br>IRVING, TX 75038 | UNKNOWN<br><br>ACCOUNT NO.: 6636 | ☐ ☐ ☐ | | ☐ | $906 |
| 3.7 | DE LAGE LANDEN FINANCIAL SVCS.<br>1435 WEST FULTON STREET<br>0<br>CHICAGO, IL 60607 | UNKNOWN<br><br>ACCOUNT NO.: 2179 | ☐ ☐ ☐ | | ☐ | $483 |

**Instant Brands Inc.**                                          Case Number:   23-90727 (DRJ)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**       **List All Creditors with NONPRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|

**Trade Payables**

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Amount of Claim |
|---|---|---|---|---|---|
| 3.8 | DELMAR INTERNATIONAL INC. 10636 CHEMIN DE LA CÔTE-DE-LIESSE 0 LACHINE, QC H8T 1A5 CANADA | UNKNOWN ACCOUNT NO.: 7057 | ☐ ☐ ☐ | ☐ | $25,856 |
| 3.9 | FEDERAL EXPRESS CANADA CORPORATION PO BOX 4626 TORONTO STN A 0 TORONTO, ON M5W 5B4 CANADA | UNKNOWN ACCOUNT NO.: 7170 | ☐ ☐ ☐ | ☐ | $20,993 |
| 3.10 | GS1 CANADA 8730 STONY POINT PARKWAY, STE 300 0 RICHMOND, VA 23235 | UNKNOWN ACCOUNT NO.: 2196 | ☐ ☐ ☐ | ☐ | $8,745 |
| 3.11 | KRP PROPERTIES. 555 LEGGET DR #206 0 KANATA, ON K2K 2X3 CANADA | UNKNOWN ACCOUNT NO.: 7112 | ☐ ☐ ☐ | ☐ | $116,419 |
| 3.12 | MAOMAOMOM KITCHEN INC. 29 SWANS WAY 0 OTTAWA, ON K1J 6H8 CANADA | UNKNOWN ACCOUNT NO.: 7723 | ☐ ☐ ☐ | ☐ | $1,001 |
| 3.13 | PRICEWATERHOUSECOOPERS LLP 99 BANK STREET, SUITE 710 0 OTTAWA, ON K1P1E4 CANADA | UNKNOWN ACCOUNT NO.: 7284 | ☐ ☐ ☐ | ☐ | $14,888 |
| 3.14 | RBC DEXIA INVESTOR SERVICES TRUST 929 FAULTLESS DRIVE 0 ASHLAND, OH 44805 | UNKNOWN ACCOUNT NO.: 0476 | ☐ ☐ ☐ | ☐ | $28,727 |
| 3.15 | RESOURCE PRODUCTIVITY & RECOVERY AU 450 MARCH RD, SUITE 102 0 KANATA, ON K2K 3K2 CANADA | UNKNOWN ACCOUNT NO.: 9138 | ☐ ☐ ☐ | ☐ | $70 |

**Instant Brands Inc.**                                          Case Number:   23-90727 (DRJ)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**     List All Creditors with NONPRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Trade Payables** | | | | | | | |
| **3.16** REVOLUTION RESOURCE RECOVERY INC 19500 56TH AVE. 0 SURREY, BC V3S-6K4 CANADA | UNKNOWN ACCOUNT NO.: 7220 | ☐ | ☐ | ☐ | | ☐ | $2,400 |
| **3.17** ROGERS COMMUNICATIONS CANADA INC. PO BOX 2000 0 SCARBOROUGH, ON M1R 5P4 CANADA | UNKNOWN ACCOUNT NO.: 7293 | ☐ | ☐ | ☐ | | ☐ | $969 |
| **3.18** STERICYCLE EXPERTSOLUTIONS 27314 NETWORK PLACE 0 CHICAGO, IL 60673-1273 | UNKNOWN ACCOUNT NO.: 7133 | ☐ | ☐ | ☐ | | ☐ | $2,066 |
| **3.19** THE BREW CENTRE 319 N. ALBANY 0 CHICAGO, IL 60612 | UNKNOWN ACCOUNT NO.: 2898 | ☐ | ☐ | ☐ | | ☐ | $125 |
| **3.20** THE STAFFING EDGE ULC 7685 HURONTARIO STREET 0 BRAMPTON, ON L6W 0B4 CANADA | UNKNOWN ACCOUNT NO.: 7424 | ☐ | ☐ | ☐ | | ☐ | $4,674 |
| **3.21** TREASURER OF THE STATE OF OHIO 101 N. WACKER DRIVE, SUITE 1500 0 CHICAGO, IL 60606 | UNKNOWN ACCOUNT NO.: 1777 | ☐ | ☐ | ☐ | | ☐ | $1,121 |
| **3.22** UNIVOIP SYSTEMS INC. 1743 ST LAURENT BLVD. #224 0 OTTAWA, ON K2M 2E9 CANADA | UNKNOWN ACCOUNT NO.: 7350 | ☐ | ☐ | ☐ | | ☐ | $2,071 |
| **3.23** UPS 9623 E. IMPERIAL HWY 0 DOWNEY, CA 90242 | UNKNOWN ACCOUNT NO.: 3666 | ☐ | ☐ | ☐ | | ☐ | $13,916 |
| **3.24** UPS SUPPLY SOLUTIONS LTL PO BOX 8801 0 CAROL STREAM, IL 60197-8801 | UNKNOWN ACCOUNT NO.: 3647 | ☐ | ☐ | ☐ | | ☐ | $178,070 |

**Instant Brands Inc.**                                      Case Number:   23-90727 (DRJ)

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 2: | List All Creditors with NONPRIORITY Unsecured Claims |
|---------|------------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|---|---|
| **Trade Payables** | | | | | | | |
| **3.25**  VERIZON CANADA LTD<br>PO BOX 1100<br>0<br>TORONTO, ON M5W 2G5<br>CANADA | UNKNOWN<br><br>ACCOUNT NO.: 8160 | ☐ | ☐ | ☐ | | ☐ | $343 |

Trade Payables Total:  **$1,272,977**

**Instant Brands Inc.**                                                                  Case Number:   23-90727 (DRJ)

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**     **List All Creditors with NONPRIORITY Unsecured Claims**

|                                                                 |              |
|-----------------------------------------------------------------|--------------|
| **Total: All Creditors with NONPRIORITY Unsecured Claims**      | **$1,272,977** |

