## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Instant Brands Acquisition Holdings Inc., *et al.*,[1] | ) ) ) | Case No. 23-90716 (DRJ) |
| Debtors. | ) ) | (Jointly Administered) |

**FIRST SUPPLEMENTAL DECLARATION OF CHRISTOPHER J. KEARNS IN SUPPORT OF THE APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF BERKELEY RESEARCH GROUP, LLC AS FIANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, EFFECTIVE AS OF JUNE 29, 2023**

I, Christopher J. Kearns, make this declaration (the "Declaration") pursuant to 28 U.S.C. § 1746, and state:

1.   I am a Managing Director of Berkeley Research Group, LLC ("BRG"), a financial advisory services firm with numerous offices throughout the country. I am duly authorized to make this Declaration on behalf of BRG. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify thereto.[2]

2.   I submit this declaration to supplement the Declaration (the "Initial Declaration") of Christopher J. Kearns attached as Exhibit B to the *Application for Entry of an Order Authorizing*

---

[1]   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2]   Certain of the disclosures set forth herein relate to matters within the knowledge of other professionals at BRG and are based on information provided by them.

*the Retention and Employment of Berkeley Research Group, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of June 29, 2023* (the "Application") [Docket No. 315][3]. I submit this First Supplemental Declaration in further support of the Application, in accordance with 11 U.S.C. § 328(a), and to provide additional disclosures as required under Bankruptcy Rules 2014 and 2016.

3.  On August 30, 2023, the Court entered the *Order Authorizing the Retention and Employment of Berkeley Research Group, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of June 29, 2023* [Docket No. 486] (the "BRG Retention Order").

4.  BRG hereby provides the following information to supplement the disclosures made in the Initial Declaration.

5.  Effective as of August 28, 2023, a Managing Director outside of BRG's restructuring practice, has been retained to advise a potential lender to a party that is interested in submitting a bid with respect to some or all of the assets of the Debtors. Given the nature of that work, BRG immediately implemented an ethical wall between the engagement team that is advising the potential lender and the engagement team that is providing financial advisory services for the Committee (such that the respective teams are completely walled off and there will be no cross-staffing of the engagements). BRG has discussed this engagement with the Committee and the US Trustee and has advised each regarding the implementation of the ethical wall and this supplemental disclosure. The Committee has no objection to the engagement with the implementation of the ethical wall and supplemental disclosure.

6.  In addition, BRG will take steps to ensure that access to any non-public information in each matter is limited to the applicable engagement teams. Regarding BRG's maintenance of

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

the confidentiality of client information, the only people who will have access to engagement related confidential information are professionals working on the engagement and IT administrators, all of whom adhere routinely to client confidentiality requirements. BRG's standard practice is that electronic files containing client confidential information are secured on BRG's computer servers such that the information in each case folder may be accessed only by BRG personnel who are working directly on that particular matter. Further, procedures are in place that lock down BRG computers when they become idle, and BRG requires all personnel to lock or log out of their computers whenever they step away.

7. With the assistance of in-house counsel, we will monitor our internal protocol procedures to ensure continued compliance and separation throughout each of the engagements. Further information regarding BRG ethical walls and the procedures related thereto is below:

(a) In all instances, it is BRG's policy to institute procedures that protect the confidentiality of information provided by its clients.

(b) By default, the BRG computer system locks down every electronic case folder and file such that those folders and files are only accessible to BRG personnel who are working directly on a particular matter.

(c) In addition, BRG has strict ethical wall procedures to wall off and separate engagement teams to ensure that BRG personnel on both sides shall not discuss, have access to, or in any way share or disclose information related to their respective matters with those on the other side of the wall.

(d) In particular, at the outset of the relevant matter becoming active, the Legal Department at BRG will circulate an internal memorandum setting forth the conditions of the ethical wall that has been established with respect to the affected engagements.

(e) The BRG personnel working on the affected engagements are specifically identified to one another in the memorandum, and are reminded that discussions pertaining to the subject matter of the respective engagements are prohibited.

(f) Team members are also reminded of BRG's policy with regard to securing client sensitive hard copy information.

(g) In addition, consistent with BRG's regular practice, the ethical wall requires electronic files containing client confidential information to be secured on BRG's computer servers such that the information in each case folder may be accessed only by team members for that matter that have been identified in the ethical wall memorandum.

(h) Finally, each team member is requested to sign a statement acknowledging that he or she has read the ethical wall memorandum and agrees to abide by its terms.

8. To the extent that BRG discovers any additional facts or information bearing on matters described in this Declaration that require disclosure, during the period of the Committee's retention of BRG, I will file a supplemental disclosure with the Court as required by Bankruptcy Rule 2014.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: August 31, 2023                                         Berkeley Research Group, LLC


By: */s/ Christopher J. Kearns*
Name: Christopher J. Kearns
Title:  Managing Director
          Berkeley Research Group, LLC