IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| | § | |
| INSTANT BRANDS ACQUISITION HOLDINGS INC., *et al.*, | § § § | Case No. 23-90716 (DRJ) |
| | § | |
| Debtors.[1] | § § | (Jointly Administered) |

**FIRST NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES (AND THE ABANDONMENT OF PROPERTY)**

> **PARTIES RECEIVING THIS NOTICE SHOULD CHECK <u>SCHEDULE 1</u> ATTACHED HERETO FOR THEIR NAMES AND THEIR CONTRACTS OR LEASES AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that, on June 12, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). The Debtors' chapter 11 cases are being jointly administered under case number 23-90716 (DRJ) (the "**Chapter 11 Cases**").

**PLEASE TAKE FURTHER NOTICE** that, on August 30, 2023, the Court entered the order attached hereto (without exhibits) as **Schedule 2** [Docket No. 484] (the "**Order**")[2] that, among other things, authorized and established procedures for the rejection of Contracts and Leases and the abandonment of certain property in connection therewith (the "**Rejection Procedures**").

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Motion and additional information about the Chapter 11 Cases can be accessed on the Debtors' case information website located at https://dm.epiq11.com/InstantBrands. If you have any questions, please contact, Epiq, the Debtors' claims and noticing agent, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), or email instantbrandsinfo@epiqglobal.com. Epiq cannot provide legal advice.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order and this written notice (this "**Rejection Notice**"), the Debtors hereby notify you that they have determined, in the exercise of their sound business judgment, that each Contract or Lease set forth on **Schedule 1** attached hereto is hereby rejected effective as of the date (the "**Rejection Date**") set forth therein or such other date as the Debtors and the applicable Counterparty agree.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Rejection Procedures, parties seeking to object to the proposed rejection of any of the Contracts or Leases on **Schedule 1** attached hereto, or the proposed abandonment of property in connection therewith, must file and serve a written objection so that such objection is filed with the Court on the docket of the Chapter 11 Cases and that the following parties actually receive such objection no later than 4:00 p.m. (prevailing Central Time) on September 15, 2023 (the "**Rejection Objection Deadline**"): (a) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Vianey Garza; (b) counsel to the Debtors, (i) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Brian M. Resnick, Steven Z. Szanzer, and Joanna McDonald and (ii) Haynes & Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, Texas 77010, Attn: Charles A. Beckham, Jr., Arsalan Muhammad, and David A. Trausch; (c) counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, New York 10020, Attn: Dennis O'Donnell and Oksana Lashko; (d) counsel to the Term DIP Secured Parties, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl, Matthew M. Roose, Daniel Gwen, Lindsay C. Barca, and Eric P. Schriesheim; and (e) counsel to the ABL DIP Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, Illinois 60606, Attn: James J. Mazza, Jr. and Robert E. Fitzgerald. Please note that the Rejection Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient).

**PLEASE TAKE FURTHER NOTICE** that each Rejection Objection must (a) be in writing, in English, and in text-searchable format, (b) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, and (c) state, with specificity, the legal and factual bases thereof.

**PLEASE TAKE FURTHER NOTICE** that, absent the proper and timely filing and service of a Rejection Objection, the rejection of each Contract and Lease set forth on **Schedule 1** attached hereto shall become effective on the Rejection Date set forth therein or such other date as the Debtors and the applicable Counterparty agree, and any personal property of the Debtors listed on **Schedule 1** attached hereto shall be deemed abandoned as of that same date.

**PLEASE TAKE FURTHER NOTICE** that, if a Rejection Objection is properly and timely filed and served, and not withdrawn or resolved, the Debtors shall file with the Court a notice for a hearing to consider the Rejection Objection. If such Rejection Objection is overruled or withdrawn, such Contract or Lease (and any abandonment of personal property in connection therewith) shall be treated as set forth in the immediately preceding paragraph, unless otherwise ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, absent a further order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are

prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to the rejection of your Contract or Lease, you must do so by the later of (a) the deadline for filing proofs of claim established in the Chapter 11 Cases, (b) 30 days after the date of filing of the applicable Rejection Notice, or (c) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (I) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (II) VOTING ON ANY CHAPTER 11 PLAN FILED IN THE CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM, AND (III) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

