United States Bankruptcy Court
Southern District of Texas

**ENTERED**

September 11, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | Case No. 23-90716 (DRJ) |
| **HOLDINGS INC.**, *et al.*, | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | Re: Docket No. 353 |

**ORDER ESTABLISHING DEADLINES AND PROCEDURES FOR FILING PROOFS
OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "**Motion**")[2] of Instant Brands Acquisition Holdings Inc. and certain

of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in

the Chapter 11 Cases, for entry of an order, pursuant to section 105 of the Bankruptcy Code,

Bankruptcy Rules 2002, 3001, 3003, and 9008, Local Rule 3003-1, and section M of the Complex

Procedures, (a) establishing Bar Dates for filing Proofs of Claim in the Chapter 11 Cases,

(b) approving the manner of filing Proofs of Claim, certain procedures in connection therewith,

and the Proof of Claim Form attached hereto as **Exhibit A**, (c) approving the proposed form and

manner of notice of the Bar Dates and the procedures for filing Proofs of Claim in the Chapter 11

Cases using the Bar Date Notice and Publication Notice, substantially in the forms attached hereto

as **Exhibit B** and **Exhibit C**, respectively, as more fully described in the Motion; and the Court

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722).  The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012) (Hinojosa, C.J.); and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157; and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of the Chapter 11 Cases and related proceedings being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties, such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed and considered the Motion; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing, if any, establish just cause for the relief granted herein; and the Court having found that the form and manner of the Bar Date Package and Publication Notice to be served or published, as applicable, are reasonably calculated to provide known and unknown creditors with (a) proper notice of the Bar Dates and (b) sufficient information to file properly prepared and executed Proofs of Claim in a timely manner; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their creditors, their estates, and all other parties in interest; and all objections and reservations of rights filed or asserted in respect of the Motion, if any, having been withdrawn, resolved, or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      Unless subject to an Exception set forth in paragraph 11 below, each person or other entity (including each individual, partnership, corporation, estate, trust, or governmental unit) asserting a prepetition claim against one or more of the Debtors is required to file a separate Proof of Claim in the Chapter 11 Case of each Debtor against whom such claim is asserted; *provided,* that the Debtors may agree in writing (email being sufficient), without further order of the Court, to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor if such Proof of Claim clearly identifies each Debtor and its corresponding liability.

2.      **General Bar Date**.  Except as otherwise set forth herein, any person or other entity asserting a prepetition claim against any of the Debtors in the Chapter 11 Cases must file a Proof of Claim in connection therewith utilizing one of the Approved Methods set forth in paragraph 9 below by **4:00 p.m. (prevailing Central Time) on the date that is 30 days from the Service Date** (the "**General Bar Date**"); *provided*, that the Debtors are authorized (but not required) to agree in writing (email being sufficient), without further order of the Court, to extend the General Bar Date on behalf of a requesting claimant.  The General Bar Date applies to all persons and other entities holding claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date and are not subject to an Exception or other Bar Date, including claims for rights to payment arising on account of any federal or state statutory trusts, secured claims, unsecured priority claims (*e.g.*, claims entitled to priority under sections 503(b)(9) and 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured non-priority claims.

3.      **Governmental Bar Date**.  Unless subject to an Exception or other Bar Date, all governmental units holding a prepetition claim against any of the Debtors must file a Proof of

Claim on account of such claims by **4:00 p.m. (prevailing Central Time) on Monday, December 11, 2023** (the "**Governmental Bar Date**").

4.     **Amended Schedules Bar Date**.  If, on or after the Service Date, a Debtor amends its Schedules to (a) reduce the undisputed, noncontingent, and liquidated amount of any claim listed therein, (b) change the amount, nature, or classification of a claim against the Debtor reflected in its Schedules, or (c) remove a claim from its Schedules, each affected creditor shall have the opportunity to file a Proof of Claim, or amend any previously-filed Proof of Claim, in respect of the amended or removed scheduled claim **prior to the later of (y) the General Bar Date or the Governmental Bar Date, as applicable, and (z) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date on which the Debtors provide notice of such amendment to the affected creditor** (together, the "**Amended Schedules Bar Date**").

5.     Except as set forth in any Court order authorizing the rejection of an executory contract or unexpired lease, including the Rejection Procedures Order [Docket No. [●]], the deadline to file a Proof of Claim on account of a Debtor's rejection of an executory contract or unexpired lease shall be **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date that the Debtors provide notice of the Court's entry of an order authorizing such rejection to the affected contract or lease counterparty** (together, the "**Rejection Damages Bar Date**").

6.     The Proof of Claim Form, substantially in the form attached hereto as **Exhibit A**, is hereby approved in all respects.  To the extent used by the Debtors, the Proof of Claim Form shall identify how the Debtors have scheduled each creditor's claim in the Schedules, including (a) the identity of the Debtor against which each creditor's claim is scheduled, (b) the amount of each

scheduled claim, (c) whether each claim is listed as contingent, unliquidated, or disputed, and (d) whether each claim is listed as secured, unsecured priority, or unsecured non-priority.  For the avoidance of doubt, an Electronic Proof of Claim filed through the Claims Agent's Claims Portal shall be deemed a Proof of Claim Form, so long as it includes all information otherwise required in the Proof of Claim Form.  Similarly, Proofs of Claim that properly use Official Bankruptcy Form 410 shall be deemed a Proof of Claim Form.

