United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 30, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | Case No. 23-90716 (DRJ) |
| **HOLDINGS INC.,** *et al.*, | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

### STIPULATED PROTECTIVE ORDER

This Stipulated Protective Order ("<u>Order</u>") is entered into by and among:  (a) the debtors and debtors in possession in the above captioned, jointly administered chapter 11 cases (collectively, the "<u>Debtors</u>"); (b) certain of the Debtors' creditors and other constituents that are signatories to this Order; and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto.  Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "<u>Party</u>," and collectively as the "<u>Parties</u>."[2]  The Parties, by and through their respective attorneys of record and subject to the Court's entry of this Order, have agreed to entry of this Order pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and, as applicable, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>").

---

[1]  The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows:  Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722).  The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2] The designation of a "Party" is for purposes of reference in this Order only.

## Recitals

WHEREAS, the Debtors filed voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (the cases commenced by such petitions, these "Chapter 11 Cases"); and there are, or may be, judicial or other proceedings before this Court, including but not limited to investigations, contested matters, adversary proceedings, and other disputes (each a "Dispute" and, collectively, the "Disputes") arising under the Bankruptcy Code or arising in or relating to these Chapter 11 Cases; and

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal or formal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively, the "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas (the "Local Rules").

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material and to protect Discovery Material that a Party seeks to maintain as Confidential Material or Highly Confidential Material (as those terms are defined below), it is hereby stipulated and agreed, and, upon Court approval, it is hereby ORDERED that  the following terms will govern any requests for and production of Discovery Material (as defined below):

## Scope of Order

1.         This Order governs the disclosure or exchange of all information and documents in connection with these Chapter 11 Cases and related Disputes before this Court, by a Party (each a "Producing Party"), to any other Party (each a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding, in connection with an exchange of exhibits in advance of a hearing, and in response to or in connection with any Discovery Requests, including, without

limitation, deposition testimony (whether based upon oral examination or written questions); interrogatories; answers to interrogatories; requests for admission; responses to requests for admission; documents, information, and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). "Material," as that term is used herein, includes hard copy documents and electronically stored information contemplated by the Bankruptcy Rules, and the Federal Rules, including but not limited to, writings, drawings, graphs, charts, photographs, sound recordings, images, data, or data compilations stored in any medium, testimony, exhibits, discovery responses, and all other mediums of expression.

2.        Any Party or its counsel serving a subpoena or request upon a non-Party, which subpoena or request requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena or request.  Upon the consent of the Debtors, any non-Party that executes Exhibit A and delivers a copy to the Debtors shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto.  For the avoidance of any doubt, the consent or notification of the Debtors is not required for any persons specified in Paragraphs 7(a)-(d), 7(f) and 8(a)(i)-(iv), 8(b)-8(i) of this Order.  For the further avoidance of any doubt, reference to becoming a "Party" upon execution of Exhibit A is for the purposes of this Order only and not intended to reflect any agreement as to such party's standing or status as a litigant or party-in-interest to these Chapter 11 Cases.

### Designating Discovery Material

3.        Any Producing Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such designated Discovery Material, "Designated Material") in accordance with the following provisions:

(a)      Confidential Material:  A Producing Party may designate Discovery Material as "<u>Confidential</u>" if such Producing Party reasonably believes that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal, or other information of a nature that should be protected under the Bankruptcy Rules or the Federal Rules or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) the Producing Party (A) is under a preexisting obligation to a third party to treat such Discovery Material as confidential or (B) has been reasonably requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party.  For the avoidance of doubt, Discovery Material previously designated as "confidential" by the Debtors or any other Party are deemed designated as Confidential under this Order; *provided*, *however*, that the Confidential designation is subject to all available challenges to that designation available under the terms of this Order.

(b)      Highly Confidential Material: A Producing Party may designate Discovery Material as "<u>Highly Confidential</u>" if such Producing Party reasonably believes (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 8 of this Order, such as trade secrets, sensitive financial or business information, or material prepared by industry advisors, financial advisors, accounting advisors, experts, or consultants (and their respective staff) including, without limitation, those retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases if such materials contain trade secrets or sensitive financial or business information, and only to the extent that the Producing Party reasonably believes that such

material is of such a nature that "Highly Confidential" treatment is warranted.  For the avoidance of doubt, Discovery Material previously identified as "Highly Confidential" or "For Professional Eyes Only" by the Debtors or any other Party are deemed designated as Highly Confidential under this Order; provided, however, that the Highly Confidential designation is subject to all available challenges to that designation available under the terms of this Order.

(c)     Undesignated Material: Subject to the rights and obligations of the Parties under Paragraphs 5, 6, and 22 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material ("Undesignated Material").

