IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | Case No. 23-90716 (MI) |
| **HOLDINGS INC.**, *et al.*, | § | |
| | § | |
| Debtors.[1] | § | Jointly Administered |
| | § | |

**JOINT STIPULATION AND AGREED ORDER
REGARDING DISCOVERY AND PLAN OBJECTION BRIEFING**

Instant Brands Acquisition Holdings, Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") pending before the United States Bankruptcy Court for the Southern District of Texas (the "**Court**"), GuangDong Midea Consumer Electric Manufacturing Company Limited, FoShan ShunDe Midea Electrical Heating Appliances Manufacturing Company Limited, Midea Electric Trading (Singapore) Co. Pte Ltd. (collectively, "**Midea**"), Zhejiang Tianxi Kitchen Appliance Co., Ltd. ("**Tianxi**," and together with Midea, the "**Objecting Suppliers**"),[2] and the the Official Committee of Unsecured Creditors (the "**Committee**") hereby enter into this stipulation and agreed order (the "**Stipulation and Agreed Order**"):

---

[1] The debtors and debtors in possession in the Chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Instant Brands (Texas) Inc. (2526); Instant Brands Acquisition Holdings Inc. (9089); Instant Brands Acquisition Intermediate Holdings Inc. (3303); Instant Brands Holdings Inc. (3318); URS-1 (Charleroi) LLC (7347); Instant Brands LLC (0566); URS-2 (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2] The Debtors, the Objecting Suppliers, and the Committee shall each be defined herein as "**Party**" and, collectively, the "**Parties**."

WHEREAS, on December 22, 2023, the Debtors filed the (a) *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization Plan of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates* [Docket No. 845] (as altered, amended, modified, or supplemented by the solicitation version [Docket No. 926-1] and as may be further altered, amended, modified, or supplemented from time to time in accordance with the terms thereof (including all appendices, exhibits, schedules, and supplements thereto), the "**Combined DS and Plan**," the "**Disclosure Statement**," or the "**Plan**," as applicable)[3] and (b) *Debtors' Emergency Motion For Entry of Orders (I)(A) Approving the Disclosure Statement on a Conditional Basis, (B) Approving the Solicitation and Tabulation Procedures, (C) Approving the Forms of Ballots, Solicitation Package, and Notices, (D) Establishing Certain Dates and Deadlines in Connection with the Solicitation and Confirmation of the Plan, (E) Scheduling a Combined Hearing For Final Approval of the Disclosure Statement and Confirmation of the Plan, and (F) Granting Related Relief and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 846] (the "**Solicitation Motion**");

WHEREAS, on January 6, 2024, Midea and Tianxi each filed an objection and reservation of rights to the Combined DS and Plan and Solicitation Motion [Docket Nos. 870, 876] ("**Suppliers' Objections**");

WHEREAS, on January 11, 2024, the Court entered an *Order (I) Approving the Disclosure Statement on a Conditional Basis, (II) Approving the Solicitation and Tabulation Procedures, (III) Approving the Forms of Ballots, Solicitation Package, And Notices, (Iv) Establishing Certain Dates and Deadlines in Connection With the Solicitation and Confirmation*

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the solicitation version of the Combined DS and Plan [Docket No. 926-1], including, for the avoidance of doubt, the defined terms incorporated in the language in paragraph 5 of this Stipulation and Agreed Order to be inserted in the Confirmation Order.

*of The Plan, (V) Scheduling a Combined Hearing for Final Approval of the Disclosure Statement and Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 924] ("**January 11 Order**");

WHEREAS, the Combined Hearing, as defined in the January 11 Order, to consider final approval of the Disclosure Statement and Confirmation of the Plan, is currently scheduled to be held on February 15, 2024 ("**Combined Hearing**");

WHEREAS, on January 16, 2024, the Objecting Suppliers initiated an adversary proceeding captioned *Guangdong Midea Consumer Electric Manufacturing Company Limited, Foshan Shunde Midea Electrical Heating Appliances Manufacturing Company Limited, Midea Electric Trading (Singapore) Co. Pte Ltd., and Zhejiang Tianxi Kitchen Appliance Co., Ltd., v. Instant Brands (Texas) Inc., Instant Brands Acquisition Holdings Inc., Instant Brands Acquisition Intermediate Holdings Inc., Instant Brands Holdings Inc., URS-1 (Charleroi) LLC, Instant Brands LLC, URS-2 (Corning) LLC, Corelle Brands (Latin America) LLC, EKCO Group, LLC, EKCO Housewares, Inc., Instant Brands Inc., and Corelle Brands (GHC) LLC*, Case No. Adv. Pro. No. 24-03007 (Bankr. S.D.Tex.) (the "**Suppliers' Adversary Proceeding**") and filed an *Adversary Complaint* [Adv. Pro. Docket No. 1] therein seeking declaratory relief against the Debtors ("**Suppliers' Adversary Complaint**"); and

