IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSTANT BRANDS ACQUISITION | ) | Case No. 23-90716 (MI) |
| HOLDINGS INC., *et al.*, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**OBJECTING SUPPLIERS' EMERGENCY MOTION TO STRIKE
RESPONSE OF AD HOC GROUP OF CROSSOVER LENDERS**

> **Emergency relief has been requested. Relief is requested not later than 8:00 a.m. (prevailing central time) on February 9, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

GuangDong Midea Consumer Electric Manufacturing Company Limited, FoShan ShunDe Midea Electrical Heating Appliances Manufacturing Company Limited, Midea Electric Trading (Singapore) Co. Pte Ltd.) (collectively, "Midea"), and Zhejing Tianxi Kitchen Appliance Co., Ltd. ("Tianxi" and collectively with Midea, the "Objecting Suppliers") move to strike the "response" filed by the Ad Hoc Group of Crossover Lenders (the "Lenders"). Dkt. No. 1001.

**PRELIMINARY STATEMENT**

1.      The Lenders' "response" to the Objecting Suppliers' reply in support of their Plan objections is an unauthorized sur-reply that should be stricken and disregarded. The arguments advanced by the Lenders are wrong, but in any event, there is no basis for the Court to even consider the merits of their arguments for the reasons explained below.

**BACKGROUND**

1

2. The Objecting Suppliers are parties to pre-petition supply contracts (the "Supply Agreements") with the Debtors.

3. The Supply Agreements were assigned to the Appliances Buyers pursuant to a Master Assignment, Bill of Sale, Deed and Conveyance ("MAA 2.0") that materially differs from the Form of Master Assignment, Bill of Sale, Deed and Conveyance (the "Form MAA") that the Court approved pursuant to its Sale Order.

4. Because MAA 2.0 purports to carve out the Debtors' so-called pre-assignment indemnification rights and claims (as the Debtors call them, the "Retained Supply Agreement Claims") in violation of the Bankruptcy Code and Fifth Circuit precedent, and because the Debtors seek to assign the Retained Supply Agreement Claims to the Litigation Trust under their Combined DS and Plan, the Objecting Suppliers filed Plan objections as well as a separate adversary proceeding to declare the Debtors' actions were unlawful and invalid.

5. On January 27, 2024, the Debtors, the Objecting Suppliers, and the Committee filed a Joint Stipulation and Agreed Order Regarding Discovery and Plan Objecting Hearing (the "Joint Stipulation"). Dkt. No. 964. The Court approved the Stipulation on January 31, 2024. Dkt. No. 976.

6. The Stipulation was extensively negotiated. In fact, the Lenders participated in reviewing and signing off on the Stipulation.

7. Among the most heavily negotiated parts of Stipulation was the briefing schedule that appears in paragraph 2 of the Stipulation. That schedule provides that: (1) the *Debtors* have until January 27, 2024 to file any opposition to the Objecting Suppliers' Plan objections, and the *Committee* any joinder; (2) the *Objecting Suppliers* have until February 5, 2024 to file any

response, and (3) the *Debtors* have until noon on February 7, 2024 to file any reply (limited to 8 pages), and the *Committee* any joinder.

8. The Lenders, whose input on the Stipulation was solicited, received, and taken into consideration, could have negotiated to file their own briefs as part of the agreed briefing schedule but did not. At no point did they even ask to do so.

9. The Lenders are not parties to the Stipulation, and they have no right under its terms to submit any briefing on the Objecting Suppliers' Plan objections.[1] Nonetheless, despite never having previously filed a brief responding to the Objecting Suppliers' Plan objections and never having asked the Court for leave to submit briefing, the Lenders filed an 8-page "response" to the Objecting Suppliers' reply on February 7, 2024.

10. In their "response," the Lenders raise different arguments from the ones addressed by the Debtors' reply.[2] *Compare* Dkt. No. 1001 *with* Dkt No. 1005. In particular, the Lenders spend the bulk of their "response" raising arguments based on purchase orders the Debtors had with the Objecting Suppliers, despite the fact that Debtors had relegated their arguments based on those same purchase orders to a mere footnote in their response and did not even attach any executed purchase orders to support their arguments. *Compare* Dkt. No. 1001 at 2-7 with Dkt.

---

[1] Because the Lenders provided zero indication that they wished to participate in litigating the Objecting Suppliers' Plan objections or submitting briefing, the Objecting Suppliers did not request the Lenders join as parties to the Stipulation.

[2] The Debtors' reply is a sur-reply authorized by the Stipulation. While the Objecting Suppliers were reluctant to allow any sur-reply, they compromised on this point with the understanding that the Debtors would not be raising new issues in their sur-reply that were not raised in the Debtors' opposition. The Objecting Suppliers would certainly not have consented to the Lenders' submitting a sur-reply without submitting a prior response or opposition that the Objecting Suppliers could respond to in their reply.

No. 965 at 5 n.2. Indeed, the Debtors abandoned the issue entirely and do not even address it in their reply. *See* Dkt. No. 1005.

