IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| **CORELLE BRANDS ACQUISITION HOLDINGS LLC,** *et al.*, | § § § | Case No. 23-90716 (MI) |
| Reorganized Debtors.[1] | § § § | Jointly Administered Re: Docket No. 1146 |

**REORGANIZED DEBTORS' EMERGENCY
<u>MOTION TO CLARIFY THE CONFIRMATION ORDER</u>**

> **Emergency relief has been requested. Relief is requested not later than 5:00 p.m. (prevailing Central Time) on March 28, 2024.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on March 27, 2024 at 5:00 p.m. (prevailing Central Time) in Courtroom 404, 4th floor, 515 Rusk Street, Houston, Texas 77002. You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Isgur's conference room number is 954554. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Isgur's homepage. The meeting code is "Judge Isgur". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

---

[1] The reorganized debtors in these chapter 11 cases, along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Corelle Brands (Texas) Inc. (2526); Corelle Brands Acquisition Holdings LLC (9089); Corelle Brands Acquisition Intermediate Holdings Inc. (3303); Corelle Brands Holdings Inc. (3318); Corelle Brands (Charleroi) LLC (7347); Corelle Brands LLC (0566); Corelle Brands (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) Inc. (5817); Instant Brands (Canada) Holding Inc. (4481); Instant Brands Inc. (8272); and Corelle Brands (GHC) LLC (9722). The address of the reorganized debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Isgur's homepage. Select the case name, complete the required fields, and click "Submit" to complete your appearance.**

Corelle Brands Acquisition Holdings LLC and its affiliates that are Reorganized Debtors[2] in the Chapter 11 Cases hereby file this *Reorganized Debtors' Emergency Motion To Clarify the Confirmation Order* (the "**Motion**"). In support of this Motion, the Reorganized Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to section 105 of the Bankruptcy Code, the Confirmation Order, and the Plan, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto (the "**Proposed Order**" and, if entered, the "**Order**"), clarifying that subclause (ii) of paragraph 31(a) of the Confirmation Order, which temporarily stays and enjoins prosecution of Product Liability Claims pending the outcome of the Objecting Suppliers' Litigation (as defined herein), likewise stays or tolls any non-bankruptcy statutes of limitations that might be applicable to the Product Liability Claims for the duration of the aforementioned stay within the meaning of section 108(c)(1).

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates* [Docket No. 1146-1] (the "**Plan**") or in the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 1146] (the "**Confirmation Order**"), as applicable. The rules of interpretation set forth in <u>Article I.B</u> of the Plan shall apply hereto (except that all references herein to "sections" refer to sections of the Bankruptcy Code). For the avoidance of doubt, all references herein to "Articles" refer to articles of the Plan; similarly, all references herein to "paragraphs" refer to paragraphs of the Confirmation Order. Any summaries of the Confirmation Order or Plan contained herein are qualified in their entirety by reference to the applicable provisions of the Confirmation Order or Plan.

**Jurisdiction and Venue**

2. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). In addition, the Reorganized Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter a final order or judgment in connection herewith consistent with Article III of the United States Constitution.

4. Venue of the Chapter 11 Cases and related proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

**I.    General Background**

5. On June 12, 2023, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On February 23, 2024, the Court entered the Confirmation Order. Docket No. 1146. The Plan became effective and was substantially consummated on February 27, 2024. Docket No. 1161. Additional information about the Reorganized Debtors and the Chapter 11 Cases can be found in the Disclosure Statement.

**II.   The Plan**

6. The Debtors filed the initial proposed Combined DS and Plan [Docket No. 845] on December 22, 2023. The Debtors amended the Combined DS and Plan twice prior to solicitation [Docket Nos. 878 and 898]. The Debtors filed the solicitation version of the Combined DS and Plan [Docket No. 926-1] on January 11, 2024.

3

7. As further set forth in Article II.D, numerous Product Liability Claims were asserted against the Debtors. Historically, two non-Company sources existed for the payment of such Product Liability Claims—Third-Party Indemnifications and certain Insurance Contracts.

8. As further set forth in Article VII.L, neither the Plan nor the Confirmation Order (including the discharge provisions contained therein) preclude Holders of Product Liability Claims from (a) naming a Reorganized Debtor as a nominal defendant in an action brought in respect of a Product Liability Claim, thereby allowing, and solely to the extent required to enable, the named Reorganized Debtor to tender the applicable Product Liability Claim to the applicable Third-Party Indemnitor under all available and applicable Third-Party Indemnifications, if any, or (b) otherwise pursuing their Claims against Insurers under all available and applicable Insurance Contracts.

