IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| CORELLE BRANDS ACQUISITION HOLDINGS LLC, et al., | § § § § | Case No. 23-90716 |
| Reorganized Debtors.¹ | § § § | Jointly Administered |

**REORGANIZED DEBTORS' FOURTH OMNIBUS OBJECTION TO PROOFS OF CLAIM (CROSS-DEBTOR DUPLICATE CLAIMS)**

> **This is an objection to your claim. This objection asks the Court to disallow the claim that you filed in this bankruptcy case. If you do not file a response within 30 days after the objection was served on you, your claim may be disallowed without a hearing.**
>
> **CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE SCHEDULES ATTACHED TO THE PROPOSED ORDER ATTACHED TO THIS OBJECTION.**

Corelle Brands Acquisition Holdings LLC and its affiliates that are Reorganized Debtors²

in the Chapter 11 Cases hereby submit this fourth omnibus objection (the "Objection") and request

entry of an order, substantially in the form attached hereto (the "Proposed Order"), pursuant to

---

¹ The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Corelle Brands (Texas) Inc. (2526); Corelle Brands Acquisition Holdings, LLC (9089); Corelle Brands Acquisition Intermediate Holdings Inc. (3303); Corelle Brands Holdings Inc. (3318); Corelle Brands (Charleroi) LLC (7347); Corelle Brands LLC (0566); Corelle Brands (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) ULC (5817);Corelle Brands (Canada) Holding ULC (4481); Corelle Brands ULC (8272); and Corelle Brands (GHC) LLC (9722). The address of the reorganized debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515

² As defined in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates* [Docket No. 1146-1] (the "Plan") and the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 1146] (the "Confirmation Order").

1

sections 105(a), 502, and 558 of title 11 of the United States Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 3007-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Local Rules"), and Article IX.A of the Plan, disallowing and expunging the cross-debtor duplicate claims listed on **Schedule A** to the Proposed Order (the "Cross-Debtor Duplicate Claims"). In support of the Objection, the Reorganized Debtors submit the *Declaration of Jamie P. Keller in Support of the Reorganized Debtors' Fourth Omnibus Objection to Proofs of Claim (Cross-Debtor Duplicate Claims)* (the "Jamie P. Keller Declaration") attached hereto as **Exhibit 1**, and respectfully represent as follows:

### Preliminary Statement

1. The Reorganized Debtors request entry of the Proposed Order disallowing and expunging the Cross-Debtor Duplicate Claims in their entirety to avoid any impermissible double recovery by the claimants.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relevant Background

4. On June 12, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On August 28 and 29, 2023, the Debtors filed their schedules of assets and liabilities (the "Schedules").

6. On September 11, 2023, the Court entered its *Order Establishing Deadlines and Procedures for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 523] (the "Bar Date Order"), establishing the procedure for submitting proofs of claim. The Bar Date Order established the general claims bar date as the date that is 30 days from service of the Notice of Deadlines for Filing Proofs of Claim Against Any of the Debtors (the "Bar Date Notice").

7. On September 13, 2023, the Debtors served the Bar Date Notice, establishing October 13, 2023 at 4:00 p.m. (prevailing Central Time) as the general claims bar date (the "Bar Date"). *See* Docket No. 601.

8. On February 23, 2024, the Court entered the Confirmation Order.[3] The Plan became effective on February 27, 2024 (the "Effective Date").

9. The Debtors each maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities to their creditors. On or about the Effective Date, the Books and Records were transferred to the Reorganized Debtors. The Reorganized Debtors and their advisors have been comprehensively reviewing and reconciling claims filed in the Chapter 11 Cases including comparing the claims filed against the Schedules and the Books and Records.

**Arguments and Authorities**

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof

---

[3] On March 27, 2024, the Court entered the *Order Clarifying the Confirmation Order* [Docket No. 1229] to clarify the tolling of certain statutes of limitations in connection with certain product liability claims. Additionally, the Court's forthcoming decision regarding the inclusion of the independent directors as Exculpated Parties that is contemplated in paragraph 29 of the Confirmation Order will further clarify the Confirmation Order. Further, the Confirmation Order is the subject of a pending appeal unrelated to the exculpation dispute. *See* Civ. No. 24-00847.