**Instant Brands Acquisition Holdings Inc. (*)**
**Schedule E/F: Creditors Who Have Unsecured Claims**
*Part 2, SubSchedule 3, Question 3*
*Intercompany Matrix (USD)*

| | | RECEIVABLE FROM / (PAYABLE TO) | | | | |
|---|---|---|---|---|---|---|
| | As of May 31, 2023 | Instant Brands (Texas) Inc. | Instant Brands LLC | Instant Brands Holdings Inc. | Corelle Brands (Canada) Inc. | Instant Brands Inc. |
| **PAYABLE TO / (RECEIVABLE FROM)** | **Debtor Entities:** | | | | | |
| | Instant Brands (Texas) Inc. | | | 1,000 | | |
| | Instant Brands LLC | | | | | (189,536,806) |
| | Instant Brands Holdings Inc. | (1,000) | | | | |
| | Corelle Brands (Canada) Inc. | | | | | 2,228,196 |
| | Instant Brands Inc. | | 189,536,806 | | (2,228,196) | |
| | **Non-Debtor Entities (Branch Company, If Indicated):** | | | | | |
| | Instant Brands (Australia) Pty Ltd | | (3,448,498) | | | |
| | Corelle Brands (Shanghai) Co., Ltd. | | 379 | | | |
| | Shenzhen First Branch Company | | 1,104,413 | | | |
| | Corelle Brands (Asia Pacific) Sdn. Bhd. | | (263,233) | | | |
| | Corelle Brands (Korea) Co., Ltd. | | 5,367,085 | | | (7,203) |
| | Corelle Brands (Hong Kong) Co., Limited | | 1,337,109 | | | |
| | World Kitchen (India) Private Limited | | (3,012,646) | | | |
| | Instant Brands (EMEA) Limited | | (21,928,953) | | | (840,880) |
| | Instant Brands (Ireland) Limited | | (4,219,541) | | | (50,751) |
| | Corelle Brands (Asia Pacific) Pte. Ltd. | | 174,577 | | | |
| | Hangzhou First Branch Company | | 1,552,487 | | | |

(*)    As of May 31, 2023, the following Debtor Entities did not have any receivable or payable balances with other Debtor or non-Debtor Entities which are expected to be collected or payable in cash.
Instant Brands Acquisition Holdings Inc.
Instant Brands Acquisition Intermediate Holdings Inc.
URS-1 (Charleroi) LLC
URS-2 (Corning) LLC
Corelle Brands (Latin America) LLC
EKCO Group, LLC
EKCO Housewares, Inc.
EKCO Manufacturing of Ohio, Inc.
Instant Brands (Canada) Holding Inc.
Corelle Brands (GHC) LLC

**Instant Brands Inc.**                                                      **Case Number:   23-90727 (DRJ)**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 3: | List Others to Be Notified About Unsecured Claims |
|---------|---------------------------------------------------|

4.   List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.

| Creditor's Name, Mailing Address Including Zip Code | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|------------------------------------------------------|------------------------------------------------------------|-------------------------------------------------|

**4.1**   NONE

**Instant Brands Inc.**                                    **Case Number:   23-90727 (DRJ)**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 4:**      **Total Amounts of the Priority and Nonpriority Unsecured Claims**

**5.      Add the amounts of priority and nonpriority unsecured claims.**

|  |  |  | **Total of claim amounts** |
|---|---|---|---|
| 5a. | **Total claims from Part 1** | 5a. | $0 |
| 5b. | **Total claims from Part 2** | 5b.   **+** | $1,272,977 |
| 5c. | **Total of Parts 1 and 2** | 5c. | $1,272,977 |
|  | Lines 5a + 5b = 5c. |  |  |

**Instant Brands Inc.**                                                                                              **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

1.  **Does the debtor have any executory contracts or unexpired leases?**

    ☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

    ☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.  **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 1  1ST AMENDMENT TO REMOTE AGENT AGREEMENT | | 2 | ☐ | 10263591 CANADA INC. | ATTN: WILLIAM LESNIOWSKI PACIFICALL 224-1743 ST. LAURENT BLVD. OTTAWA, ON K1G 3V4 CANADA |
| 2. 2  PURCHASE_AGREEMENT_INSTANT BRANDS INC CANADA_102722 | | 161 | ☐ | CANADIAN TIRE CORPORATION, LIMITED (CTC) | 2180 YONGE STREET ATTN: LINE OF BUSINESS DIRECTOR OR VP TORONTO, ON M4S 2B9 CANADA |
| 2. 3  PURCHASE AGREEMENT | | 162 | ☐ | CANADIAN TIRE CORPORATION. LTD | 2180 YONGE STREET ATTN: LINE OF BUSINESS DIRECTOR OR VP TORONTO, ON M4S 2B9 CANADA |
| 2. 4  EMPLOYEE TRANSITION SERVICE DATED 2022 10 1 | | 1346 | ☐ | CLARITI GROUP INC. | PO BOX 76 CARP, ON K0A 1L0 CANADA |
| 2. 5  GENERAL STAFFING SERVICES AGREEMENT | | 286 | ☐ | CREATIVE NICHE INC. | 57 RICHMOND STREET WEST SUITE 301 TORONTO, ON M5V 1Y6 CANADA |
| 2. 6  FRAMEWORK AGREEMENT FOR LOGISTICS SERVICES DATED 2018 08 10 | | 1371 | ☐ | DSV SOLUTIONS INC. | SCANDINAVIA HOUSE PARKESTON HARWICH ESSEX CO12 4QG GREECE |

**Instant Brands Inc.**                                                                                  **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 7 AMENDMENT NO 1 TO DSV SOLUTIONS FRAMEWORK AGREEMENT DATED 2018 12 01 | | 1372 | ☐ | DSV SOLUTIONS, LLC | SCANDINAVIA HOUSE PARKESTON HARWICH ESSEX CO12 4QG GREECE |
| 2. 8 SUPPLY AGREEMENT TEMPLATE | | 434 | ☐ | FOSHAN WEKING HOME APPLIANCES CO., LTD. | NO. 6 SHUNYUAN NORTH ROAD FOSHAN 528300 SWITZERLAND |
| 2. 9 STATEMENT OF WORK | | 463 | ☐ | GOURNAY CONSULTING LLC | 24 FORREST BLEND DRIVE TITUSVILLE, NJ 08560 |
| 2. 10 SUPPLY AGREEMENT | | 473 | ☐ | GUANGDONG ENAITER ELECTRICAL APPLAINCES. CO. ITD. | NO. 5 DONGHAI ROAD DONGFENG TOWN ZHONGSHAN SWITZERLAND |
| 2. 11 AGREEMENT | | 477 | ☐ | GUANGDONG MIDEA CONSUMER ELECTRIC MANUFACTURING COMPANY LIMITED | O.19 SAN LE ROAD BEIJIAO SHUNDE FOSHAN CITY 528311 SWITZERLAND |
| 2. 12 AGREEMENT | | 491 | ☐ | HEATHLAND CORPORATION LIMITED | BUILDING 1, YONGXIN INDUSTRY ZONE, SHENZHEN 518115 SWITZERLAND |
| 2. 13 CONSULTANCY AGREEMENT | | 495 | ☐ | HFCC LIMITED | 8A NEW ROAD MEPAL, ELY CAMBRIDGESHIRE CB6 2AP |
| 2. 14 ENDORSEMENT NO 2 AND ENDORSEMENT NO 1  DATED 2021 08 12 | | 1384 | ☐ | INTACT INSURANCE COMPANY | 4 ROBERT SPECK PARKWAY SUITE 100 MISSISSAUGA, ON L4X 1S1 CANADA |
| 2. 15 MOBILE APPLICATION SUPPORT AGREEMENT | | 649 | ☐ | LAB651 | 550 VANDALIA ST SUITE 224 SAINT PAUL, MN 55114 |