*[Remainder of page intentionally left blank]*

Dated: September 8, 2023
Houston, Texas

                      HAYNES AND BOONE, LLP

                      */s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
David A. Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel.: (713) 547-2000
Email: charles.beckham@haynesboone.com
       arsalan.muhammad@haynesboone.com
       david.trausch@haynesboone.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Steven Z. Szanzer (admitted *pro hac vice*)
Joanna McDonald (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Email: brian.resnick@davispolk.com
       steven.szanzer@davispolk.com
       joanna.mcdonald@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

## Schedule 1

**Schedule of Rejected Contracts and Leases (and Abandoned Property)**

| No. | Counterparty | Debtor Counterparty | Description of Contract | Property Address | Rejection Date | Abandoned Property at the Premises |
|---|---|---|---|---|---|---|
| 1 | Simon/Chelsea Chicago Development, LLC | Instant Brands LLC | Lease Agreement | Chicago Premium Outlets TSD# 1255 Level 01 Aurora, IL 60502 | August 31, 2023 | Retail shelves and displays |
| 2 | Simon/Preit Gloucester Development, LLC | Instant Brands LLC | Lease Agreement | Gloucester Premium Outlets Unit 530 Camden, NJ 8012 | August 31, 2023 | Retail shelves and displays |
| 3 | Livermore Premium Outlets II, LLC | Instant Brands LLC | Lease Agreement | Livermore (San Francisco) Premium Outlets Livermore, CA 94551 | August 31, 2023 | Retail shelves and displays |
| 4 | 593 Horsebarn, LLC | Instant Brands LLC | Lease Agreement | 593 Horsebarn Road Rogers, AR 72758 | July 31, 2023 | TV and video controller |
| 5 | Merchandise Mart L.L.C. | Instant Brands LLC | Lease Agreement | 222 Merchandise Mart Plaza, Suite 2200 Chicago, IL 60654 | August 31, 2023 | Furniture, kitchen appliances, and housewares |
| 6 | BearingPoint Consulting Inc. | Instant Brands LLC | Sublease Agreement | 222 Merchandise Mart Plaza, Suite 2200 Chicago, IL 60654 | August 31, 2023 | Furniture, kitchen appliances, and housewares |
| 7 | Forest Harlem Properties Limited Partnership | Instant Brands LLC | Lease Agreement | 4226 North Harlem Avenue Norridge, IL 60706 | August 31, 2023 | Retail shelves and displays. |

| 8 | KRP Properties | Instant Brands Inc. | Lease Agreement | 495 March Road Ottawa, ON Canada K2K | September 1, 2023 | Furniture and kitchen appliances |
| 9 | LPF Reality Office Inc. c/o Fengate Property Management Ltd. | Corelle Brands (Canada) Inc | Lease Agreement | 1111 International Blvd. Burlington, ON Canada L7L6W1 | August 31, 2023 | Furniture, kitchen appliances, and housewares |

**Schedule 2**

**Order (without form Notices)**

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
August 30, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| INSTANT BRANDS ACQUISITION | § | Case No. 23-90716 (DRJ) |
| HOLDINGS INC., *et al.*, | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | Re: Docket No. 285 |

### ORDER APPROVING PROCEDURES TO ASSUME, ASSUME AND ASSIGN, OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "**Motion**")[2] of Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the Chapter 11 Cases, for entry of an order, pursuant to sections 105, 363, 365 and 554 of the Bankruptcy Code and Bankruptcy Rules 6004, 6006, and 6007, (a) authorizing and establishing (i) the Assumption Procedures herein for (A) assuming and (B) assuming and assigning (in each case, potentially on an amended basis) Contracts and Leases, and the determination of Cure Costs (as defined below) with respect thereto, and (ii) the Rejection Procedures herein for (A) rejecting Contracts and Leases and (B) abandoning personal property in connection with any rejected Contract or Lease and (b) authorizing and approving the Notices to affected Counterparties, substantially in the form attached hereto, as more fully described in the Motion; and the Court

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the form and manner of the Notices to be delivered pursuant to the Procedures are reasonably calculated to provide each Counterparty with proper notice of (a) the potential assumption, assumption and assignment, or rejection of its Contract or Lease, (b) the effective date thereof, and (c) the objection deadline in connection therewith (including that, with respect to any proposed Cure Costs, the Counterparty would be barred from asserting claims arising from events occurring prior to the effective date of the assumption (and assignment)); and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The following procedures (the "**Assumption Procedures**") are hereby approved in connection with assuming or assuming and assigning Contracts and Leases:

   (a) **Assumption Notice**. To assume (and assign) a Contract or Lease in accordance herewith, the Debtors shall file a notice, substantially in the form attached hereto as **Exhibit 1** (the "**Assumption Notice**"), that includes a copy of this Order (without the form Notices attached hereto) and sets forth, among other things, the following: (i) the Contracts or Leases to be assumed (and assigned); (ii) the names and addresses of the applicable Counterparties; (iii) the name of the applicable Debtor; (iv) the identity of any proposed assignee of such Contracts or Leases (the "**Assignee**"); (v) the effective date of the assumption (and assignment) for such Contracts or Leases (the "**Assumption Date**"), which may be the filing date of the Motion if appropriate under the circumstances; (vi) the proposed amount necessary to cure any monetary defaults under such Contracts or Leases (the "**Cure Costs**"); (vii) a description of any material amendments to such Contracts or Leases made outside the ordinary course of business and in connection with the assumption (and assignment); and (viii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). Each Assumption Notice may list multiple Contracts or Leases and, notwithstanding Bankruptcy Rule 6006(f)(6), may list more than 100 Contracts or Leases; *provided*, that each Assumption Notice shall list all Contracts and Leases alphabetically by Counterparty and a copy of such Assumption Notice shall be served upon the applicable Counterparty in accordance with subparagraph (b) below. For the avoidance of doubt, nothing herein shall prejudice the Debtors' right to file multiple separate Assumption Notices in their sole discretion.

   (b) **Service of Assumption Notice**. The Debtors will cause the Assumption Notice to be served via overnight delivery service, fax, or email upon the Counterparties and any Assignees listed thereon and each of the Objection Service Parties (as defined and set forth below). The Debtors shall also deliver to a Counterparty to a Contract or Leases being assumed and assigned in accordance with the Assumption Procedures (upon such Counterparty's written request to the Debtors' counsel) with evidence of adequate assurance of performance of a proposed Assignee.

   (c) **Objection Procedures**. The deadline to file an objection ("**Assumption Objection**") to the proposed assumption (and assignment) of a Contract or Lease will be 4:00 p.m. (prevailing Central Time) on the date that is 21 days from the date the Assumption Notice is filed and served (the "**Assumption Objection Deadline**"). The Assumption Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient). An Assumption Objection

3

        will be considered timely only if, on or prior to the Assumption Objection Deadline, it is filed with the Court and served upon the following: (i) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Jayson B. Ruff and Vianey Garza; (ii) counsel to the Debtors, (A) Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Brian M. Resnick, Steven Z. Szanzer, and Joanna McDonald and (B) Haynes & Boone, LLP, 1221 McKinney Street, Suite 4000, Houston, Texas 77010, Attn: Charles A. Beckham, Jr., Arsalan Muhammad, and David A. Trausch; (iii) proposed counsel to the Committee, DLA Piper LLP (US), 1251 Avenue of the Americas, 27th Floor, New York, New York 10020, Attn: Dennis O'Donnell and Oksana Lashko; (iv) counsel to the Term DIP Secured Parties, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, New York 10036, Attn: Ryan Preston Dahl, Matthew M. Roose, Daniel Gwen, Lindsay C. Barca, and Eric P. Schriesheim; and (v) counsel to the ABL DIP Agent, Skadden, Arps, Slate, Meagher & Flom LLP, 155 N. Wacker Drive, Chicago, Illinois 60606, Attn: James J. Mazza, Jr. and Robert E. Fitzgerald (collectively, the "**Objection Service Parties**"). In addition to the foregoing, an Assumption Objection must (i) be in writing, in English, and in text-searchable format, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, and (iii) state, with specificity, the legal and factual bases thereof, including, if applicable, the Cure Costs that the Counterparty believes are required to cure any alleged defaults under the relevant Contract or Lease pursuant to section 365(b) of the Bankruptcy Code. For the avoidance of doubt, an objection to the assumption (and assignment) of any particular Contract or Lease listed on an Assumption Notice shall not constitute an objection to the assumption (or assignment) of any other Contract or Lease listed thereon.