7.      If a creditor disagrees with information specific to its claim (*e.g.*, amount, characterization, responsible Debtor) set forth on the Schedules or the Proof of Claim Form received from the Debtors, the creditor must timely file a Proof of Claim Form utilizing an Approved Method described in paragraph 9 below along with the requisite information needed for consideration.  For the avoidance of doubt, if a creditor timely and properly files a Proof of Claim Form using an Approved Method for a claim already listed on the Schedules, or for which a Proof of Claim was already filed, the information in the last-filed Proof of Claim Form shall supersede the prior claims, whether or not the Proof of Claim Form includes information different from or additive to what is contained in the Schedules or the previously-filed Proof of Claim.

8.      All Proofs of Claim must (a) substantially comply with the Proof of Claim Form or Official Bankruptcy Form No. 410, (b) be written in English, (c) include a claim amount denominated in United States dollars, (d) attach any supporting documentation thereto, and (e) be actually filed or received by the Claims Agent by the applicable Bar Date.  In addition, any Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also (x) include the value of the goods delivered to and received by the Debtors in the 20 days prior to the Petition Date, (y) attach any documentation identifying the particular invoices for

which the 503(b)(9) claim is being asserted, and (z) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code (if applicable).

9.      Unless otherwise agreed by the Debtors in writing (email being sufficient), Proofs of Claim can *only* be filed in one of the following Approved Methods prior to the applicable Bar Date:  (a) by completing an Electronic Proof of Claim through the Claims Portal on the Case Information Website maintained by the Claims Agent; (b) by electronic submission on the Court's PACER platform, located at http://ecf.txsb.uscourts.gov; or (c) by delivering an original, signed Proof of Claim Form directly to the Claims Agent as follows:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Instant Brands Acquisition Holdings Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>P.O. Box 4419<br>Beaverton, OR 97076-4419 | Instant Brands Acquisition Holdings Inc.<br>Claims Processing Center<br>c/o Epiq Corporate Restructuring, LLC<br>10300 SW Allen Blvd.<br>Beaverton, OR 97005 |

10.      Absent written consent of the Debtors or their counsel (email being sufficient), Proofs of Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their counsel, or the Claims Agent (in a manner inconsistent with the foregoing) **will *not*** be accepted or deemed filed until filed in one of the Approved Methods set forth above.

11.      The following persons and other entities (each such instance, an "**Exception**") are **not required** to file Proofs of Claim:

> a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;
>
> b.      any person or other entity that has already properly filed a Proof of Claim against the correct Debtor(s) and does not wish to change any information thereon;
>
> c.      any person or other entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," and/or "unliquidated," *and* (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the

claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

d.    any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including the Claims Agent and any professionals retained by the Debtors or the Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

e.    any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in the Chapter 11 Cases;

f.    any person or other entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

g.    current officers and directors of the Debtors who assert claims for indemnification or contribution arising as a result of such officers' or directors' services to the Debtors;

h.    any Debtor asserting a claim against another Debtor;

i.    any entity that is wholly owned by a Debtor;

j.    any person or other entity whose claim against any of the Debtors has been allowed by an order of the Court prior to the Bar Date otherwise applicable;

k.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit, including the *Order Authorizing (I) Debtors To (A) Pay Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees To Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions To Honor and Process Related Checks and Transfers* [Docket No. 79]; *provided*, that a current employee must file a Proof of Claim by the General Bar Date for all other claims arising prior to the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

l.    any entity holding a claim for which a separate deadline has been fixed by the Court, including claims pursuant to the Rejection Procedures Order;

m.    any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided,* that any holder of an equity interest who wishes to assert a claim against any of the Debtors other than with respect to ownership of such equity interest, including

a claim relating to the purchase or sale of such interest or rescission under section 510 of the Bankruptcy Code, must file a Proof of Claim asserting such claim prior to the General Bar Date pursuant to the procedures set forth herein;

n.      the DIP Secured Parties and Prepetition Secured Parties for any claims arising from or related to any of the Prepetition Documents or the DIP Documents, as applicable, including as specified in the Debtors' Stipulations, or the payment of administrative expenses with respect to any of the DIP Obligations (all as defined in the Final DIP Order); and

o.      any party identified in the Final DIP Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder.

12.      Proofs of Claim must be signed electronically by the claimant (or an authorized agent or legal representative thereof) or submitted electronically via the Claims Portal to be deemed acceptable for purposes of administration, including pursuant to Bankruptcy Rule 5005(a)(2).

13.      To the extent that a Proof of Claim (even if filed employing one of the Approved Methods) does not include the information required by Bankruptcy Rule 3001 or this Order, such Proof of Claim shall not constitute prima facie evidence of the nature, validity, or amount, of such claim; *provided*, that if such documentation is voluminous, upon prior written consent of the Debtors' counsel (email being sufficient), such Proof of Claim Form may include a summary of such documentation or an explanation as to why such documentation is not available; *provided, further*, that if the applicable documentation has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the Proof of Claim.