4.      Manner of Designating Discovery Material: Where reasonably practicable, any Designated Material shall be designated by the Producing Party by marking each such page "Confidential" or "Highly Confidential" as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking of every page of such materials is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material as "Confidential" or "Highly Confidential" by informing the Receiving Party in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Highly Confidential," such as by including such designation in the filename and/or the produced Concordance (or other document review platform) load file, if applicable.

5.      Late Designation of Discovery Material: The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("Misdesignated Material").  At such time, arrangements will be made for the destruction of the Misdesignated Material or for the return to the

Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material.  Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  If requested by the Producing Party, a Receiving Party shall verify in writing that it has taken all reasonable steps to return or destroy such Misdesignated Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation (if any) but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with the Court, no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party that failed to make the designation.

### **Use and Disclosure of Confidential or Highly Confidential Material**

6.	General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material shall be used by the Receiving Parties solely in this Court for the purposes of a Dispute or these Chapter 11 Cases, and not for any other purpose or in any other forum, including any other litigation or judicial proceedings that are not a Dispute and are not related to these Chapter 11 Cases, or any business, competitive, governmental, commercial, or administrative purpose or function.

7.	Confidential Material:  Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

	(a)	the Debtors;

	(b)	the Debtors' creditors and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers,

employees, and agents who are assisting with or involved in making decisions with respect to any Dispute;

(c)  the Official Committee of Unsecured Creditors (the "<u>Committee</u>"), including its members (solely in their respective capacity as Committee members);

(d)  the U.S. Trustee, provided that any such production is made on the understanding and basis that the Confidential Material will be kept confidential and not publicly disclosed absent a court order;

(e)  any Party who has signed Exhibit A and delivered a copy to the Debtors; and

(f)  any other persons specified in Paragraph 8 below.

8.      Highly Confidential Material: Highly Confidential Material, and any and all information contained therein, may be given, shown, made available to, or communicated only to the following:

(a)  counsel, and staff working under the express direction of such counsel, for:

   i.   the Debtors;

   ii.  the Debtors' creditors and other constituents that are signatories to this Order;

   iii. the Committee, including its members;

   iv.  the U.S. Trustee, provided that any such production is made on the understanding and basis that the Highly Confidential Material will be kept confidential and not publicly disclosed absent a court order; and

   v.   any Party who has signed Exhibit A and delivered a copy to the Debtors;

(b)   professionals retained under Sections 328 and 1103 of the Bankruptcy Code, industry advisors, financial advisors, accounting advisors, experts, and consultants (and their respective staff) that are retained by the signatories to this Order or a Party who has signed Exhibit A in connection with the Disputes or these Chapter 11 Cases and delivered a copy to the Debtors;

(c)   any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof, an actual recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

(d)   any adverse witness during the course of a deposition where counsel questioning the witness reasonably believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm;

(e)   outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;

(f)   court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

(g)   the Court, its officers, and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

(h)   any mediators and their staff retained in connection with a Dispute or these Chapter 11 Cases; and

(i)   any other person or entity with respect to whom the Producing Party may consent in writing or on the record at a deposition.

9.        Designated Material To Be Disclosed Only In Accordance With Paragraphs 7 and 8: Highly Confidential Material, and any and all information contained therein, shall not be given,

shown, made available to, disclosed, or communicated in any way, except to those people identified in Paragraph 8 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed, or communicated in any way, except to those people identified in Paragraph 7 of this Order.

10.        Prerequisite to Disclosure of Designated Material: Before any person or their representative identified in Paragraph 8(b), 8(d), or 8(i) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute Exhibit A annexed hereto.  Each such executed Exhibit A shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access. A copy of such executed Exhibit A for representatives identified in Paragraphs 8(d) and 8(i), but not for representatives identified in Paragraph 8(b), shall be provided to the Producing Party.  Such executed Exhibit A for representatives identified in Paragraph 8(b) shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders.

11.        Sealing of Designated Material Filed With Or Submitted To Court: Unless otherwise agreed by the Producing Party, all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose Highly Confidential or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, the Local Rules, and the individual practice rules of the Court, except that a Party may, at its option, file redacted pleadings containing the Designated Material so long as such portions of the pleadings concerning the Designated Material have been redacted, and such redacted pleading is also filed pursuant to Local Rule 9037-1.  Notwithstanding Local Rule 9037-1(g), no separate motion to seal such Designated Material shall be required provided such sealed materials comply with this

Order.  Any Designated Material filed under seal in compliance with this Order shall remain confidential and any person who receives such sealed Designated Material shall not disclose or otherwise disseminate it to any other person or entity including, without limitation, in response to a request under the Freedom of Information Act.

12.      Use of Discovery Material in Open Court: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Party to discuss ways to redact or otherwise protect the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, the question shall be submitted to the Court.