WHEREAS, the Parties have met and conferred, and in the interest of facilitating an expeditious and efficient resolution of the legal issues raised in the Suppliers' Objections and Suppliers' Adversary Complaint, including the validity and extent of the Debtors' indemnity rights against the Objecting Suppliers before the Combined Hearing, the Parties have agreed to bifurcate, and litigate expeditiously, certain legal issues before undertaking any further discovery

on, and litigation with respect to, factual issues raised in the Suppliers' Objections and Suppliers' Adversary Complaint that may require an evidentiary hearing.

**NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED**, AND UPON APPROVAL BY THE COURT, IT IS ORDERED THAT:

1. The Adversary Proceeding and Adversary Complaint, and any deadlines related thereto, shall be temporarily stayed and held in abeyance, until, at the earliest, the Combined Hearing and subject to the meet and confer obligations set forth in paragraph 8, below.

2. The Suppliers' Objections and the allegations in Counts One through Three of the Suppliers' Adversary Complaint shall be deemed to be an objection to final approval of the Disclosure Statement and confirmation of the Plan, pursuant to paragraph 13 of the January 11 Order ("**Suppliers' Plan Objection**"). The Parties shall file briefing with respect to the Suppliers' Plan Objection on the issues of whether the Debtors assumed and assigned the Supply Agreements *in toto*; whether the Debtors can retain, assert, and/or assign any indemnity rights and/or causes of action under the Supply Agreements, including, but not limited to, any "Retained Supply Agreement Claim;" whether any claims Debtors may have held against the Objecting Suppliers are no longer enforceable and now cannot be liquidated; and whether the Master Assignment 2.0 (as defined in the Suppliers' Adversary Complaint) violated the Bankruptcy Code and/or Court's Sale Order as a matter of law (collectively, the "**Phase One Topics**"), in accordance with the following schedule:

| Event | Deadline |
|---|---|
| Deadline for Debtors' to File Any Opposition to the Suppliers' Plan Objection and the Committee to file any joinder in the Debtors' Opposition | January 27, 2024 |
| Deadline for the Objecting Suppliers to File Any Response | February 5, 2024 |
| Deadline for Debtors to File Any Reply (to be limited to 8 | February 7, 2024 (12:00 P.M. |

| Event | Deadline |
|---|---|
| pages) and Committee to file any joinder in the Debtors' Opposition | Prevailing Central Time) |
| Hearing on Suppliers' Plan Objection | February 9, 2024 at 8:00 a.m. |

3.  Discovery between the Parties, including the Committee, in connection with the matters raised in the Suppliers' Plan Objection and the Suppliers' Adversary Complaint is stayed until an order is entered by this Court resolving the Suppliers' Plan Objection, *provided, however*, that (a) by no later than Friday, January 26, 2024, the Debtors shall provide revised confidentiality designations for discovery that has already been produced under a "Professional Eyes Only" designation pursuant to the provisions of that certain Stipulated Protective Order [Docket No. 963] ("**Protective Order**"); (b) any Party may use such discovery in connection with the Suppliers' Plan Objection, subject to the Debtors' forthcoming revised confidentiality designations and in accordance with the applicable provisions of the Protective Order; (c) the Debtors shall respond to the Objecting Suppliers' Interrogatory Nos. 8, 18, 20, 22, and 24 by January 29, 2024;[4] and (d) the Debtors agree to provide the Objecting Suppliers a list of all Retained Causes of Action by February 5, 2024.[5]

4.  This Court's orders resolving the Suppliers' Plan Objection:

---

[4] The Parties agree that any issues the Objecting Suppliers may raise with respect to the adequacy of the Debtors' written responses to Objecting Suppliers' Interrogatory Nos. 8, 18, 20, 22, and 24 shall not be a basis for the Objecting Suppliers to seek to adjust the timelines agreed to in paragraph 2 of this Stipulation and Agreed Order, and the Parties will immediately meet and confer in good faith with respect to any issues raised with respect to any written responses to the foregoing Interrogatories.