11. It is not mere coincidence that the Debtors dropped an under-developed argument in a footnote only for their Lenders to pick up the ball and develop that argument in a surprise "response" whose very existence was never previously discussed with the Objecting Suppliers or provided for in the Stipulation. Nor is it a coincidence that the day after briefing closed and before the scheduled hearing on the Objecting Suppliers' Plan objections, the Debtors suddenly notified the Objecting Suppliers that they intend to introduce the purchase orders addressed by the Lenders into evidence at the hearing.[3] Rather, this appears to be a premeditated and coordinated ploy by the Debtors and their Lenders to sandbag the Objecting Suppliers.

## ARGUMENT

12. Courts will allow sur-replies where a moving party raises new legal theories in its reply and the responding party seeks leave of court to file a sur-reply. *ICI Constr., Inc. v. Hufcor, Inc.*, No. H-22-3347, 2023 WL 2392738, at *3 (S.D. Tex. Mar. 7, 2023) (striking sur-reply filed without leave of court and that was not responsive to arguments in reply); *see also SIS, LLC v. Orion Group Holdings, Inc.*, No. 4:22-CV-891, 2022 WL 20452832, at *3 (S.D. Tex. Oct. 21, 2022) (striking sur-reply filed without leave of court).

13. The Lenders' "response" is a sur-reply filed without leave of this Court and that does not address any new argument raised in the Objecting Suppliers' reply. The Lenders participated in negotiations surrounding the Stipulation and could have asked to be included in the briefing schedule governing the Objecting Suppliers' Plan objections. They did not. The Lenders

---

[3] The Objecting Suppliers are also moving to strike the purchase orders because, among other reasons, those orders were never previously produced to the Objecting Suppliers during discovery or properly introduced into the record during briefing on the Objecting Suppliers' Plan objections.

4

could have also asked the Court for leave to file a sur-reply to the Objecting Suppliers' reply. Again, they did not. Further, the Lenders' "response" does not address anything new raised in the Objecting Suppliers' reply. Rather, their "response" spends four-and-a-half pages developing an under-developed argument in the Debtors' response that was relegated to a footnote, responded to in kind with a footnote in the Objecting Debtors' reply, and dropped altogether from the Debtors' sur-reply. *Compare* Dkt. No. 965 at 5 n.2 *and* Dkt. No. 995 at 10 fn.7 *with* Dkt. No. 1001 at 2-7 and Dkt. No. 1005. Fairness dictates that the Lenders not be allowed to sandbag the Objecting Suppliers with these new arguments less than two days before the scheduled hearing on the Objecting Suppliers' Plan objections and after the Objecting Suppliers have submitted their final brief on the matter.

## CONCLUSION

For these reasons, the Court should strike and disregard the Lenders' "response" and grant the Objecting Suppliers such other and further relief as the Court deems appropriate.

Dated: February 8, 2024                                        Respectfully submitted,

**ARENTFOX SCHIFF LLP**                                **VORYS, SATER, SEYMOUR AND PEASE LLP**

By:   */s/ Brett D. Goodman*                                By:   */s/ Tiffany Strelow Cobb*
     Brett D. Goodman (*Pro Hac Vice*)                    Tiffany Strelow Cobb (*Pro Hac Vice*)
     1301 Avenue of the Americas                               Thomas J. Loeb (P*ro Hac Vice*)
     42nd Floor                                                              52 East Gay Street
     New York, NY 10019                                             Columbus, OH 43215
     Telephone: (212) 484-3900                                 Telephone:  (614) 464-6400
     Facsimile: (212) 484-3990                                   tscobb@vorys.com
     brett.goodman@afslaw.com                              tjloeb@vorys.com

- and -                                                                          - and -

Matthew F. Prewitt (*Pro Hac Vice*)                       Kari B. Coniglio  (*Pro Hac Vice*)
233 S. Wacker Dr., Suite 7100                               200 Public Square, Suite 1400
Chicago, IL 60606                                                  Cleveland, OH 44114-2327

Telephone: (312) 258-5583  
matthew.prewitt@afslaw.com

Telephone: (216) 479-6100  
kbconiglio@vorys.com

- and -

*Counsel for Tianxi*

James E. Britton (*Pro Hac Vice*)  
800 Boylston Street  
32nd Floor  
Boston, MA 02199  
Telephone: (617) 973-6100  
Facsimile: (617) 367-2315  
james.britton@afslaw.com

- and -

**HOWLEY LAW PLLC**

Tom A. Howley  
Texas Bar No. 24010115  
Eric Terry  
Texas Bar No. 00794729  
Pennzoil Place – South Tower  
711 Louisiana St., Suite 1850  
Houston, TX 77002  
Telephone: (713) 333-9125  
tom@howley-law.com  
eric@howley-law.com

*Counsel for Midea*

## CERTIFICATE OF SERVICE

I certify that on February 8, 2024, a copy of this document was served via electronic mail on all counsel of record via the Court's CM/ECF system.

>                         */s/ Brett D. Goodman*
>                         Brett D. Goodman