### III. The Suppliers' Objections[3]

9. Prior to the January 8, 2024 hearing for the Court to consider, among other things, conditional approval of the Disclosure Statement, the Objecting Suppliers[4] filed the Suppliers' Objections,[5] objecting to the (Reorganized) Debtors' assertion that they had and have the right to assert Third-Party Indemnifications against the Objecting Suppliers. Subsequently, the Objecting

---

[3] Capitalized terms used but not defined in this section shall have the meanings ascribed to them in the *Joint Stipulation and Agreed Order regarding Discovery and Plan Objection Briefing* [Docket No. 976] (the "**Joint Stipulation**").

[4] Article I.A.160 defines "Objecting Suppliers" collectively as GuangDong Midea Consumer Electric Manufacturing Company Limited, FoShan ShunDe Midea Electrical Heating Appliances Manufacturing Company Limited, Midea Electric Trading (Singapore) Co. Pte Ltd. (collectively, "**Midea**"), and Zhejiang Tianxi Kitchen Appliance Co., Ltd. ("**Tianxi**"). The Debtors and Tianxi settled the disputes between them. *See* Docket No. 1157. Therefore, for the avoidance of doubt, references herein to "Objecting Suppliers" refer to the Midea entities only for all purposes on and after February 26, 2024.

[5] As used herein, "**Suppliers' Objections**" means, collectively, the objections to the Combined DS and Plan filed by the Objecting Suppliers at Docket Nos. 870, 876, 994–95, 1024, 1063–64, 1102, and 1104 (including all exhibits thereto).

Suppliers also commenced the Adversary Proceeding[6] (together with the Suppliers' Objections, the "**Objecting Suppliers' Litigation**").

10. After the Debtors and the Objecting Suppliers filed multiple briefs with respect to the Phase One Topics, in accordance with the Joint Stipulation, the Court denied the Suppliers' Objections "[f]or the reasons stated on the record on February 15, 2024, and February 22, 2024." Docket No. 1137.[7] The Adversary Proceeding remains stayed pursuant to the terms of the Joint Stipulation.

### IV. The Confirmation Order

11. On and after the Petition Date, all litigation against the Debtors being pursued by Holders of alleged Product Liability Claims (collectively, "**Product Liability Plaintiffs**") was stayed by operation of the automatic stay. In accordance with paragraph 5 of the Joint Stipulation entered into between the Debtors, Midea, and Tianxi, such litigation remains stayed until the Suppliers' Objections (and the dispute in connection therewith) is adjudicated by Final Order or otherwise resolved. Specifically, paragraph 31(a) of the Confirmation Order says, in relevant part, the following:

> So long as the issues that may continue to be litigated pursuant to the Joint Stipulation are not finally adjudicated, withdrawn, settled, or otherwise resolved, (i) all alleged Retained Causes of Action against an Objecting Supplier are hereby stayed and enjoined until six months from the date of the Joint Stipulation and (ii) *all alleged Product Liability Claims (including claims seeking Third Party Indemnification) are hereby stayed and enjoined*[8] *pending a Final Order fully resolving the foregoing issues* (if such resolution will be effectuated by a Final Order fully resolving the Suppliers'

---

[6] Consistent with the settlement of its disputes with the Debtors, Tianxi noticed its voluntary discontinuance of its claims in the Adversary Proceeding. Adv. Pro. 24-03007, Docket No. 9.

[7] Midea has appealed the Court's ruling. No. 4:24-cv-00847 (GCH) (S.D. Tex. Mar. 6, 2024).

[8] For the avoidance of doubt, the Reorganized Debtors refer herein to this subclause (ii) as a "stay" or "injunction" interchangeably.

5

> Adversary Proceeding, such order shall be incorporated herein as if fully restated herein).

Confirmation Order ¶ 31(a) (emphasis added). Accordingly, subclause (ii) of paragraph 31(a) temporarily stays all litigation related to Product Liability Claims until the resolution of the Objecting Suppliers' Litigation, as bargained for by the Debtors and the Objecting Suppliers (the "**Product Liability Claims Stay**").