of claim constitutes prima facie evidence of the validity and amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). Merely filing a proof of claim does not trigger prima facie validity, however, because every proof of claim must meet certain "minimum standards" set forth in Bankruptcy Rule 3001. *In re Today's Destiny, Inc.*, No. 05-90080, 2008 WL 5479109, at *7 (Bankr. S.D. Tex. Nov. 26, 2008). A proof of claim must assert factual allegations that would entitle the claimant to a recovery. *See In re The Heritage Org., L.L.C.*, No. 04-35574-BJH-11, Adv. No. 05-03512-BJH, 2006 WL 6508477, at * 8 (Bankr. N.D. Tex. Jan 27, 2006) (citations omitted). Indeed, this Court has made clear that "[a]t a minimum, a proof of claim must contain sufficient information for a party in interest to evaluate the basis of the claim." *In re Today's Destiny, Inc.,* 2008 WL 5479109, at *7 (discussing Fed. R. Bankr. P. 3001). To that end, "objecting parties may object to a proof of claim if the validity of the claim cannot be determined because of the claimant's failure to comply with the Bankruptcy Rules." *Id.* (citing Fed. R. Bankr. P. 3007(d)(6)).

11. Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See, e.g.*, *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998). Once an allegation is refuted "the burden shifts to the claimant to prove [such allegation] by a preponderance of the evidence." *In re 804 Congress, L.L.C.,* 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015). As a result, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

### A. The Cross-Debtor Duplicate Claims should be disallowed and expunged.

12. As part of the Reorganized Debtors' review of the claims filed in the Chapter 11 Cases, the Reorganized Debtors identified the Cross-Debtor Duplicate Claims as appearing to be

4

duplicative of other proofs of claim filed against another Debtor entity, as identified in the column titled "Surviving Claims" on **Schedule A** to the Proposed Order (the "Surviving Debtor Claims"). The Reorganized Debtors do not believe that the Reorganized Debtors, the Debtors, or their estates are liable for both the Cross-Debtor Duplicate Claims and the Surviving Debtor claims. To allow both the Cross-Debtor Duplicate Claims and the Surviving Debtor Claims to remain on the claims register would lead to multiple recoveries on a single claim. Disallowing the Cross-Debtor Duplicate Claims will provide the Reorganized Debtors and the affected claimants with certainty that the Surviving Debtor Claim will control for distribution purposes.

13. The Reorganized Debtors request that the Court enter the Proposed Order disallowing the Cross-Debtor Duplicate Claims identified on **Schedule A** to the Proposed Order. This Objection does not affect the Surviving Debtor Claims and the Reorganized Debtors reserve the right to object to the Surviving Debtor Claims on any grounds whatsoever.

### Separate Contested Matters

14. To the extent that a response is filed regarding any claim listed in the Objection and the Reorganized Debtors are unable to resolve such response, each such claim and the portion of the objection to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Pursuant to Bankruptcy Rule 3007(f), the finality of any order on each claim any stay of such order pending appeal shall apply solely to the contested matter for such claim and shall not act to stay the applicability or finality of any order with respect to the remaining claims as separate contested matters.

### Reservation of Rights

15. The Reorganized Debtors reserve all rights, claims, and defenses against the holders of the Cross-Debtor Duplicate Claims and the Surviving Debtor Claims including, among other

things: (i) the right to dispute such claims in their entirety including any portions of any claim not specifically addressed herein; (ii) conduct discovery and modify or supplement this and any other pleadings with respect to any claim asserted by any holder of the Cross-Debtor Duplicate Claims or any defense related thereto; and (iii) exercise any rights of setoff against the holders of the Cross-Debtor Duplicate Claims in accordance with Article XI.H of the Plan. *See In re Best Payphones, Inc.*, 523 B.R. 54, 69–71 (Bankr. S.D.N.Y. 2015) (holding that a party does not waive objections to proofs of claim unless the party demonstrates a clear intent to abandon its arguments).

## **Conclusion**

16.     For the foregoing reasons, the Reorganized Debtors respectfully request that the Court disallow and expunge the Cross-Debtor Duplicate Claims in their entirety, enter the Proposed Order, and grant such other and further relief as the Court may deem just and proper.

*[Remainder of page intentionally left blank]*

Dated: January 10, 2025

Respectfully submitted,

By: */s/ David Trausch*
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
David Trausch (TX Bar No. 24113513)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: arsalan.muhammad@haynesboone.com
Email: david.trausch@haynesboone.com

*Counsel to the Reorganized Debtors*

### Certificate of Service

I certify that on January 10, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Reorganized Debtors' claims, noticing, and solicitation agent.

*/s/ David Trausch*
David Trausch