**Instant Brands Inc.**  **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 16   MASTER SERVICE AGREEMENT | | 660 | ☐ | LAWRENCE MERCHANDISING SERVICES, | 1405 XENIUM LANE NORTH SUITE 250 PLYMOUTH, MN 55441 |
| 2. 17   2ND AMENDMENT TO LA | | 668 | ☐ | LIFETIME BRANDS, INC. | 1000 STEWART AVE. GARDEN CITY, NY 11530 |
| 2. 18   SOW 2 FOR  SMART PRODUCT CONCEPT RESEARCH DECEMBER 2021 | | 687 | ☐ | M/A/R/C RESEARCH LLC | 7850 7850 NORTH BELT LINE ROAD IRVING, TX 75284-4244 |
| 2. 19   ENGAGEMENT LETTER | | 692 | ☐ | MAGEE RESOURCE GROUP LLC | 620 TEXAS STREET SUITE 200 SHREVEPORT, LA 71101 |
| 2. 20   MASTER SERVICES AGREEMENT | | 713 | ☐ | MEDIAMONKS INC. | 1214 ABBOT KINNEY BLVD VENICE, CA 90291 |
| 2. 21   INSTANT BRANDS STANDARD AGREEMENT DEC 20 2022 | | 805 | ☐ | OCEANWING SERVICE LIMITED | ROOM 1318-19 HOLLYWOOD PLAZA, 610 N KOWLOON HONG KONG SWITZERLAND |
| 2. 22   MASTER SERVICES AGREEMENT | | 819 | ☐ | OPTIMAL DESIGN CO. | ATTN: JOSEPH Z. WASCOW 601 W. CAMUS DRIVE SUITE B3 ARLINGTON HEIGHTS, IL 60004 |
| 2. 23   SERVICE ORDER FOR IB | | 884 | ☐ | POWERREVIEWS, INC | 1 N. DEARBORN SUITE 800 ATTN: LEGAL CHICAGO, IL 60602 |
| 2. 24   AGREEMENT RE SONIC SIGNATURE | | 902 | ☐ | PRIORITY DESIGNS INC | 100 SOUTH HAMILTON ROAD COLUMBUS, OH 43213 |
| 2. 25   MSA | | 905 | ☐ | PRIORITY DESIGNS, INC. | 100 SOUTH HAMILTON ROAD COLUMBUS, OH 43213 |

**Instant Brands Inc.**                                                          **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 26 INDEPENDENT SALES REPRESENTATIVE AGREEMENT | | 976 | ☐ | ROBERT DAVIDSON INC. | 1350 RUE DES CASCADES CHATEAUGUAY, QC J6J 4Z2 CANADA |
| 2. 27 PROFESSIONAL SERVICES AGREEMENT | | 980 | ☐ | RONGOMEDIA INC. | 31 CONNISTON AVENUE OTTAWA, ON K2H 5H9 CANADA |
| 2. 28 FIRST AMENDMENT TO MASTER AGREEMENT | | 1165 | ☐ | TI INC. BOOKS | 814 N FRANKLIN ST CHICAGO, IL 60610 |
| 2. 29 MASTER SERVICE AGREEMENT | | 1173 | ☐ | TPG REWARDS INC. | 19790 WEST DIXIE HIGHWAY SUITE 808 AVENTURA, FL 33180 |
| 2. 30 GLOBAL SERVICES AGREEMENT | | 1191 | ☐ | UL COMPANY | C/O UL LLC ATTN: GENERAL COUNSEL 333 PFINGSTEN ROAD NORTHBROOK, IL 60062 |
| 2. 31 ENERGY STAR PARTNERSHIP AGREEMENT | | 1214 | ☐ | US ENVIRONMENTAL PROTECTION AGENCY (EPA) | OFFICE OF GENERAL COUNSEL 2310A 1200 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20460 |
| 2. 32 SUPPLY AGREEMENT | | 1301 | ☐ | ZHEJIANG AISHIDA HOUSEHOLD EQUIPMENT CO., LTD. | NO.69 HUANGHE ROAD JIASHAN 314100 SWITZERLAND |
| 2. 33 ASSIGNMENT OF SUPPLY AGREEMENT 2019 03 18 | | 1305 | ☐ | ZHEJIANG SHAOXING SUPOR DOMESTIC | ELECTRICAL APPLIANCE CO., LTD. NO.3 SHIJIXI STREET XHEJIANG PROVINCE SHAOXING CITY SWITZERLAND |
| 2. 34 SUPPLY AGREEMENT | | 1304 | ☐ | ZHEJIANG SHAOXING SUPOR DOMESTIC ELECTRICAL APPLIANCE CO., LTD., | NO.3 SHIJIXI STREET XHEJIANG PROVINCE SHAOXING CITY SWITZERLAND |

**Instant Brands Inc.**  **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Service and Supply Agreements** | | | | | |
| 2. 35 | SUPPLY AGREEMENT | | 1308 | ☐ | ZHEJIANG TIANXI KITCHEN APPLIANCE CO., LTD | NO. 8,SHANYAN ROAD, HUZHEN TOWN JINYUN COUNTY, LISHUI CITY ZHEJIANG PROVINCE SWITZERLAND |
| 2. 36 | SUPPLY AGREEMENT _TIANXI DATED 2021.03.28 | | 1434 | ☐ | ZHEJIANG TIANXI KITCHEN APPLIANCE CO., LTD | NO. 8,SHANYAN ROAD, HUZHEN TOWN JINYUN COUNTY, LISHUI CITY ZHEJIANG PROVINCE SWITZERLAND |
| 2. 37 | MANUFACTURING AND SUPPLY AGREEMENT | | 1312 | ☐ | ZHEJIANG TIANXI KITCHEN APPLIANCE CO., LTD. | NO. 8,SHANYAN ROAD, HUZHEN TOWN JINYUN COUNTY, LISHUI CITY ZHEJIANG PROVINCE SWITZERLAND |

**Instant Brands Inc.**                                                                          Case Number:   23-90727 (DRJ)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

**Real Property Leases**

| | | | | | |
|---|---|---|---|---|---|
| 2. 38   LEASE OTTAWA-MARCH ROAD | | 641 | ☐ | KRP PROPERTIES | 555 LEGGET DRIVE TOWER B, SUITE 300 OTTAWA, ON K2K 2X3 CANADA |

**Instant Brands Inc.**                                                    **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Intercompany Agreements** | | | | | |
| 2. 39   DA IB 3 DISTRIBUTION AGREEMENT IB INC WITH CB AUSTRALIA | | 227 | ☐ | CORELLE BRANDS (AUSTRALIA) PTY LTD | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 40   INTERCOMPANY NOTE BETWEEN 10770299 CANADA INC. AND CORELLE BRANDS (CANADA) INC | | 228 | ☐ | CORELLE BRANDS (CANADA) INC. | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 41   DA IB 4  DISTRIBUTOR AGREEMENT IB INC (CANADA) TO CB KOREA | | 233 | ☐ | CORELLE BRANDS (KOREA) CO. LTD. | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 42   INTERNATIONAL SERVICES AGREEMENT | | 239 | ☐ | CORELLE BRANDS (SHANGHAI) CO., LTD | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 43   INTERNATIONAL SERVICES AGREEMENT | | 241 | ☐ | CORELLE BRANDS (SHANGHAI) CO., LTD. | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 44   SERVICES AGREEMENT BETWEEN INSTANT BRANDS AND CB (SHANGHAI) HANGZHOU BRANCH | | 240 | ☐ | CORELLE BRANDS (SHANGHAI) CO., LTD. HANGZHOU BRANCH | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 45   INTERCOMPANY NOTE | | 242 | ☐ | CORELLE BRANDS HOLDINGS INC | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 46   DA IB 1 DISTRIBUTION AGREEMENT (CB AS DISTRIBUTOR FOR IB) | | 244 | ☐ | CORELLE BRANDS LLC | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 47   INTERCOMPANY NOTE  - PLOI | | 245 | ☐ | CORELLE BRANDS LLC | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 48   DA IB 2 DISTRIBUTION AGREEMENT - DOUBLE INSIGHTS INC - EARLYVIEW | | 354 | ☐ | EARLYVIEW LIMITED | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |

**Instant Brands Inc.**                                                                    Case Number:   23-90727 (DRJ)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Intercompany Agreements** | | | | | |
| 2. 49   DA IB 2 DISTRIBUTOR AGREEMENT AMENDMENT IB TO UK.PDF | | 355 | ☐ | EARLYVIEW LIMITED | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 50   DISTRIBUTION AGREEMENT IB INC WITH CB AUSTRALIA | | 552 | ☐ | INSTANT BRANDS (AUSTRALIA) PTY LTD | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 51   INTERCOMPANY SERVICES AGREEMENT IB INC WITH IB EMEA | | 559 | ☐ | INSTANT BRANDS (EMEA) LTD | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |
| 2. 52   LNTELLECTUAL PROPERTY ASSIGNMENT AGREEMENT | | 561 | ☐ | INSTANT BRANDS ACQUISITION HOLDINGS INC. | 3025 HIGHLAND PARKWAY SUITE 700 DOWNERS GROVE, IL 60515 |

**Instant Brands Inc.**                                                                                 **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|---|
| **Employment Agreements** | | | | | | |
| 2. 53 | EMPLOYMENT AGREEMENT | | 368 | ☐ | EMPLOYEE 10 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 54 | EMPLOYMENT AGREEMENT | | 369 | ☐ | EMPLOYEE 11 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 55 | EMPLOYMENT AGREEMENT | | 370 | ☐ | EMPLOYEE 12 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 56 | EMPLOYMENT AGREEMENT | | 371 | ☐ | EMPLOYEE 13 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 57 | EMPLOYMENT AGREEMENT | | 372 | ☐ | EMPLOYEE 14 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 58 | EMPLOYMENT AGREEMENT | | 373 | ☐ | EMPLOYEE 15 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 59 | EMPLOYMENT AGREEMENT | | 374 | ☐ | EMPLOYEE 16 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 60 | EMPLOYMENT AGREEMENT | | 375 | ☐ | EMPLOYEE 17 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 61 | EMPLOYMENT AGREEMENT | | 376 | ☐ | EMPLOYEE 18 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 62 | EMPLOYMENT AGREEMENT | | 377 | ☐ | EMPLOYEE 19 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 63 | EMPLOYMENT AGREEMENT | | 379 | ☐ | EMPLOYEE 20 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 64 | EMPLOYMENT AGREEMENT | | 380 | ☐ | EMPLOYEE 21 | CONFIDENTIAL - AVAILABLE UPON REQUEST |

**Instant Brands Inc.**                                                                 **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Employment Agreements** | | | | | |
| 2. 65   EMPLOYMENT AGREEMENT | | 381 | ☐ | EMPLOYEE 22 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 66   EMPLOYMENT AGREEMENT | | 382 | ☐ | EMPLOYEE 23 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 67   EMPLOYMENT AGREEMENT | | 383 | ☐ | EMPLOYEE 24 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 68   EMPLOYMENT AGREEMENT | | 384 | ☐ | EMPLOYEE 25 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 69   EMPLOYMENT AGREEMENT | | 385 | ☐ | EMPLOYEE 26 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 70   EMPLOYMENT AGREEMENT | | 386 | ☐ | EMPLOYEE 27 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 71   EMPLOYMENT AGREEMENT | | 387 | ☐ | EMPLOYEE 28 | CONFIDENTIAL - AVAILABLE UPON REQUEST |

**Instant Brands Inc.**  Case Number:  23-90727 (DRJ)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Licensing Agreements** | | | | | |
| 2. 72 | ADDENDUM TO TRADEMARK LICENSE | | 30 | ☐ | ADAMS MEDIA, AN IMPRINT OF SIMON & SCHUSTER, INC. | 57 LITTLEFIELD ST. ATTN: KAREN COOPER, PUBLISHER AVON, MA 02322 |
| 2. 73 | ADDENDUM TO TRADEMARK LICENSE AGREEMENT | | 25 | ☐ | ADAMS MEDIA, AN IMPRINT OF SIMON & SCHUSTER, INC. | 57 LITTLEFIELD ST. ATTN: KAREN COOPER, PUBLISHER AVON, MA 02322 |
| 2. 74 | AMENDMENT NO. 1 TO TRADEMARK LICENSE | | 28 | ☐ | ADAMS MEDIA, AN IMPRINT OF SIMON & SCHUSTER, INC. | 57 LITTLEFIELD ST. ATTN: KAREN COOPER, PUBLISHER AVON, MA 02322 |
| 2. 75 | TRADEMARK LICENSE | | 29 | ☐ | ADAMS MEDIA, AN IMPRINT OF SIMON & SCHUSTER, INC. | 57 LITTLEFIELD ST. ATTN: KAREN COOPER, PUBLISHER AVON, MA 02322 |
| 2. 76 | TRADEMARK LICENSE ADDENDUM 2 | | 23 | ☐ | ADAMS MEDIA, AN IMPRINT OF SIMON & SCHUSTER, INC. | 100 TECHNOLOGY CENTER DRIVE SUITE 501 ATTENTION: KAREN COOPER, PUBLISHER STOUGHTON, MA 02072 |
| 2. 77 | TRADEMARK LICENSE FOR 'I LOVE MY INSTANT POT' AFFORDABLE MEALS RECIPE BOOK | | 26 | ☐ | ADAMS MEDIA, AN IMPRINT OF SIMON & SCHUSTER, INC. | 57 LITTLEFIELD ST. ATTN: KAREN COOPER, PUBLISHER AVON, MA 02322 |
| 2. 78 | AMENDMENT NO. 1 TO TRADEMARK LICENSE AGREEMENT | | 69 | ☐ | ALPHA BOOKS, A DIVISION OF PENGUIN RANDOM HOUSE LLC | 345 HUDSON STREET NEW YORK, NY 10014 |
| 2. 79 | AMENDMENT NO. 1  TRADEMARK LICENSE AGREEMENT | | 82 | ☐ | AMERICA'S TEST KITCHEN LIMITED PARTNERSHIP | 21 DRY DOCK AVENUE ATTN: SARA DOMVILLE BOSTON, MA 02210 |