(d)    **No Unresolved Objection**. If there is no outstanding and unresolved timely and properly filed Assumption Objection, (i) each Contract and Lease on the applicable Assumption Notice shall be deemed assumed (and, if applicable, assigned) as of the Assumption Date or such other date as may be agreed to by the Debtors and the applicable Counterparty (including, with respect to an assumption and assignment, the effectiveness of the assignment in accordance with its terms) and (ii) the proposed Cure Cost listed in the applicable Assumption Notice shall be binding on all applicable Counterparties and no amount in excess thereof shall be paid for cure purposes under section 365(b) of the Bankruptcy Code.

(e)    **Unresolved Objection**. If a timely and properly filed Assumption Objection remains outstanding and unresolved, the Debtors may request that the Court schedule a hearing on such objection. If such Assumption Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise ordered by the Court.

4

  (f) **Modifications of Assumption Notice**.  The Debtors reserve the right to remove any Contract or Lease from the schedule to any Assumption Notice at any time prior to its proposed Assumption Date (including upon the failure of any proposed assumption and assignment to become effective in accordance with its terms).

2. The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to amend any Contract or Lease in connection with the assumption thereof and in accordance with its terms.

3. Subject to and conditioned upon the effectiveness with respect to the assumption and assignment of a Contract or Lease, and subject to the other provisions of this Order (including the Assumption Procedures), the Debtors are hereby authorized, in accordance with sections 365(b) and (f) of the Bankruptcy Code, to (a) assume and assign to any Assignee any applicable Contract or Lease, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contract or Lease, except as otherwise provided for in this Order, and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract or Lease.

4. Any Lease listed on an Assumption Notice filed before the Debtors' deadline to assume unexpired leases of non-residential real property, pursuant to section 365(d)(4) of the Bankruptcy Code, shall ultimately be deemed assumed as of the date listed on the Assumption Notice.  Nothing herein shall preclude the Debtors from seeking extensions of the deadline set forth in section 365(d)(4) of the Bankruptcy Code.

5. Any provision in a Contract or Lease that expressly or effectively restricts, prohibits, conditions, or limits the assignment or effectiveness (vis-à-vis an Assignee) thereof (*e.g.*, anti-assignment or ipso facto clause) is unenforceable and the Debtors' rights with respect thereto are fully reserved.

6. The following procedures (the "**Rejection Procedures**") are hereby approved in connection with rejecting Contracts and Leases:

(a) **Rejection Notice**. To reject a Contract or Lease in accordance herewith, the Debtors shall file a notice, substantially in the form attached hereto as **Exhibit 2** (the "**Rejection Notice**"), that includes a copy of this Order (without the form Notices attached hereto) and sets forth, among other things, the following: (i) the Contracts or Leases to be rejected; (ii) the names and addresses of the applicable Counterparties; (iii) the name of the applicable Debtor; (iv) the effective date of the rejection for such Contracts or Leases (the "**Rejection Date**"), which may be the filing date of the Motion or, for a real property Lease, the date upon which the applicable Debtor surrenders in writing (including via email) the premises to the landlord and returns the keys, key codes, or security codes, as applicable; (v) a reasonable description of any personal property to be abandoned in connection with the proposed rejection; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). Each Rejection Notice may list multiple Contracts or Leases and, notwithstanding Bankruptcy Rule 6006(f)(6), may list more than 100 Contracts or Leases; *provided*, that each Rejection Notice shall list all Contracts and Leases alphabetically by Counterparty and a copy of such Rejection Notice shall be served upon the applicable Counterparty in accordance with subparagraph (b) below. For the avoidance of doubt, nothing herein shall prejudice the Debtors' right to file multiple separate Rejection Notices in their sole discretion.

(b) **Service of Rejection Notice**. The Debtors shall cause the Rejection Notice to be served via overnight delivery service, fax, or email upon the Counterparties listed thereon and each of the Objection Service Parties.

(c) **Objection Procedures**. The deadline to file an objection ("**Rejection Objection**") to the proposed rejection of a Contract or Lease or any proposed abandonment of personal property in connection therewith shall be 4:00 p.m. (prevailing Central Time) on the date that is seven days from the date the Rejection Notice is filed and served (the "**Rejection Objection Deadline**"). The Rejection Objection Deadline may be extended with respect to a particular Contract or Lease with the written consent of the Debtors (email being sufficient). A Rejection Objection will be considered timely only if, on or prior to the Rejection Objection Deadline, it is filed with the Court and served upon the Objection Service Parties. In addition to the foregoing, a Rejection Objection must (i) be in writing, in English, and in text-searchable format, (ii) comply with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Complex Procedures, and (iii) state, with specificity, the legal and factual bases thereof. For the avoidance of doubt, an objection to the rejection of any particular Contract or Lease listed on a Rejection Notice shall not constitute an objection to the rejection of

6

        any other Contract or Lease listed thereon. For the further avoidance of doubt, if a Rejection Objection only pertains to the abandonment of personal property but not the underlying rejection of the related Contract or Lease, or vice versa, only the component actually objected to shall be considered opposed.