14.      Except as otherwise provided herein, any person or other entity asserting Proofs of Claim against more than one of the Debtors shall file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which its claims are asserted.   Any claim filed under the lead case of the Chapter 11 Cases (Instant Brands Acquisition Holdings Inc., *et al.*, Case No. 23-90716 (DRJ)), or otherwise without identifying a

Debtor or identifying multiple Debtors, shall be deemed as filed only against (a) Instant Brands LLC, the Debtors' U.S. operating company, for U.S.-based claimants or claims arising from U.S.-centric business dealings or (b) Instant Brands Inc., the Debtors' Canadian operating company, for Canada-based claimants or claims arising from Canada-centric business dealings.

15.     Any person or other entity that fails to properly and timely file a Proof of Claim in the form and manner specified herein (a) shall be forever barred, estopped, and enjoined from asserting such claim against any of the Debtors or thereafter filing a Proof of Claim with respect thereto in the Chapter 11 Cases, (b) shall not, with respect to such claim, be treated as a creditor of any of the Debtors for the purpose of voting on any plan (if otherwise eligible) in the Chapter 11 Cases, and (c) shall not receive or be entitled to receive any payment or distribution of property from any of the Debtors or their successors or assigns with respect to such claim in the Chapter 11 Cases.  Furthermore, such claim shall remain subject to discharge under any chapter 11 plan filed in the Chapter 11 Cases, and the holder thereof shall be subject to all applicable releases, injunctions, and other terms of such chapter 11 plan.

16.     Paragraph 43 of the Final DIP Order shall govern and control with respect to any Master Proof of Claim that the Prepetition Agents and DIP Agents (all as defined in the Final DIP Order), as applicable, elect to file, and the terms of such applicable paragraph 43 shall control to the extent inconsistent with this Order.

17.     Notice of the Bar Dates in the form and manner set forth herein (including the Bar Date Notice and the Publication Notice, substantially in the forms attached hereto as **Exhibit B** and **Exhibit C**, respectively, and any supplemental notices that the Debtors may file or serve from time to time) are hereby approved and shall be deemed good, adequate, and sufficient notice of the Bar

Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the Complex Procedures.

18.     On or prior to the Service Date, the Debtors, including through the Claims Agent, shall serve a Bar Date Package via first-class United States mail, postage prepaid, applicable foreign priority mail service, or, to the extent a physical address is not known or so requested by the recipient, via email, to the following known persons and entities holding potential prepetition claims against any of the Debtors (or their counsel, if applicable and if known):

    a.    the U.S. Trustee;

    b.    DLA Piper LLP (US), as counsel to the Creditor's Committee;

    c.    all creditors and other known holders of prepetition claims against a Debtor as of the date of the Order, including all entities listed as creditors on the Schedules;

    d.    all persons and other entities that have filed Proofs of Claim in the Chapter 11 Cases as of the date of the Order;

    e.    all known equity interest holders of a Debtor as of the date of the Order;

    f.    all persons and other entities that are party to executory contracts and unexpired leases with the Debtors;

    g.    all persons and other entities that are party to litigation with the Debtors;

    h.    all current and former employees, directors, and officers (to the extent that contact information for former employees, directors, and officers is available in the Debtors' records);

    i.    all regulatory authorities that regulate the Debtors' businesses;

    j.    the Offices of the Attorney General for each of the states in which the Debtors operate;

    k.    the Internal Revenue Service and all taxing authorities for the jurisdictions in which the Debtors maintain or conduct business;

    l.    all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business or own property;

    m.    the Securities and Exchange Commission; and

n.   all parties who filed a request for service of notices under Bankruptcy Rule 2002 as of the date of the Order.

19.   The Debtors may, but are not required to, make supplemental mailings of the Bar Date Package at any time up to 21 days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.  To the extent that any notices are returned as "return to sender" without a forwarding address, the Debtors shall not be required to mail additional notices to such creditors; for such creditors, the Publication Notice shall serve as sufficient notice.

20.   The Debtors shall publish the Publication Notice, substantially in the form attached hereto as **Exhibit C**, in the national edition of *USA Today* or another publication with similar national circulation no later than 21 calendar days (even if not a business day) before the General Bar Date.

21.   Notwithstanding anything to the contrary in this Order, in the event of any conflict or inconsistency between the terms of this Order and the terms of the Final DIP Order, the terms of the Final DIP Order shall govern.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the Final DIP Order.

22.   Other than the computation of the Service Date, any period of time prescribed or allowed by the Order shall be computed in accordance with Bankruptcy Rule 9006.

23.   Nothing in this Order shall be construed as or deemed to constitute (a) an agreement or admission by the Debtors as to the amount, priority, character, or validity of any claim against any of the Debtors on any grounds, (b) a grant of third-party beneficiary status or bestowal of any additional rights on any third party, (c) a waiver or impairment of any rights, claims, or defenses of the Debtors' rights to dispute the amount, priority, character, or validity of any claim on any grounds, whether under bankruptcy or non-bankruptcy law, (d) a commitment or requirement to

pay any claim, (e) an implication or admission by the Debtors that such claim is payable pursuant to this Order, (f) a waiver or impairment of the Debtors' or any other party in interest's rights to dispute any claim on any grounds, or (g) an admission as to the amount, priority, enforceability, perfection, or validity of any lien on, security interest in, or other encumbrance on property of the Debtors' estates.  Further, nothing in this Order shall prejudice the right of the Debtors to (x) dispute, or assert offsets or defenses against, any filed claim or any claims listed or reflected in the Schedules as to the nature, amount, liability, characterization, or otherwise, (y) subsequently designate any claim as disputed, contingent, or unliquidated, or otherwise amend or supplement the Schedules, and (z) seek further extensions of the deadlines by when the Schedules and Statements must be filed.