**Depositions and Rule 2004 Examinations**

13.      Deposition and Rule 2004 Examination Testimony - Manner Of Designation: In the case of depositions, if counsel for a Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party, such testimony may be designated as appropriate by: (a) stating so orally on the record and requesting that only the relevant portion(s) of testimony is so designated; or (b) providing written notice within seven (7) days of the Party's receipt of the final transcript from the court reporter that only the relevant portion(s) of such transcript or recording of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to

three (3) business days.  Where a hearing or pleading deadline on related issues is scheduled to occur in such close proximity to a deposition that a three-day period is not practical, notice shall be given at the deposition or as soon as practical thereafter and as far in advance of the hearing or pleading deadline as possible.  Until expiration of the aforesaid designation period, as applicable, following receipt of the transcript by the Parties, all deposition transcripts and recordings shall be considered and treated as Highly Confidential unless otherwise specified by counsel to any Party on the record at the deposition.

14.        Designated Material Used As Exhibits During Depositions: Nothing in Paragraph 13 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions.

15.        Witness Review of Deposition Testimony: Nothing in Paragraph 13 hereof shall preclude the witness from reviewing his or her deposition transcript.

16.        Presence of Persons During Deposition Testimony: When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated.  After such exclusion from the portion of any deposition containing Designated Material, a non-Party that wishes to receive written or other recordings of the deposition testimony containing Designated Material must become a Party to this Order; provided, however, that no person that is not identified in paragraph 8 of this Order shall be entitled to any Highly Confidential Material absent good cause and a further order by this Court.

17.        Responsibilities And Obligations Of Court Reporters: In the event that testimony is designated as Confidential or Highly Confidential, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such

transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential," as appropriate.  If the deposition is recorded, the recording shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential," as appropriate, if any portion of the transcript itself is so designated.

## **General Provisions**

18.         Unless otherwise agreed by the Parties or ordered by the Court, all deadlines and time periods herein shall be computed pursuant to Bankruptcy Rule 9006.

19.         This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

20.         For the purposes of this Order, "writing" shall include electronic mail.

21.         Nothing contained herein shall be deemed a waiver or relinquishment by any Party of any objection, including, but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party; any right to object to any discovery request; any right to object to the admissibility of evidence on any ground; any right to seek any further protective order; or any right to seek relief from the Court in accordance with paragraph 30 of this Order or any other applicable court from any provision of this Order by application on notice on any grounds.

22.         Unauthorized Disclosure Of Designated Material: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made

that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.  Disclosure of Designated Material other than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

23.         Manner Of Objecting To Designated Material: If any Receiving Party objects to the designation of any Designated Material, the Receiving Party shall first raise the objection with the Producing Party in writing, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Party cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to its designation.  Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" designation from any Discovery Material so designated that is subject to the provisions of this Order.

24.         Timing Of Objections To Designated Material: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Highly Confidential" during the discovery period shall not be a waiver of that Party's right to object to such designation at an evidentiary hearing or at trial.

25.        Production Of Privileged Discovery Material: Pursuant to Rule 502(d) of the Federal Rules of Evidence, if a Producing Party inadvertently produces Materials that the Producing Party later claims in good faith should not have been produced because of a privilege or other protection, such as work-product protection, the production of that Material shall not be deemed to constitute the waiver of any applicable privileges or protections.  In such circumstances, when the Producing Party becomes aware that privileged or protected Material was produced, it must notify the Receiving Party and request, at the Producing Party's election, either the return or the destruction of the produced Material.  Within 3 days after receiving such notification, the Receiving Party shall, as instructed, return or destroy and confirm destruction of all such produced Material, including all copies, notes, and/or summaries thereof in any Receiving Party work product.  The Receiving Party shall not use the contents of such material for any purpose, including in connection with any effort seeking to compel production of the produced material.  The Receiving Party must take reasonable steps to retrieve the produced Material if the Receiving Party disclosed it before being notified.  Such return or destruction and confirmation of destruction shall not preclude the Receiving Party from seeking to compel production of the produced Material for reasons other than its production or any information about the contents of the Material that was gained due to its production.  Moreover, this Order shall not prevent any Party from challenging the designation of such Material as privileged or protected and moving to compel production of allegedly privileged or protected documents.  If the Receiving Party becomes aware during the review of any Material that such Material is likely to be privileged or subject to other protection, the Receiving Party shall, within 3 days, notify the Producing Party and sequester the Material until the Producing Party has had a reasonable opportunity to respond.

26.        Challenging Privilege Determinations: The Receiving Party shall not be obliged to challenge the propriety of privilege determinations at the time asserted, and a failure to do so shall

14

not preclude a subsequent challenge thereto.  If the Receiving Party wishes to challenge one or more of the privilege designations made by the Producing Party, the Parties shall first meet and confer in a good faith effort to resolve any dispute concerning any challenged privilege designations.  If the Parties are unable to agree on the appropriateness of one or more privilege designations, the Party challenging the privilege designations may present such dispute to the Court.  No Party shall contend that the meet and confer process set forth in this paragraph constitutes a waiver of attorney-client privilege or attorney work product for any document claimed to be protected from disclosure.