[5] For the avoidance of doubt, nothing in this Stipulation and Agreed Order shall stay or waive any discovery between the Parties with respect to any other issues concerning the Plan, including but not limited to any subsequent or further objection of the Suppliers on additional grounds not set forth in the Suppliers' Plan Objection and/or the Suppliers' Adversary Complaint, and all rights of the Parties with respect to all such discovery are reserved.

    (i)    shall be final orders upon which final judgment shall enter, in whole or in part, and thereby be immediately appealable upon entry of complete or partial final judgment by the Court;

    (ii)    each Party waives any argument contesting the finality or appealability of any order resolving the Suppliers' Plan Objection, including but not limited to in the context of a motion for stay pending appeal;

    (iii)    shall not constitute res judicata, collateral estoppel, law of the case, or grounds to assert mootness with respect to any other issues of fact and/or law with respect to the Suppliers' Adversary Complaint and/or the Suppliers' Plan Objection that were not the subject of or resolved by such order(s);

    (iv)    shall be treated as dispositive rulings with respect to the same issues of law arising in and with respect to the Suppliers' Adversary Complaint; and

    (v)    shall not be dispositive with respect to any issues of contested fact in the Suppliers' Objections and/or Adversary Complaint, including, but not limited to, any allegations of bad faith therein.

5.    The following language shall be included in the Confirmation Order:

*Nothing contained herein shall affect, impair, diminish, or otherwise moot the issues to be litigated in accordance with paragraph 8 of the Joint Stipulation and Agreed Order regarding Discovery and Plan Objection Briefing [Docket No [•]] (the "Joint Stipulation") or any appeal of the Bankruptcy Court's ruling or order resolving any portion of the Suppliers' Adversary Complaint in the Suppliers' Adversary Proceeding and/or the Suppliers' Plan Objection (each as defined in the Joint Stipulation). So long as the issues that may continue to be litigated pursuant to the Joint Stipulation are not finally adjudicated, withdrawn, settled, or otherwise resolved, (a) all alleged Retained Causes of Action against an Objecting Supplier are hereby stayed and enjoined until six months from the date of the Joint Stipulation and (b) all alleged Product Liability Claims (including claims seeking Third Party Indemnification) are hereby stayed and enjoined pending a Final Order fully resolving the foregoing issues (if such resolution will be effectuated by a Final Order fully resolving the Suppliers' Adversary Proceeding, such order shall be incorporated herein as if fully restated herein). Except as otherwise specifically stated herein, the rights of the (Reorganized) Debtors, the Objecting Suppliers, the Creditors' Committee, the Ad Hoc Group of Crossover Lenders, and the Appliances Buyers are hereby fully reserved without prejudice.*

6. To the extent the Court has not entered an order resolving the Suppliers' Plan Objection before February 13, 2024, the Parties agree to meet and confer with respect to date of the Combined Hearing, and to request a status conference with the Court regarding the same.

7. The Debtors were properly and validly served with the Suppliers' Adversary Complaint by the Objecting Suppliers, and the Debtors are deemed to have waived any rights and/or arguments with respect to service of the Suppliers' Adversary Complaint.

8. Following the Court's ruling on the Suppliers' Plan Objection, the Parties shall meet and confer on next steps with respect to the Suppliers' Adversary Proceeding and Suppliers' Adversary Complaint, including resuming discovery. To the extent resuming litigation of the Suppliers' Adversary Proceeding is necessary following the Court's ruling on the Suppliers' Plan Objection, the litigation in the Suppliers' Adversary Proceeding shall resume after the Combined Hearing (which may be after the Effective Date of the Plan) on a schedule to be mutually agreed by the Parties and subject to the Court's approval. The Parties agree that the Committee shall be permitted to intervene in the Suppliers' Adversary Proceeding without further Order of the Court. For the avoidance of doubt, the continuation of litigation in the Adversary Proceeding pursuant to this paragraph shall not provide a basis for delaying entry of the confirmation order following the Combined Hearing.

9. Nothing in this Stipulation and Agreed Order shall constitute an admission of fact or liability with respect to any claims held by, or causes of action or proofs of claim that may be filed by or on behalf of, the Objecting Suppliers. Further, nothing herein shall constitute an acknowledgement or finding as to any issue, and all Parties reserve all rights.