12. Following the Court's entry of the Confirmation Order, counsel to certain Product Liability Plaintiffs contacted the Reorganized Debtors to clarify the applicability of section 108(c) of the Bankruptcy Code to the Product Liability Plaintiffs' claims subject to the Product Liability Claims Stay. Section 108(c) of the Bankruptcy Code provides, in relevant part, that:

> [I]f applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . . , and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or (2) 30 days after notice of the termination or expiration of the stay under section 362 . . . of this title . . . with respect to such claim.

11 U.S.C. § 108(c). In other words, section 108(c) tolls any non-bankruptcy statutes of limitations until the later of the end of such statute of limitations or 30 days after termination of the automatic stay. Under section 362(c)(2)(C) of the Bankruptcy Code, the automatic stay terminates when a discharge is granted.

13. Under <u>Article XI.B</u>, the Debtors were discharged on the Effective Date. Thus, the 30-day grace period for tolling of non-bankruptcy statutes of limitation under section 108(c) has arguably been triggered for any Product Liability Claims whose statute of limitations expired during the pendency of the Chapter 11 Cases. However, Product Liability Plaintiffs are enjoined from prosecuting Product Liability Claims until the resolution of the Objecting Suppliers'

6

Litigation, and thus, to the extent section 108(c) applies, are prohibited from taking steps to commence or prosecute such claims during the 30-day grace period.

14. It is the Reorganized Debtors' view that the Product Liability Claims Stay tolls any applicable statutes of limitations during the pendency of that stay because such stay must, whether in equity or by operation of law, operate to "suspend" such periods within the meaning of section 108(c)(1) of the Bankruptcy Code. However, in an abundance of caution, the Reorganized Debtors, by this Motion, seek clarification that subclause (ii) of paragraph 31(a) of the Confirmation Order does in fact toll any non-bankruptcy statutes of limitations that might be applicable to the Product Liability Claims for the duration of the Product Liability Claims Stay within the meaning of section 108(c)(1).

15. In the alternative, to the extent the Court concludes that the Confirmation Order's Product Liability Claims Stay did not toll applicable statutes of limitation or that the Court does not have the power to clarify the Confirmation Order in this manner, the Reorganized Debtors request entry of an order pursuant to section 105(a) of the Bankruptcy Code tolling Product Liability Claims for the duration of the Product Liability Claims Stay to ensure that no Product Liability Plaintiff is prejudiced by the Product Liability Claims Stay, as set forth in the attached Proposed Order.

## Basis for Relief

16. Pursuant to Supreme Court jurisprudence, the Court "plainly [has] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *see also In re Rodriguez*, 252 F.3d 435, at *2 (5th Cir. 2001) (citing *In re Terracor*, 86 B.R. 671, 677 (D. Utah 1988) (a bankruptcy court "always retains jurisdiction to review and interpret its own orders")). Courts have rooted this authority in section 105(a). *In re Rodriguez*, 252 F.3d 435, at *2. The Court also explicitly retained jurisdiction "over all matters arising out

of, or related to, the Chapter 11 Cases." Confirmation Order ¶ 36; *see also* Plan, Art. XIV. Accordingly, this Court retained and has jurisdiction to clarify the terms of its Confirmation Order. *See In re Blast Energy* Servs., Inc., 396 B.R. 676, 687 (Bankr. S.D. Tex. 2008) (holding that motion to "enforce and clarify the terms of the [p]lan by declaring the parties' rights thereunder" fell within bankruptcy court's post-confirmation jurisdiction under Fifth Circuit law).

17.  Moreover, section 105(a) of the Bankruptcy Code confers the Court with broad equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion any order or decree that is deemed appropriate. *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (noting that section 105 of the Bankruptcy Code "has been construed to give a bankruptcy court 'broad authority' to provide equitable relief appropriate to assure the orderly conduct of reorganization proceedings") (citing *U.S. v. Energy Res. Co.*, 495 U.S. 545, 549 (1990)); *In re Nixon*, 404 F. App'x 575, 578 (3d Cir. 2010) ("It is well settled that the court's power under § 105(a) is broad.") (citation omitted); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (citations omitted).