**Instant Brands Inc.**                                                                             **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Licensing Agreements** | | | | | |
| 2. 80   TRADEMARK LICENSE AGREEMENT | | 81 | ☐ | AMERICA'S TEST KITCHEN LIMITED PARTNERSHIP | 21 DRY DOCK AVENUE ATTN: SARA DOMVILLE BOSTON, MA 02210 |
| 2. 81   FONT LICENSE AGREEMENT | | 123 | ☐ | BENOIT SJOHOLM | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 82   TRADEMARK LICENSE DATED 2018 12 06 | | 1337 | ☐ | BOOKPACK, INC. DBA ULYSSES PRESS | 3286 ADELINE ST STE 1 BERKELEY, CA 94703-2484 |
| 2. 83   TRADEMARK LICENSE AGREEMENT -1 | | 156 | ☐ | CALLISTO MEDIA | ATTN: BASTIEN VIDAL 6005 SHELLMOUND ST. SUITE 175 EMERYVILLE, CA 94608 |
| 2. 84   TRADEMARK LICENSE AGREEMENT -2 | | 157 | ☐ | CALLISTO MEDIA, INC. | ATTN: BASTIEN VIDAL 6005 SHELLMOUND ST. SUITE 175 EMERYVILLE, CA 94608 |
| 2. 85   TRADEMARK LICENSE AGREEMENT -3 | | 158 | ☐ | CALLISTO MEDIA, INC. | ATTN: BASTIEN VIDAL 6005 SHELLMOUND ST. SUITE 175 EMERYVILLE, CA 94608 |
| 2. 86   LICENSE AND VIDEO AGREEMENT | | 347 | ☐ | DOUBLEWIDE PUBLISHING, LLC DBA CHOP SECRETS | 14681 MIDWAY RD. 2ND FLOOR ATTN: ELAINE O'GORMAN, MANAGING PARTNER ADDISON, TX 75001 |
| 2. 87   TRADEOUT AGREEMENT | | 356 | ☐ | EASY BAKE PRODUCTIONS, LLC | 2700 PENNSYLVANIA AVE SUITE 1000 SANTA MONICA, CA 90404 |
| 2. 88   GIBBS SMITH TRADEMARK LICENSE DATED 2018 15 08 | | 1376 | ☐ | GIBBS M. SMITH, INC. | 570 N SPORTSPLEX DR KAYSVILLE, UT 84037 |

**Instant Brands Inc.**                                                      **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Licensing Agreements** | | | | | |
| 2. 89   TRADEMARK LICENSE AGREEMENT | | 480 | ☐ | GUANGDONG XINBAO ELECTRICAL APPLIANCES HOLDINGS CO., LTD | LONGZHOU ROAD LELIU TOWN SHUNDE DISTRICT FOSHAN CITY SWITZERLAND |
| 2. 90   1ST AMENDMENT TO TRADEMARK LICENSE | | 481 | ☐ | HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS ATTN: REAGAN ARTHUR NEW YORK, NY 10104 |
| 2. 91   1ST AMENDMENT TO TRADEMARK LICENSE | | 482 | ☐ | HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS ATTN: REAGAN ARTHUR NEW YORK, NY 10104 |
| 2. 92   TRADEMARK LICENSE | | 483 | ☐ | HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS ATTN: REAGAN ARTHUR NEW YORK, NY 10104 |
| 2. 93   TRADEMARK LICENSE | | 484 | ☐ | HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS ATTN: REAGAN ARTHUR NEW YORK, NY 10104 |
| 2. 94   AMENDMENT 1 TO TRADEMARK LICENSE | | 485 | ☐ | HACHETTE BOOKS, AN IMPRINT OF PERSEUS BOOKS, LLC, A SUBSIDIARY OF HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS ATTN: REAGAN ARTHUR NEW YORK, NY 10104 |
| 2. 95   TRADEMARK LICENSE AGREEMENT | | 487 | ☐ | HARPERCOLLINS PUBLISHERS LLC | 195 BROADWAY ATTN: DEB BRODY NEW YORK, NY 10007 |
| 2. 96   PUBLICATION AGREEMENT (IP COOKBOOK FOR DUMMIES) | | 597 | ☐ | JOHN WILEY & SONS, INC. | 605 THIRD AVE NEW YORK, NY 10158 |
| 2. 97   FIRST AMENDMENT TO LICENSE AGREEMENT | | 639 | ☐ | KRAFT FOODS GROUP BRANDS LLC | ATTN: DEPUTY GENERAL COUNSEL 200 E. RANDOLPH STREET CHICAGO, IL 60601 |

**Instant Brands Inc.**                                                                   **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Licensing Agreements** | | | | | |
| 2. 98    TRADEMARK LICENSE AGREEMENT | | 640 | ☐ | KRAFT FOODS GROUP BRANDS LLC | ATTN: DEPUTY GENERAL COUNSEL<br>200 E. RANDOLPH STREET<br>CHICAGO, IL 60601 |
| 2. 99    TRADEMARK LICENSE | | 671 | ☐ | LITTLE, BROWN AND COMPANY, A DIVISION OF HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS<br>ATTN: REAGAN ARTHUR, SVP AND PUBLISHER, LITTLE, BROWN AND COMPANY, ATTN: EVP AND GENERAL COUNSEL<br>NEW YORK, NY 10104 |
| 2. 100    TRADEMARK LICENSE | | 672 | ☐ | LITTLE, BROWN AND COMPANY, A DIVISION OF HACHETTE BOOK GROUP, INC. | 1290 AVENUE OF THE AMERICAS<br>ATTN: REAGAN ARTHUR, SVP AND PUBLISHER, LITTLE, BROWN AND COMPANY, ATTN: EVP AND GENERAL COUNSEL<br>NEW YORK, NY 10104 |
| 2. 101    LICENSE AGREEMENT | | 710 | ☐ | MCCORMICK & COMPANY, INCORPORATED | ATTN: CHIEF IP COUNSEL<br>24 SCHILLING ROAD<br>SUITE 1<br>HUNT VALLEY, MD 21031 |
| 2. 102    CO-BRANDING AND LICENSE AGREEMENT | | 892 | ☐ | PREMIER MEAT | 5030 GIFFORD AVE<br>VERNON, CA 90058 |
| 2. 103    TRADEMARK LICENSE | | 922 | ☐ | RAFFAELLA CASO | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 104    COOKBOOK TRADEMARK LICENSE | | 953 | ☐ | RELIABLE MARKETING LTD | 76 A PRIORY STREET<br>CARMATHEN, WALES SA311NU |
| 2. 105    COOKBOOK TRADEMARK LICENSE AGREEMENT | | 952 | ☐ | RELIABLE MARKETING LTD | 76 A PRIORY STREET<br>CARMATHEN, WALES SA311NU |
| 2. 106    INSTANT POT COOKBOOK TRADEMARK LICENSE | | 954 | ☐ | RELIABLE MARKETING LTD | 76 A PRIORY STREET<br>CARMATHEN, WALES SA311NU |