(d)     **No Unresolved Objection**. If there is no outstanding and unresolved timely and properly filed Rejection Objection, each Contract and Lease on the applicable Rejection Notice shall be deemed rejected as of the Rejection Date or such other date as may be agreed to by the Debtors and the applicable Counterparty.

(e)     **Unresolved Objection**. If a timely and properly filed Rejection Objection remains outstanding and unresolved, the Debtors may request that the Court schedule a hearing on such objection. If such Rejection Objection is overruled or withdrawn, such Contract or Lease shall be treated as set forth in the immediately preceding subparagraph (d), unless otherwise ordered by the Court.

(f)     **Modifications of Rejection Notice**. The Debtors reserve the right to remove any Contract or Lease from the schedule to any Rejection Notice at any time prior to the applicable Rejection Objection Deadline.

(g)     **Abandoned Property**. The Debtors are authorized, but not directed, to abandon any of the Debtors' personal property that may be located on the premises subject to the underlying rejected Contract or Lease, and such property shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code at the same time that the underlying Contract or Lease is deemed rejected in accordance with subparagraphs (d)–(e) hereof. Counterparties may, in their sole discretion and without further notice or order of the Court, utilize or dispose of such abandoned property without any liability to the Debtors or third parties and, to the extent applicable, the automatic stay shall be deemed modified to the extent necessary to allow Counterparties to effectuate the foregoing.

(h)     **Rejection Damages**. Any claims arising out of the rejection of a Contract or Lease or the abandonment of any personal property in connection therewith must be filed by the later of (i) the deadline for filing proofs of claim established in the Chapter 11 Cases, (ii) 35 days after the date of filing of the applicable Rejection Notice, or (iii) if a Rejection Objection is timely and properly filed, 30 days after such objection is resolved, overruled, withdrawn, or adjudicated. Any person or entity that fails to timely file such proof of claim, (i) shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors or thereafter filing a proof of claim with respect thereto in the Chapter 11 Cases, (ii) shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the Chapter 11 Cases, and (iii) shall not receive or be entitled

> to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.

7. The Debtors' assumption, assumption and assignment, and rejection of the Contracts and Leases in accordance with the Procedure is hereby approved and effective pursuant to section 365 of the Bankruptcy Code.

8. Approval of the Procedures and this Order shall not prevent the Debtors from seeking to assume or reject a Contract or Lease by separate court filing (*e.g.*, motion, stipulation, chapter 11 plan), nor shall the Debtors be precluded from assuming and assigning a Contract or Lease under the "Assumption and Assignment Procedures" set forth in the Bidding Procedures Order.

9. Absent order of the Court or written agreement from the Debtors (email being sufficient), all Counterparties are prohibited from setting off, recouping, or otherwise utilizing any monies deposited by the Debtors with such Counterparty as a security deposit or pursuant to another similar arrangement.

10. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of an assumption, assumption and assignment, or rejection of a Contract or Lease. In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease, respectively.

11. Notwithstanding anything to the contrary in this Order, in the event of any conflict or inconsistency between the terms of this Order and the terms of the Final DIP Order, including any budget or cash flow forecast in connection therewith, the terms of the Final DIP Order shall govern. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Final DIP Order.

12. Any period of time prescribed or allowed by the Procedures shall be computed in accordance with Bankruptcy Rule 9006.

13. Notwithstanding the relief granted herein and any actions taken hereunder (including under the Procedures), nothing contained herein shall (a) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by, any person or entity or (b) be deemed to convert the priority of any claim from a prepetition claim into an administrative expense claim.

14. Nothing in this Order nor the Debtors' payment of any claims pursuant to this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a commitment or requirement to pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or (g) an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.

15. This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

16. Any Bankruptcy Rule (including Bankruptcy Rules 4001(a)(3), 6004(h), and 6006(d)) or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived,

9

and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

17. The Debtors are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

18. The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  August 30, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**