24.     This Order shall be binding on the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

25.     Any Bankruptcy Rule or Local Rule that might otherwise delay the effectiveness of this Order is hereby waived, and the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

26.     The Debtors and the Claims Agent are authorized to take any action necessary or appropriate to implement and effectuate the terms of, and the relief granted in, this Order without seeking further order of the Court.

27.     The Court shall retain exclusive jurisdiction over any matter arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  September 11, 2023.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## Exhibit A

**Proof of Claim Form**

<table>
<tr><td>

**United States Bankruptcy Court for the Southern District of Texas**
**Instant Brands Acquisition Holdings Inc. Claims Processing Center**
**c/o Epiq Corporate Restructuring, LLC**
**P.O. Box 4419**
**Beaverton, OR 97076-4419**

</td><td>

To submit your form online please go to https://epiqworkflow.com/cases/INB Use your
Mail ID for access.

</td></tr>
</table>

**Name of Debtor:**
**Case Number:**

**For Court Use Only**

# Proof of Claim (Official Form 410)

04/22

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

Is the current creditor an individual or entity? ☐ Individual(s)  ☐ Entity

**2.    Has this claim been acquired from someone else?**    ☐ No   ☐ Yes.   From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) | **4. Does this claim amend one already filed?** |
|---|---|---|
| _____<br>Name | _____<br>Name | ☐ No<br><br>☐ Yes.   Claim number on court claims register (if known) _____<br><br>Filed on _____<br>　　　　　MM / DD / YYYY |
| _____<br>Number      Street | _____<br>Number      Street | |
| _____<br>City                State          ZIP Code | _____<br>City                State          ZIP Code | **5.  Do you know if anyone else has filed a proof of claim for this claim?** |
| Country (if International): _____ | Country (if International): _____ | ☐ No<br><br>☐ Yes.  Who made the earlier filing? |
| Contact phone: _____ | Contact phone: _____ | |
| Contact email: _____ | Contact email: _____ | _____ |

## Part 2:    Give Information About the Claim as of the Date the Case Was Filed

| 6. Do you have any number you use to identify the debtor? | 7. How much is the claim? | 8. What is the basis of the claim? |
|---|---|---|
| ☐ No<br><br>☐ Yes.<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:<br><br>____ ____ ____ ____ | $_____.<br><br>**Does this amount include interest or other charges?**<br><br>☐ No<br><br>☐ Yes.  Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). | Examples:  Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.  Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).  Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

1

| **9. Is all or part of the claim secured?** | **10. Is this claim based on a lease?** | **11. Is this claim subject to a right of setoff?** |
|---|---|---|

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____
_____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:    $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured:    $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed) _____%

☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**
$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:
_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

*  Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____**

| **Part 3:** | **Sign Below** |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                    MM / DD / YYYY       Signature _____

Print the name of the person who is completing and signing this claim:

Name _____
          First name           Middle name           Last name

Title _____

Company _____
          Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
          Number          Street
          _____
          City                    State          ZIP Code

Contact Phone _____          Email _____

# Official Form 410 - Instructions for Proof of Claim

United States Bankruptcy Court

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

   **A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.**  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the general information section on the Claims Agent's website: https://dm.epiq11.com/instantbrands
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.**  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.  Leave out or redact confidential information both in the claim and in the attached documents.**
- **A** *Proof of Claim* **form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.**  See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.**  For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).*  See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website https://dm.epiq11.com/instantbrands to view your filed form under "Claims."

## Where to File Proof of Claim Form

### First Class Mail:

Instant Brands Acquisition Holdings Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4419
Beaverton, OR 97076-4419

### Hand Delivery or Overnight Mail:

Instant Brands Acquisition Holdings Inc.
Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd
Beaverton, OR 97005

### Electronic Filing: By accessing the E-filing Claims link at
https://dm.epiq11.com/instantbrands

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.  11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

Do not file these instructions with your form.

## Exhibit B

**Form of Bar Date Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | **Case No. 23-90716 (DRJ)** |
| **HOLDINGS INC.,** *et al.,* | § | |
| | § | |
| **Debtors.**[1] | § | **Jointly Administered** |
| | § | |

### NOTICE OF DEADLINES FOR FILING
### PROOFS OF CLAIM AGAINST ANY OF THE DEBTORS

**TO:  ALL PERSONS AND OTHER ENTITIES WHO MAY HAVE CLAIMS AGAINST
ANY OF THE FOLLOWING DEBTORS:**

| DEBTOR | CASE NUMBER |
|---|---|
| Instant Brands (Texas) Inc. | 23-90714 |
| Instant Brands LLC | 23-90715 |
| Instant Brands Acquisition Holdings Inc. | 23-90716 |
| Instant Brands Acquisition Intermediate Holdings Inc. | 23-90717 |
| Instant Brands Holdings Inc. | 23-90718 |
| URS-1 (Charleroi) LLC | 23-90719 |
| URS-2 (Corning) LLC | 23-90720 |
| Corelle Brands (Latin America) LLC | 23-90721 |
| EKCO Group, LLC | 23-90722 |
| EKCO Housewares, Inc. | 23-90723 |
| EKCO Manufacturing of Ohio, Inc. | 23-90724 |
| Corelle Brands (Canada) Inc. | 23-90725 |
| Instant Brands (Canada) Holding Inc. | 23-90726 |
| Instant Brands Inc. | 23-90727 |
| Corelle Brands (GHC) LLC | 23-90728 |

---

[1]   The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722).  The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June 12, 2023, the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 23-90716 (DRJ) (the "**Chapter 11 Cases**").