27.        Use Of Non-Discovery Material: To the extent that any Party has documents or information that would otherwise constitute Discovery Material that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person, including a Party (collectively "Non-Discovery Material"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial, or otherwise in connection with any Dispute or these Chapter 11 Cases.

28.        Obligations Following Conclusion Of The Disputes: Within 90 days of the later of the conclusion of the Dispute(s) or the termination of these Chapter 11 cases, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Party, take all commercially reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Discovery Material, and all copies thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition recordings, deposition exhibits, expert reports, and exhibits introduced at any hearing; and

15

a Receiving Party may retain Discovery Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to counsel for the Producing Party. Notwithstanding anything in this paragraph, to the extent that the information in the Discovery Material remains confidential, the terms of this Order shall remain binding.

29.          Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order: The provisions of this Order shall survive the final termination of the Disputes and the conclusion of these Chapter 11 Cases for any retained Discovery Material.  The final termination of the Disputes and the conclusion of these Chapter 11 Cases shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Discovery Material pursuant to this Order, and the Court shall retain jurisdiction to enforce the terms of this Order.

30.          Amendment Of Confidentiality Agreement And Stipulated Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

31.          Disclosure Of Discovery Material In Other Proceedings: Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand, or request seeking the disclosure of a Producing Party's Discovery Material: (i) shall promptly notify the Producing Party (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the

absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information.

32.        Use Of Discovery Material By Producing Party: Nothing in this Order affects the right of any Producing Party to use or disclose its own Discovery Material in any way.  Such disclosure, other than publicly filing its own Discovery Material, will not waive the protections of this Order and, subject to Paragraph 27, will not otherwise entitle other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

33.        Obligations Of Parties: Nothing herein shall relieve a Party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

34.        Advice Of Counsel: Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

35.        Prior Agreements: The Parties agree that the provisions and requirements set forth in this Order supersede all prior agreements with respect to Discovery Material.  For the avoidance of doubt, this Order shall not affect, amend, or modify any existing confidentiality agreements, non-disclosure agreements, intercreditor agreements, or protective orders applicable to any Party or between any Parties.

36.        Enforcement: The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

**THE FOREGOING STIPULATION IS SO ORDERED:**

Signed: January 29, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

18

**IT IS SO STIPULATED:**

Dated: January 27, 2024

HAYNES AND BOONE, LLP

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
David A. Trausch (TX Bar No. 24113513)
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Tel.: (713) 547-2000
Email: charles.beckham@haynesboone.com
       arsalan.muhammad@haynesboone.com
       david.trausch@haynesboone.com

*-and-*

DAVIS POLK & WARDWELL LLP

Brian M. Resnick (admitted *pro hac vice*)
Steven Z. Szanzer (admitted *pro hac vice*)
Elliot Moskowitz (admitted *pro hac vice*)
Joanna McDonald (admitted *pro hac vice*)
Garrett L. Cardillo (admitted *pro hac vice*)
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Email: brian.resnick@davispolk.com
       steven.szanzer@davispolk.com
       elliot.moskowitz@davispolk.com
       joanna.mcdonald@davispolk.com
       garrett.cardillo@davispolk.com

*Counsel to the Debtors and Debtors in Possession*

DLA PIPER LLP (US)

*/s/ Dennis O'Donnell*
James P. Muenker (TX 24002659)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
Email: james.muenker@us.dlapiper.com

*-and-*

Oksana Lashko (admitted *pro hac vice*)
Dennis O'Donnell (admitted *pro hac vice*)
Aaron S. Applebaum (admitted *pro hac vice*)
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 335-4500
Facsimile: (212) 335-4501
Email: oksana.lashko@us.dlapiper.com
       dennis.odonnell@us.dlapiper.com
       aaron.applebaum@us.dlapiper.com

*Counsel to the Official Committee of Unsecured Creditors of Instant Brands Acquisition Holdings Inc, et al.*

**Exhibit A**

1.     My name is _____.

2.     My address is _____.

3.     My present employer is _____.

4.     My present occupation or job description is _____.

5.     I have been engaged as _____ on behalf of _____ with respect to *In re Instant Brands Acquisition Holdings Inc., et al.*, Case No. 23-90716 (DRJ) pending in the United States Bankruptcy Court for the Southern District of Texas.

6.     I acknowledge that I have read and understand the terms of the Stipulated Protective Order ("Order").[1]  I agree to comply with and be bound by all the provisions of the Order.  I agree that I will not use Discovery Material for any purpose other than the Disputes and these Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Southern District of Texas for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

By: _____ Executed on _____, 2024.

---

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order.