10. This Stipulation and Agreed Order may not be modified, amended, or vacated other than by a signed writing executed by the Parties and approved by the Court.

11. This Stipulation and Agreed Order is and shall be binding on the Parties and their successors and assigns.

12. This Stipulation and Agreed Order shall be effective immediately upon entry by the Court.

13. The Court retains exclusive jurisdiction with respect to all matters or disputes arising from or relating to the implementation, interpretation, and enforcement of this Stipulation and Agreed Order.

Signed: January 31, 2024

_____
Marvin Isgur
United States Bankruptcy Judge

Dated: January 27, 2024

Respectfully submitted,

| | |
|---|---|
| **ARENTFOX SCHIFF LLP** | **HAYNES AND BOONE, LLP** |
| By: */s/ Brett D. Goodman*<br>Brett D. Goodman (*Pro Hac Vice*)<br>1301 Avenue of the Americas<br>42nd Floor<br>New York, New York 10019<br>Telephone: (212) 484-3900<br>Facsimile: (212) 484-3990<br>brett.goodman@afslaw.com | */s/ Charles A. Beckham, Jr.*<br>Charles A. Beckham, Jr. (TX Bar No. 02016600)<br>Arsalan Muhammad (TX Bar No. 24074771)<br>David A. Trausch (TX Bar No. 24113513)<br>1221 McKinney Street, Suite 4000<br>Houston, Texas 77010<br>Tel.: (713) 547-2000<br><br>Email:  charles.beckham@haynesboone.com<br>           arsalan.muhammad@haynesboone.com<br>           david.trausch@haynesboone.com |
| and<br><br>James E. Britton (*Pro Hac Vice*)<br>800 Boylston Street<br>32nd Floor<br>Boston, MA 02199<br>Telephone: (617) 973-6100<br>Facsimile: (617) 367-2315<br>James.Britton@afslaw.com | *-and-*<br><br>**DAVIS POLK & WARDWELL LLP**<br><br>Brian M. Resnick (admitted *pro hac vice*)<br>Elliot Moskowitz (admitted *pro hac vice*)<br>Steven Z. Szanzer (admitted *pro hac vice*)<br>Garrett L. Cardillo (admitted *pro hac vice*) |
| and<br><br>**HOWLEY LAW PLLC**<br><br>Tom A. Howley<br>Texas Bar No. 24010115<br>Eric Terry<br>Texas Bar No. 00794729<br>Pennzoil Place – South Tower<br>711 Louisiana St., Suite 1850<br>Houston, Texas 77002<br>Telephone: 713-333-9125<br>Email: tom@howley-law.com<br>Email: eric@howley-law.com<br><br>*Counsel for Midea* | 450 Lexington Avenue<br>New York, New York 10017<br>Tel.:  (212) 450-4000<br>Email:  brian.resnick@davispolk.com<br>           Elliot.moskowitz@davispolk.com<br>           steven.szanzer@davispolk.com<br>           garrett.cardillo@davispolk.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

| **VORYS, SATER, SEYMOUR AND PEASE LLP** | **DLA PIPER LLP (US)** |
|---|---|

By:  */s/ Tiffany Srelow Cobb*
     Tiffany Strelow Cobb (*Pro Hac Vice*)
     Thomas J. Loeb (P*ro Hac Vice*)
     52 East Gay Street
     Columbus, Ohio  43215
     Telephone:  (614) 464-6400
     Email:  tscobb@vorys.com
            tjloeb@vorys.com

     and

     Kari B. Coniglio  (*Pro Hac Vice*)
     200 Public Square, Suite 1400
     Cleveland, Ohio 44114-2327
     Telephone:  (216) 479-6100
     Email:  kbconiglio@vorys.com

*Counsel for Tianxi*

/s/ *Dennis O'Donnell*
James P. Muenker (TX 24002659)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
Email: james.muenker@us.dlapiper.com

- and –

Dennis O'Donnell (admitted *pro hac vice*)
Aaron S. Applebaum (admitted *pro hac vice*)
Email: dennis.odonnell@us.dlapiper.com
        aaron.applebaum@us.dlapiper.com

*Counsel to the Official Committee of Unsecured Creditors*

cc: All counsel of record (via ECF)