18. Finally, under section 105(a), this Court has broad power to equitably toll statutes of limitations under appropriate circumstances, including where a provision of a plan serves as an impediment to the timely filing or prosecution of such claims. *See In re Quenzer*, 19 F.3d 163, 165 (5th Cir. 1993) (observing that courts have equitable tolling powers pursuant to section 105(a)); *In re Bair*, 240 B.R. 247, 252 (Bankr. W.D. Tex. 1999) (same); *In re Dinh*, 562 B.R. 122, 133 (Bankr. S.D. Tex. 2016) (equitably tolling statutory exemption period under homestead exemption pursuant to Texas Property Code because, among other reasons, the purpose of the statute "would be destroyed if the court would not toll the statute during the period of time the proceeds were involved in court litigation") (citation omitted); *In re A.H. Robins Co., Inc.*, 197 B.R. 572, 574 (E.D. Va. 1994) ("[T]he issuance of an injunction should toll the New Jersey statute, thus allaying Movant's concern that the statute would run prior to the Court's consideration of her forthcoming [motion]."); *see also Neal v. Keystone Steel & Wire*, No. CIV. 06-1289, 2007 WL 2680946, at *7 (C.D. Ill. Aug. 24, 2007) (holding "it is possible that other bankruptcy proceedings (aside from the automatic stay) may serve as an impediment to a claim such that further tolling of the statute of limitations, such as equitable tolling, may be appropriate").

19. Accordingly, the Court has authority to clarify its Confirmation Order or, in the alternative, enter an order tolling Product Liability Claims for the duration of the Product Liability Claims Stay. For the reasons set forth herein, the Reorganized Debtors respectfully request that the Court do so by entering the Proposed Order.

**Emergency Consideration**

20. Pursuant to Local Rule 9013-1(i), the Reorganized Debtors respectfully request emergency consideration of this Motion. Should section 108(c)(2) apply to any litigation being pursued by a Product Liability Plaintiff, any statutes of limitation tolled thereby would expire on

Thursday, March 28, 2024. Accordingly, the Reorganized Debtors respectfully submit that emergency consideration is warranted. If, however, the Court believes that emergency consideration is not warranted, the Reorganized Debtors would respectfully request that the Court enter an order denying emergency consideration but tolling any applicable statutes of limitation until the Court enters an Order granting or denying this Motion.[9]

## Notice

21. Notice of this Motion and any Order approving it will be provided to the following parties (or their counsel), in each case, to the extent known: (a) the U.S. Trustee; (b) all Third-Party Indemnitors; (c) all Insurers; (d) all Product Liability Plaintiffs; and (e) the other parties identified on the Reorganized Debtors' post-Effective Date master service list[10] (collectively, the "**Notice Parties**"). A copy of this Motion and the Order approving it will also be made available on the Case Information Website. Based on the circumstances surrounding this Motion and the nature of the relief requested herein, the Reorganized Debtors respectfully submit that no other or further notice is required.

[*Remainder of page intentionally left blank*]

---

[9] The Reorganized Debtors will submit a form of such proposed order in accordance with any direction from the Court.

[10] Available at https://dm.epiq11.com/api/file/servicelist?projectCode=INB&fileType=pdf.

WHEREFORE, the Reorganized Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: March 25, 2024  
Houston, Texas

HAYNES AND BOONE, LLP

*/s/ Arsalan Muhammad*  
Charles A. Beckham, Jr. (TX Bar No. 02016600)  
Arsalan Muhammad (TX Bar No. 24074771)  
David A. Trausch (TX Bar No. 24113513)  
1221 McKinney Street, Suite 4000  
Houston, Texas 77010  
Tel.:   (713) 547-2000  
Email: charles.beckham@haynesboone.com  
            arsalan.muhammad@haynesboone.com  
            david.trausch@haynesboone.com

*-and-*

DAVIS POLK & WARDWELL LLP  
Brian M. Resnick (admitted *pro hac vice*)  
Elliot Moskowitz (admitted *pro hac vice*)  
Steven Z. Szanzer (admitted *pro hac vice*)  
Joanna McDonald (admitted *pro hac vice*)  
Garrett L. Cardillo (admitted *pro hac vice*)  
450 Lexington Avenue  
New York, New York 10017  
Tel.:   (212) 450-4000  
Email: brian.resnick@davispolk.com  
            elliot.moskowitz@davispolk.com  
            steven.szanzer@davispolk.com  
            joanna.mcdonald@davispolk.com  
            garrett.cardillo@davispolk.com

*Counsel to the Reorganized Debtors*

**Certificate of Accuracy**

I certify that the facts and circumstances described in the above pleading giving rise to the emergency request for relief are true and correct to the best of my knowledge, information, and belief.

*/s/ Arsalan Muhammad*
Arsalan Muhammad

**Certificate of Service**

I certify that, on March 25, 2024, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Arsalan Muhammad*
Arsalan Muhammad