**Instant Brands Inc.**                                                                                    **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Licensing Agreements** | | | | | |
| 2. 107 INSTANT POT COOKBOOK TRADEMARK LICENSE AGREEMENT | | 951 | ☐ | RELIABLE MARKETING LTD | 76 A PRIORY STREET CARMATHEN, WALES SA311NU |
| 2. 108 TRADEMARK LICENSE FOR BABY FOOD COOKBOOK | | 977 | ☐ | ROBERT ROSE INC. | 120 EGLINTON AVE. EAST SUITE 800 ATTN: ROBERT J. DEES TORONTO, ON M4P 1E2 CANADA |
| 2. 109 TRADEMARK LICENSE FOR VORTEX COOKBOOK | | 978 | ☐ | ROBERT ROSE INC. | 120 EGLINTON AVE. EAST SUITE 800 ATTN: ROBERT J. DEES TORONTO, ON M4P 1E2 CANADA |
| 2. 110 INSTANT POT TRADEMARK LICENSE | | 986 | ☐ | RYLAND PETERS & SMALL | 20-21 JOCKEY'S FIELDS HOLBORN, LONDON WC1R 4BW |
| 2. 111 INSTANT POT COOKBOOK TRADEMARK LICENSE AGREEMENT | | 987 | ☐ | RYLANDS PETERS & SMALL LIMITED | 20-21 JOCKEY'S FIELDS HOLBORN, LONDON WC1R 4BW |
| 2. 112 TRADEMARK LICENSE - ADDENDUM | | 1046 | ☐ | SIMON & SCHUSTER, INC. | ATTN: KAREN COOPER 57 LITTLEFIELD STREET AVON, MA 02322 |
| 2. 113 LICENSE AGREEMENT | | 1062 | ☐ | SMUCKER NATURAL FOODS, INC. | 1 STRAWBERRY LANE ATTN: TRUROOTS BRAND MARKETING ORRVILLE, OH 44667 |
| 2. 114 LICENSING AGREEMENT FOR GOOD HOUSEKEEPING INSTANT POT COOKBOOK | | 1101 | ☐ | STERLING PUBLISHING CO., INC. | PO BOX 5078 NEW YORK, NY 10087-5078 |
| 2. 115 TRADEMARK LICENSE AGREEMENT FOR GOOD HOUSEKEEPING 400 CALORIE INSTANT POT COOKBOOK | | 1102 | ☐ | STERLING PUBLISHING CO., INC. | PO BOX 5078 NEW YORK, NY 10087-5078 |

**Instant Brands Inc.**                                                                                   Case Number:   23-90727 (DRJ)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Licensing Agreements** | | | | | |
| 2. 116  TRADEMARK LICENSING AGREEMENT FOR INSTANT POT KOSHER COOKBOOK | | 1103 | ☐ | STERLING PUBLISHING CO., INC. | PO BOX 5078 NEW YORK, NY 10087-5078 |
| 2. 117  AMENDMENT AND 3 WORK ORDERS DATED 2022 12 14 | | 1422 | ☐ | TI INC. BOOKS F/K/A TIME INC. BOOKS | 814 N FRANKLIN ST CHICAGO, IL 60610 |
| 2. 118  TRADEOUT AGREEMENT | | 1207 | ☐ | UNIVERSAL TELEVISION, LLC | 100 UNIVERSAL CITY PLAZA UNIVERSAL CITY, CA 91608 |
| 2. 119  COOKBOOK TRADEMARK LICENSE AGREEMENT | | 1221 | ☐ | VENTIS SPA | MAGNERE 1540 OF 406 PROVIDENCIA SANTIAGO SWITZERLAND |
| 2. 120  TRADEMARK LICENSE FOR MULTIPLE BOOKS | | 1259 | ☐ | WELDEN-OWEN | A DIVISION OF BONNIER PUBLISHING USA ATTN: ROGER SHAW 1045 SANSOME STREET, SUITE 100 SAN FRANCISCO, CA 94111 |

**Instant Brands Inc.**                                                        Case Number:   23-90727 (DRJ)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Financial Agreements** | | | | | |
| 2. 121   JP MORGAN CHASE BANK & ROYAL BANK CANADA - INTERCREDITOR AGREEMENT | | 606 | ☐ | JPMORGAN CHASE BANK, N.A. | 111 POLARIS PARKWAY SUITE N4 (OH1-1085) ATTN: OPERATIONS MANAGER COLUMBUS, OH 43240 |
| 2. 122   MASTER STAND-BY CLAIMS PURCHASE AGREEMENT - INSTANT BRANDS | | 609 | ☐ | JPMORGAN CHASE BANK, N.A. | 111 POLARIS PARKWAY SUITE N4 (OH1-1085) ATTN: OPERATIONS MANAGER COLUMBUS, OH 43240 |

**Instant Brands Inc.**                                                                 **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Confidentiality Agreements** | | | | | |
| 2. 123    NDA | | 34 | ☐ | ADAPTICS LIMITED | ATT: GRAHAM OSULLIVAN<br>THE PRIORY, JOHN STREET WEST<br>DUBLIN 8<br>IRAN, ISLAMIC REPUBLIC OF |
| 2. 124    NDA | | 107 | ☐ | AYLA NETWORKS INC. | 4250 BURTON DRIVE, SANTA<br>CLARA, CA 95054<br>SANTA CLARA, CA 95054 |
| 2. 125    NON-DISCLOSURE AGREEMENT | | 295 | ☐ | CUBRC, INC. | 4455 GENESEE STREET<br>SUITE 106<br>BUFFALO, NY 14225-1955 |
| 2. 126    NDA | | 307 | ☐ | DEBING INC. | 27 W. WACKER DR.<br>#705<br>CHICAGO, IL 60606 |
| 2. 127    NON-DISCLOSURE AGREEMENT | | 310 | ☐ | DELVE, INC. | 1010 EAST WASHINGTON AVE.<br>MADISON, WI 53703 |
| 2. 128    NON-DISCLOSURE AGREEMENT | | 318 | ☐ | DESIGN INTEGRITY, INC. | 1528 W ADAMS ST<br>UNIT 1<br>CHICAGO, IL 60607 |
| 2. 129    NON-DISCLOSURE AGREEMENT | | 399 | ☐ | ETERNAL (GUANGDONG) TECH ELECTRIC CO.,LTD | B5 SOUTH, LONGZHOU ROAD<br>LONGJIANG RESIDENTIAL<br>COMMITTEE, LONGJIANG TOWN<br>SHUNDE DISTRICT<br>FOSHAN CITY<br>SWITZERLAND |
| 2. 130    NON-DISCLOSURE AGREEMENT | | 409 | ☐ | EXTEND, INC. | 301 SPEAR ST.<br>SUITE 1410<br>SAN FRANCISCO, CA 94941 |
| 2. 131    NON-DISCLOSURE AGREEMENT | | 433 | ☐ | FOSHAN SHUNDE MIDEA ELECTRICAL HEATING APPLIANCES MANUFACTURING COMPANY LIMITED | O.19 SAN LE ROAD BEIJIAO<br>SHUNDE<br>FOSHAN CITY 528311<br>SWITZERLAND |