## DEADLINE FOR FILING PROOFS OF CLAIM AGAINST ANY OF THE DEBTORS

1.   Pursuant to an order of the Court entered on [●], 2023 [Docket No. [●]] (the "**Order**"),[2] the deadline for creditors to file proofs of claim (a "**Proof of Claim**") against any of the Debtors is **[●],[3] 2023 at 4:00 p.m. (prevailing Central Time)** (the "**General Bar Date**"); *provided*, that solely with respect to a governmental unit not otherwise subject to an Exception or other Bar Date, the deadline to file a Proof of Claim against any of the Debtors is **December 11, 2023 at 4:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**"). The General Bar Date applies to all persons and other entities holding claims against any of the Debtors that arose or are deemed to have arisen prior to the Petition Date and are not subject to an Exception (see paragraph 3 below) or other Bar Date, including claims for rights to payment arising on account of any federal or state statutory trusts, secured claims, unsecured priority claims (*e.g.*, claims entitled to priority under sections 503(b)(9) and 507(a)(4), (5), and (8) of the Bankruptcy Code), and unsecured non-priority claims. The Order also established procedures to be used for filing Proofs of Claim, which are summarized in this notice for your convenience.[4]

2.   **UNLESS YOU FALL INTO ONE OF THE CATEGORIES LISTED IN PARAGRAPH 3 BELOW, YOU MUST FILE A PROOF OF CLAIM IF YOU HAVE A CLAIM AGAINST ANY OF THE DEBTORS THAT AROSE PRIOR TO JUNE 12, 2023**. Acts or omissions that occurred prior to June 12, 2023 may give rise to claims subject to the General Bar Date even if the claims may not have become known, fixed, or liquidated until on or after June 12, 2023. Under section 101(5) of the Bankruptcy Code and as used herein, the word "claim" means (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment,

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Order and Motion can be accessed free of charge on the Case Information Website located at https://dm.epiq11.com/InstantBrands, which also contains the Claims Portal, blank Proof of Claim Forms, and additional information about the Chapter 11 Cases. If you have any questions, please contact, the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), or email instantbrandsinfo@epiqglobal.com. The Claims Agent cannot provide legal advice.

[3]   [This placeholder will be updated to indicate the date that is 30 days after the Service Date, subject to Bankruptcy Rule 9006.]

[4]   In the event of any conflict or inconsistency with this Bar Date Notice and the Order, the Order shall govern.

whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

3.      The Order provides that the persons and other entities listed below in this paragraph 3 (each such instance, an "**Exception**") do **NOT** need to file Proofs of Claim by any Bar Date. **You need not file a Proof of Claim at this time if you are subject to an Exception.** The Court may enter one or more separate orders at a later time requiring creditors to file Proofs of Claim for some kinds of Exceptions and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following persons and other entities are **not required** to file Proofs of Claim:

   a.      the U.S. Trustee, on account of claims for fees payable pursuant to 28 U.S.C. § 1930;

   b.      any person or other entity that has already properly filed a Proof of Claim against the correct Debtor(s) and does not wish to change any information thereon;

   c.      any person or other entity (i) whose claim is listed in the Schedules or any amendments thereto, (ii) whose claim is not described therein as "disputed," "contingent," and/or "unliquidated," *and* (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules);

   d.      any entity that holds a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code), including the Claims Agent and any professionals retained by the Debtors or the Committee pursuant to orders of the Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to sections 330 and 331 of the Bankruptcy Code;

   e.      any party that is exempt from filing a Proof of Claim pursuant to an order of the Court in the Chapter 11 Cases;

   f.      any person or other entity whose claim has been paid in full by the Debtors pursuant to the Bankruptcy Code or in accordance with an order of the Court;

   g.      current officers and directors of the Debtors who assert claims for indemnification or contribution arising as a result of such officers' or directors' services to the Debtors;

   h.      any Debtor asserting a claim against another Debtor;

   i.      any entity that is wholly owned by a Debtor;

j.     any person or other entity whose claim against any of the Debtors has been allowed by an order of the Court prior to the Bar Date otherwise applicable;

k.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit, including the *Order Authorizing (I) Debtors To (A) Pay Prepetition Employee Obligations and (B) Maintain Employee Benefits Programs and Pay Related Administrative Obligations, (II) Current and Former Employees To Proceed with Outstanding Workers' Compensation Claims, and (III) Financial Institutions To Honor and Process Related Checks and Transfers* [Docket No. 79]; *provided*, that a current employee must file a Proof of Claim by the General Bar Date for all other claims arising prior to the Petition Date, including claims for benefits not provided for pursuant to an order of the Court, wrongful termination, discrimination, harassment, hostile work environment, or retaliation;