**Instant Brands Inc.**                                                          **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Confidentiality Agreements** | | | | | |
| 2. 132 | MUTUAL NON-DISCLOSURE AGREEMENT | | 449 | ☐ | GENOPALATE, INC. | 10437 W. INNOVATION DR. SUITE 518 MILWAUKEE, WI 53226 |
| 2. 133 | NON-DISCLOSURE AGREEMENT | | 470 | ☐ | GUANDONG XINBAO ELECTRICAL APPLIANCES HOLDINGS CO, LTD | LONGZHOU ROAD LELIU TOWN SHUNDE DISTRICT FOSHAN CITY SWITZERLAND |
| 2. 134 | NDA | | 479 | ☐ | GUANGDONG XINBAO ELECTRICAL APPLIANCES HOLDINGS CO. LTD | LONGZHOU ROAD LELIU TOWN SHUNDE DISTRICT FOSHAN CITY SWITZERLAND |
| 2. 135 | NON-DISCLOSURE AGREEMENT | | 516 | ☐ | HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY | 3 PARK AVENUE FLOOR 19 NEW YORK, NY 10016 |
| 2. 136 | MUTUAL NON-DISCLOSURE AGREEMENT | | 568 | ☐ | INTEGO CO. DBA CLYDE | 579 BROADWAY #2C NEW YORK, NY 10012 |
| 2. 137 | NON-DISCLOSURE AGREEMENT | | 569 | ☐ | INTEGO CO. DBA CLYDE | 579 BROADWAY #2C NEW YORK, NY 10012 |
| 2. 138 | NON-DISCLOSURE AGREEMENT | | 642 | ☐ | KRP PROPERTIES | 555 LEGGET DRIVE TOWER B, SUITE 300 OTTAWA, ON K2K 2X3 CANADA |
| 2. 139 | NDA | | 662 | ☐ | LES VIANDES PREMIER R.D. | 270 BLVD JOSEPH CARRIEL VANDERVIT, QC J7V 5V5 CANADA |
| 2. 140 | MUTUAL NON-DISCLOSURE AGREEMENT | | 688 | ☐ | MACLEAN CREATIVE | 2733 N. HAMLIN AVE UNIT 3 CHICAGO, IL 60647 |

**Instant Brands Inc.**                                                                                    **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Confidentiality Agreements** | | | | | |
| 2. 141 | NON-DISCLOSURE AGREEMENT | | 727 | ☐ | MEYER CORPORATION, U.S. | 1 MEYER PLAZA<br>VALLEJO, CA 94590 |
| 2. 142 | NON-DISCLOSURE AGREEMENT | | 759 | ☐ | MUSTANG CUSTOM FOODS, LLC | 4020 BLACK GOLD DR<br>DALLAS, TX 75247 |
| 2. 143 | NDA | | 760 | ☐ | MWM GRAPHICS | MATT W. MOORE, MWM GRAPHICS<br>150 MIDDLE STREET #4B<br>PORTLAND, ME 04101 |
| 2. 144 | INTELLECTUAL PROPERTY AND CONFIDENTIAL INFORMATION AGREEMENT | | 769 | ☐ | NDA PARTY 1 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 145 | INTELLECTUAL PROPERTY AND CONFIDENTIAL INFORMATION AGREEMENT | | 772 | ☐ | NDA PARTY 11 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 146 | INTELLECTUAL PROPERTY INFORMATION AGREEMENT | | 773 | ☐ | NDA PARTY 12 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 147 | INTELLECTUAL PROPERTY INFORMATION AGREEMENT | | 775 | ☐ | NDA PARTY 13 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 148 | INTELLECTUAL PROPERTY AND CONFIDENTIAL INFORMATION AGREEMENT | | 777 | ☐ | NDA PARTY 2 | CONFIDENTIAL - AVAILABLE UPON REQUEST |
| 2. 149 | NDA | | 861 | ☐ | PENSONIC INDUSTRIES SDN BHD | LOT 11A, JALAN 51A/223, SEC 51A<br>PETALING JAYA, SELANGOR 46100<br>MOROCCO |
| 2. 150 | NON-DISCLOSURE AGREEMENT | | 906 | ☐ | PRIORITY DESIGNS, INC. | 100 SOUTH HAMILTON ROAD<br>COLUMBUS, OH 43213 |
| 2. 151 | NDA | | 983 | ☐ | RUBRIK LLC | 176 NORTHGATE RD<br>RIVERSIDE, IL 60506 |

**Instant Brands Inc.**                                                    **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

### Confidentiality Agreements

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 152 NDA | | 984 | ☐ | RUBRIK LLC | 176 NORTHGATE RD RIVERSIDE, IL 60506 |
| 2. 153 CONFIDENTIALITY AND NON-DISCLOSURE AGREEMENT | | 1044 | ☐ | SILIKER CANADA CO. | C/O MERIEUX NUTRISCIENCES 90 GOUGH ROAD MARKHAM, ON L3R 5V5 CANADA |
| 2. 154 NON-DISCLOSURE AGREEMENT | | 1119 | ☐ | TARGET CUSTOMS BROKERS, INC. | 7000 TARGET PARKWAY NORTH NCD 4452 BROOKLYN PARK, MN 55445 |
| 2. 155 MUTUAL NON-DISCLOSURE AGREEMENT | | 1164 | ☐ | THRIVE CONSULTING LLC. | 1000 MARIETTA ST NW SUITE 290 ATLANTA, GA 30318 |

**Instant Brands Inc.**  Case Number:   23-90727 (DRJ)

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Customer Agreements** | | | | | |
| 2. 156   AGREEMENT 56490-ADV-3100007716 | | 13 | ☐ | ACE HARDWARE CORPORATION | 200 KENSINGTON COURT OAK BROOK, IL 60523 |
| 2. 157   FY23 VPA CLASS 106 SKE | | 124 | ☐ | BEST BUY | 7601 PENN AVE S RICHFIELD, MN 55423 |
| 2. 158   CHECKER DISTRIBUTORS CO-OP | | 177 | ☐ | CHECKER DISTRIBUTORS | 400 W. DUSSEL DR. STE B MAUMEE, OH 43537-1636 |
| 2. 159   COSTCO.COM ONLINE ITEM AGREEMENT | | 274 | ☐ | COSTCO | COSTCO'S VENDOR MAINTENANCE DEPT 999 LAKE DRIVE ISSAQUAH, WA 98027 |
| 2. 160   COSTCO CANADA BASIC SUPPLIER AGREEMENT - (APPLIANCES FROM CANADA WAREHOUSE) | | 262 | ☐ | COSTCO WHOLESALE CANADA LTD. | COSTCO'S VENDOR MAINTENANCE DEPT 999 LAKE DRIVE ISSAQUAH, WA 98027 |
| 2. 161   WHOLESALE GLOBAL IMPORT SUPPLIER AGREEMENT | | 263 | ☐ | COSTCO WHOLESALE CORPORATION & SUBSIDIARIES | COSTCO'S VENDOR MAINTENANCE DEPT 999 LAKE DRIVE ISSAQUAH, WA 98027 |
| 2. 162   FROOTLE DSTRIBUTOR AGREEMENT INDIA DATED 2021 11 01 | | 1375 | ☐ | FROOTLE INDIA | TELI GALI, PARSI COLONY SAI WADI, ANDHERI EAST MUMBAI 400053 INDIA |
| 2. 163   SUPPLIER DATA AGREEMENT DATED 2021 12 27 | | 1380 | ☐ | HOME DEPOT, THE | 2455 PACES FERRY RD SE ATLANTA, GA 30339 |
| 2. 164   VENDOR SETUP PACKAGE | | 627 | ☐ | KITCHEN COLLECTION, LLC | 71E WATER STREET CHILLICOTHE, OH 45601 |