l.     any entity holding a claim for which a separate deadline has been fixed by the Court, including claims pursuant to the Rejection Procedures Order;

m.     any holder of an equity interest in the Debtors need not file a proof of interest with respect to the ownership of such equity interest at this time; *provided,* that any holder of an equity interest who wishes to assert a claim against any of the Debtors other than with respect to ownership of such equity interest, including a claim relating to the purchase or sale of such interest or rescission under section 510 of the Bankruptcy Code, must file a Proof of Claim asserting such claim prior to the General Bar Date pursuant to the procedures set forth herein;

n.     the DIP Secured Parties and Prepetition Secured Parties for any claims arising from or related to any of the Prepetition Documents or the DIP Documents, as applicable, including as specified in the Debtors' Stipulations, or the payment of administrative expenses with respect to any of the DIP Obligations (all as defined in the Final DIP Order); and

o.     any party identified in the Final DIP Order as holding a claim on account of any fees, expenses, or other obligations arising thereunder.

4.     **THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM AGAINST ANY OF THE DEBTORS OR THAT THE DEBTORS BELIEVE YOU HAVE A CLAIM.**

5.     If a Debtor amends its Schedules after you receive this notice, such Debtor will give notice of that amendment to the holders of the claims that are affected by it, and those holders will be given an opportunity to file Proofs of Claim before a new deadline that would be specified in that future notice.

6.     The Bankruptcy Code provides that the Debtors may, at any time before a plan of reorganization or liquidation is confirmed by the Court, choose to reject certain executory contracts or unexpired leases. If your contract or lease is rejected, you may have a claim

resulting from that rejection.  Except as set forth in any Court order authorizing the rejection of an executory contract or unexpired lease, including the Rejection Procedures Order [Docket No. [●]], the deadline to file a Proof of Claim on account of a Debtor's rejection of an executory contract or unexpired lease shall be **the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, and (b) 4:00 p.m. (prevailing Central Time) on the date that is 30 days from the date that the Debtors provide notice of the Court's entry of  an order authorizing such rejection to the affected contract or lease counterparty** (together, the "**Rejection Damages Bar Date**").

## <u>INSTRUCTIONS FOR FILING PROOFS OF CLAIM</u>

7.      A Proof of Claim Form for use in the Chapter 11 Cases accompanies this Bar Date Notice. Each filed Proof of Claim must (a) be written in English, (b) include a claim amount denominated in United States dollars, (c) be signed electronically by the claimant (or an authorized agent or legal representative thereof) or filed electronically via the Claims Portal on the Case Information Website, (d) conform substantially with the Proof of Claim Form accompanying this Bar Date Notice or Official Bankruptcy Form No. 410, (e) unless otherwise allowed under the Order, state a claim against no more than one Debtor and clearly indicate which Debtor the claim is being asserted against, and (f) attach any supporting documentation.  If your claim is included on the Schedules, the Proof of Claim Form may already be populated with certain information on the Schedules, including the amount of your claim as scheduled by the Debtors, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as contingent, unliquidated, or disputed.

8.      Unless otherwise agreed by the Debtors in writing (email being sufficient), Proofs of Claim can ***only*** be filed prior to the applicable Bar Date in one of the following methods (the "**Approved Methods**"):  (a) by completing an Electronic Proof of Claim through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/InstantBrands) maintained by the Claims Agent; (b) by electronic submission on the Court's Public Access to Court Electronic Records ("**PACER**") platform, located at http://ecf.txsb.uscourts.gov; or (c) by delivering an original, signed Proof of Claim Form directly to the Claims Agent as follows:[5]

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Instant Brands Acquisition Holdings Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC P.O. Box 4419 Beaverton, OR 97076-4419 | Instant Brands Acquisition Holdings Inc. Claims Processing Center c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd. Beaverton, OR 97005 |

Absent written consent of the Debtors or their counsel (email being sufficient), **Proofs of**

---

[5]  If you wish to receive acknowledgement of the Claims Agent's receipt of a Proof of Claim Form filed in this manner, you also must submit to the Claims Agent by the applicable Bar Date and concurrently with submitting its original Proof of Claim Form a copy of the original Proof of Claim Form and a self-addressed, stamped return envelope.

**Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their counsel, or the Claims Agent (in a manner inconsistent with the foregoing) will NOT be accepted or deemed filed until filed in one of the Approved Methods set forth above**.

9.   Except as otherwise provided in the Order, any person or other entity asserting a Proof of Claim against more than one of the Debtors shall file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which its claims are asserted.  Any claim filed under the lead case of the Chapter 11 Cases (Instant Brands Acquisition Holdings Inc., *et al.*, Case No. 23-90716 (DRJ)), or otherwise without identifying a Debtor or identifying multiple Debtors, shall be deemed as filed only against (a) Instant Brands LLC, the Debtors' U.S. operating company, for U.S.-based claimants or claims arising from U.S.-centric business dealings or (b) Instant Brands Inc., the Debtors' Canadian operating company, for Canada-based claimants or claims arising from Canada-centric business dealings.