**Instant Brands Inc.**                                                      **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Customer Agreements** | | | | | |
| 2. 165 | LETTER OF AUTHORIZATION | | 943 | ☐ | REDLINE DISTRIBUTION LIMITED | 495 MARCH ROAD SUITE 200 KANATA, ON K2K 3G1 CANADA |
| 2. 166 | DISTRIBUTOR AGREEMENT | | 944 | ☐ | REDLINE DISTRIBUTION LTD | 495 MARCH ROAD SUITE 200 KANATA, ON K2K 3G1 CANADA |
| 2. 167 | DISTRIBUTOR AGREEMENT | | 945 | ☐ | REDLINE DISTRIBUTION LTD | 495 MARCH ROAD SUITE 200 KANATA, ON K2K 3G1 CANADA |
| 2. 168 | DISTRIBUTOR AGREEMENT | | 1117 | ☐ | SYNERGY TRADING CORPORATION | YODOYABASHI FLEX TOWER 4TH FLOOR, 3-11, KORAIBASHI 3-CHROME CHUO-KU, OSAKA 541-0043 |
| 2. 169 | ADDENDUM TO STANDARD VENDOR AGREEMENT | | 1144 | ☐ | THE KROGER CO. | 3800 SE 22ND AVENUE PORTLAND, OR 97202 |

**Instant Brands Inc.**                                                                 **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|

### Independent Contractor Agreements

| | | | | | |
|---|---|---|---|---|---|
| 2. 170    3RD AMENDMENT | | 544 | ☐ | INDEPENDENT CONTRACTOR 5 | CONFIDENTIAL - AVAILABLE UPON REQUEST |

**Instant Brands Inc.**                                                                                   **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|---|
| **IT Agreements** | | | | | | |
| 2. 171 | AGREEMENT EFFECTIVE JAN 1 2022 | | 37 | ☐ | ADAPTICS LTD | ATT: GRAHAM OSULLIVAN<br>THE PRIORY, JOHN STREET WEST<br>DUBLIN 8<br>IRAN, ISLAMIC REPUBLIC OF |
| 2. 172 | CONNECTED APPLIANCES<br>COLLABORATION AGREEMENT | | 36 | ☐ | ADAPTICS LTD (T/A DROP) | ATT: GRAHAM OSULLIVAN<br>THE PRIORY, JOHN STREET WEST<br>DUBLIN 8<br>IRAN, ISLAMIC REPUBLIC OF |
| 2. 173 | SOFTWARE SERVICE AGREEMENT | | 316 | ☐ | DEPENDABLE SOLUTIONS, INC. | 841 APOLLO STREET<br>SUITE 324<br>EL SEGUNDO, CA 90245 |
| 2. 174 | SERVICE ORDER (Q-00044069) | | 443 | ☐ | GARTNER, INC. | 56 TOP GALLANT ROAD<br>STAMFORD, CT 06902 |
| 2. 175 | ESCROW AGREEMENT | | 451 | ☐ | GET DROP | 600 CALIFORNIA STREET<br>14TH FLOOR<br>SAN FRANCISCO, CA 94108 |
| 2. 176 | SOW FOR SOLIDWORKS PDM | | 550 | ☐ | INFLOW TECHNOLOGY | #33 & 34, INDIRANAGAR 1ST<br>STAGE, OFF 100 FEET ROAD<br>BANGALORE 560038<br>INDIA |
| 2. 177 | ESCROW AS A SERVICE REPLICATE+<br>AGREEMENT | | 768 | ☐ | NCC GROUP ESCROW ASSOCIATES,<br>LLC, | 11675 RAINWATER DRIVE<br>600 NORTHWINDS<br>SUITE 260<br>ALPHARETTA, GA 30009 |
| 2. 178 | PLATFORM SERVICES AGREEMENT | | 1183 | ☐ | TUYA GLOBAL INC. | 3979 FREEDOM CIRCLE<br>SUITE 340<br>SANTA CLARA, CA 95054 |
| 2. 179 | RENEWAL QUOTE DATED 2023 01 01 | | 1431 | ☐ | VERTEX, INC. | 1041 OLD CASSATT ROAD<br>BERWYN, PA 19312-1151 |

**Instant Brands Inc.**                                                                                    **Case Number:   23-90727 (DRJ)**

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  179**

**Instant Brands Inc.**                                              **Case Number:   23-90727 (DRJ)**

# Schedule H: Codebtors

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

    Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.1   CORELLE BRANDS (CANADA) INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.2   CORELLE BRANDS (GHC) LLC<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.3   EKCO GROUP, LLC<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.4   EKCO HOUSEWARES, INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.5   EKCO MANUFACTURING OF OHIO, INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |

**Instant Brands Inc.**            **Case Number:   23-90727 (DRJ)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.6 INSTANT BRANDS (CANADA) HOLDING INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.7 INSTANT BRANDS ACQUISITION INTERMEDIATE HOLDINGS INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.8 INSTANT BRANDS HOLDINGS INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.9 INSTANT BRANDS LLC<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$250 MILLION ASSET-BASED REVOLVING CREDIT AGREEMENT DATED AS OF JUNE 30, 2021, AS AMENDED AS OF MAY 13, 2022** | BANK OF AMERICA, N.A. | ☑ | ☐ | ☐ |
| 2.10 CORELLE BRANDS (CANADA) INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.11 CORELLE BRANDS (GHC) LLC<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.12 EKCO GROUP, LLC<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |

**Instant Brands Inc.**                               **Case Number:   23-90727 (DRJ)**

## Schedule H: Codebtors

| Column 1 | Column 2 | Applicable Schedule | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.13  EKCO HOUSEWARES, INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.14  EKCO MANUFACTURING OF OHIO, INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.15  INSTANT BRANDS (CANADA) HOLDING INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.16  INSTANT BRANDS ACQUISITION INTERMEDIATE HOLDINGS INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.17  INSTANT BRANDS HOLDINGS INC.<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |
| 2.18  INSTANT BRANDS LLC<br>3025 HIGHLAND PARKWAY<br>SUITE 700<br>DOWNERS GROVE, IL 60515<br><br>**$450 MILLION SENIOR SECURED CREDIT AGREEMENT DATED AS OF APRIL 12, 2021** | WILMINGTON TRUST, NATIONAL ASSOCIATION | ☑ | ☐ | ☐ |

**Total Number of Co-Debtor / Creditor rows: 18**

**Fill in this information to identify the case:**

Debtor Name:   Instant Brands Inc.

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF TEXAS

Case Number (if known):   23-90727 (DRJ)

☐ Check if this is an amended filing

# Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
| --- | --- |

**1. Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

1a. **Real property:**
Copy line 88 from Schedule A/B ..................................................................... | $2,849,265

1b. **Total personal property:**
Copy line 91A from Schedule A/B ..................................................................... | ($2,993,314)

        **+**

1c. **Total of all property:**
Copy line 92 from Schedule A/B ..................................................................... | ($144,048)

| Part 2: | Summary of Liabilities |
| --- | --- |

**2. Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)
Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D .............................. | $512,314,523

**3. Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

3a. **Total claim amounts of priority unsecured claims:**
Copy the total claims from Part 1 from line 6a of Schedule E/F ................................................. | $0

3b. **Total amount of claims of nonpriority amount of unsecured claims:**
Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F ....................................... | $1,272,977

        **+**

4. **Total liabilities**
Lines 2 + 3a + 3b ..................................................................... | $513,587,500

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name: | Instant Brands Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF TEXAS |
| Case Number (if known): | 23-90727 (DRJ) |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents.  This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [X] Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)
- [X] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [ ] Amended Schedule _____
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| **Executed on:** | August 28, 2023 | **Signature:** /s/ Adam Hollerbach |
| | | Adam Hollerbach, Chief Restructuring Officer |
| | | **Name and Title** |