**<u>CONSEQUENCES OF MISSING THE DEADLINE FOR FILING CLAIMS</u>**

10.   **EXCEPT WITH RESPECT TO CLAIMS SUBJECT TO AN EXCEPTION (AS DESCRIBED IN PARAGRAPH 3 ABOVE), IF YOU FAIL TO FILE A PROOF OF CLAIM PRIOR TO 4:00 P.M. (PREVAILING CENTRAL TIME) ON THE APPLICABLE BAR DATE ON ACCOUNT OF ANY PREPETITION CLAIM YOU WISH TO ASSERT AGAINST ANY OF THE DEBTORS, OR IF YOU DO NOT FILE YOUR CLAIM IN ACCORDANCE WITH THE INSTRUCTIONS DESCRIBED HEREIN, THEN:**

> ➢ **YOU SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES;**

> ➢ **YOU SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF ANY OF THE DEBTORS FOR THE PURPOSE OF VOTING ON ANY PLAN (IF OTHERWISE ELIGIBLE) IN THE CHAPTER 11 CASES;**

> ➢ **YOU SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM ANY OF THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM IN THE CHAPTER 11 CASES; AND**

> ➢ **SUCH CLAIM WILL REMAIN SUBJECT TO DISCHARGE UNDER ANY CHAPTER 11 PLAN FILED IN THE CHAPTER 11 CASES, AND YOU SHALL BE SUBJECT TO ALL APPLICABLE RELEASES, INJUNCTIONS, AND OTHER TERMS OF SUCH CHAPTER 11 PLAN.**

## EXAMINATION OF ORDER AND SCHEDULES

11.     Copies of the Order, the Schedules (when filed), and other information regarding the Chapter 11 Cases are or will be available for inspection free of charge on the Case Information Website (https://dm.epiq11.com/InstantBrands).

12.     The Schedules and other filings in the Chapter 11 Cases also are available for a fee at the Court's website at https://ecf.txsb.uscourts.gov/.  A login identification and password to PACER are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov.  Copies of the Schedules and other documents filed in the Chapter 11 Cases also may be examined between the hours of 8:00 a.m. and 5:00 p.m. (prevailing Central Time), Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of Texas, United States Courthouse, 515 Rusk Avenue, Houston, Texas 77002.

## PROOF OF CLAIM FORMS

13.     Electronic Proof of Claim Forms can be filed through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/InstantBrands).  Additional Proof of Claim Forms can be obtained free of charge from any bankruptcy court clerk's office, your lawyer, certain business supply stores, on the Case Information Website (https://dm.epiq11.com/InstantBrands), or by contacting the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), instantbrandsinfo@epiqglobal.com (email), or at one of the addresses listed above. Questions concerning the contents of this Bar Date Notice and requests for copies of filed proofs of claim should be directed to the Claims Agent in the same manner.

14.     Please note that neither the Claims Agent's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice.  The Claims Agent cannot advise you how to file, or whether you should file, a Proof of Claim.

15.     **A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of page intentionally left blank]*

7

Dated:   [●], 2023
       Houston, Texas

HAYNES AND BOONE, LLP

*/s/ [Draft]*
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
David A. Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel.:    (713) 547-2000
Email: charles.beckham@haynesboone.com
       arsalan.muhammad@haynesboone.com
       david.trausch@haynesboone.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Steven Z. Szanzer (admitted *pro hac vice*)
Joanna McDonald (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.:    (212) 450-4000
Email: brian.resnick@davispolk.com
       steven.szanzer@davispolk.com
       joanna.mcdonald@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit C</u>**

**Form of Publication Notice**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | Case No. 23-90716 (DRJ) |
| **HOLDINGS INC.**, *et al.*, | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

**NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM AGAINST ANY OF THE
DEBTORS (GENERAL BAR DATE IS [●][2], 2023 AT 4:00 P.M. (PREVAILING CENTRAL TIME))**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On June 12, 2023, each of the debtors and debtors in possession listed below (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"). The Debtors' chapter 11 cases are being jointly administered for procedural purposes only under case number 23-90716 (DRJ) (the "**Chapter 11 Cases**").

| DEBTOR | CASE NUMBER |
|---|---|
| Instant Brands (Texas) Inc. | 23-90714 |
| Instant Brands LLC | 23-90715 |
| Instant Brands Acquisition Holdings Inc. | 23-90716 |
| Instant Brands Acquisition Intermediate Holdings Inc. | 23-90717 |
| Instant Brands Holdings Inc. | 23-90718 |
| URS-1 (Charleroi) LLC | 23-90719 |
| URS-2 (Corning) LLC | 23-90720 |
| Corelle Brands (Latin America) LLC | 23-90721 |
| EKCO Group, LLC | 23-90722 |
| EKCO Housewares, Inc. | 23-90723 |
| EKCO Manufacturing of Ohio, Inc. | 23-90724 |

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2] [This placeholder will be updated to indicate the date that is 30 days after the Service Date, subject to Bankruptcy Rule 9006.]

| | |
|---|---|
| Corelle Brands (Canada) Inc. | 23-90725 |
| Instant Brands (Canada) Holding Inc. | 23-90726 |
| Instant Brands Inc. | 23-90727 |
| Corelle Brands (GHC) LLC | 23-90728 |

On [●], 2023, the Court entered an order [Docket No. [●]] (the "**Order**")[3] establishing certain deadlines (each, a "**Bar Date**") for the filing of proofs of claim ("**Proofs of Claim**") in the Chapter 11 Cases.

Pursuant to the Order, all persons, other entities, and governmental units who have a claim or potential claim against any of the Debtors that arose prior to June 12, 2023, no matter how remote or contingent such right to payment or equitable remedy may be, **MUST FILE A PROOF OF CLAIM** prior to [●],[4] 2023 at 4:00 p.m. (prevailing Central Time) (the "**General Bar Date**"); *provided*, that solely with respect to a governmental unit, the deadline to file a Proof of Claim against any of the Debtors is **December 11, 2023 at 4:00 p.m. (prevailing Central Time)** (the "**Governmental Bar Date**"). Unless otherwise agreed by the Debtors in writing (email being sufficient), Proofs of Claim can *only* be filed in one of the following methods (the "**Approved Methods**"): (a) by completing, prior to the applicable Bar Date, an Electronic Proof of Claim through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/InstantBrands) maintained by the Claims Agent; (b) by electronic submission on the Court's Public Access to Court Electronic Records ("**PACER**") platform, located at http://ecf.txsb.uscourts.gov; or (c) by delivering an original, signed Proof of Claim Form directly to the Claims Agent, as follows:

| If by First-Class Mail: | If by Hand Delivery or Overnight Mail: |
|---|---|
| Instant Brands Acquisition Holdings Inc. | Instant Brands Acquisition Holdings Inc. |
| Claims Processing Center | Claims Processing Center |
| c/o Epiq Corporate Restructuring, LLC | c/o Epiq Corporate Restructuring, LLC |
| P.O. Box 4419 | 10300 SW Allen Blvd. |
| Beaverton, OR 97076-4419 | Beaverton, OR 97005 |

Absent written consent of the Debtors or their counsel (email being sufficient), **Proofs of Claim submitted by facsimile or e-mail or submitted directly to the Debtors, their counsel, or the Claims Agent (in a manner inconsistent with the foregoing) will NOT be accepted or deemed filed until filed in one of the Approved Methods set forth above**.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Order or the Motion, as applicable. A copy of the Order and Motion can be accessed free of charge on the Case Information Website located at https://dm.epiq11.com/InstantBrands, which also contains the Claims Portal, blank Proof of Claim Forms, and additional information about the Chapter 11 Cases. If you have any questions, please contact, the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), or email instantbrandsinfo@epiqglobal.com. The Claims Agent cannot provide legal advice.

[4] [This placeholder will be updated to indicate the date that is 30 days after the Service Date, subject to Bankruptcy Rule 9006.]

**UNLESS EXCUSED BY THE TERMS OF THE ORDER, ANY PERSON OR OTHER ENTITY WHO FAILS TO PROPERLY FILE A PROOF OF CLAIM PRIOR TO 4:00 P.M. (PREVAILING CENTRAL TIME) ON THE APPLICABLE BAR DATE ON ACCOUNT OF ANY CLAIM, THEN SUCH PERSON OR OTHER ENTITY (A) SHALL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS OR THEREAFTER FILING A PROOF OF CLAIM WITH RESPECT THERETO IN THE CHAPTER 11 CASES; (B) SHALL NOT, WITH RESPECT TO SUCH CLAIM, BE TREATED AS A CREDITOR OF ANY OF THE DEBTORS FOR THE PURPOSE OF VOTING ON ANY PLAN (IF OTHERWISE ELIGIBLE) IN THE CHAPTER 11 CASES; AND (C) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM ANY OF THE DEBTORS OR THEIR SUCCESSORS OR ASSIGNS WITH RESPECT TO SUCH CLAIM IN THE CHAPTER 11 CASES. FURTHERMORE, SUCH CLAIM SHALL REMAIN SUBJECT TO DISCHARGE UNDER ANY CHAPTER 11 PLAN FILED IN THE CHAPTER 11 CASES, AND SUCH PERSON OR OTHER ENTITY SHALL BE SUBJECT TO ALL APPLICABLE RELEASES, INJUNCTIONS, AND OTHER TERMS OF SUCH CHAPTER 11 PLAN.**

Electronic Proof of Claim Forms can be filed through the Claims Portal (under the link entitled "File a Claim") on the Case Information Website (https://dm.epiq11.com/InstantBrands). Additional Proof of Claim Forms can be obtained free of charge from any bankruptcy court clerk's office, your lawyer, certain business supply stores, on the Case Information Website (https://dm.epiq11.com/InstantBrands), or by contacting the Claims Agent, Epiq Corporate Restructuring, LLC, at +1-888-290-5211 (toll-free in the U.S. and Canada), +1-503-694-4156 (international), instantbrandsinfo@epiqglobal.com (email), or at one of the addresses listed above. Questions concerning the contents of this Bar Date Notice and requests for copies of filed proofs of claim should be directed to the Claims Agent in the same manner.

Please note that neither the Claims Agent's staff, counsel to the Debtors, nor the Clerk of the Court's Office is permitted to give you legal advice. The Claims Agent cannot advise you how to file, or whether you should file, a Proof of Claim.

**A HOLDER OF A POTENTIAL CLAIM AGAINST ANY OF THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**