United States Bankruptcy Court
Southern District of Texas

**ENTERED**

March 03, 2025

Nathan Ochsner, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 23-90716** |
| **INSTANT BRANDS** | § | |
| **ACQUISITION HOLDINGS** | § | |
| **INC.,** *et al.*, | § | |
| Debtors. | § | **Jointly Administered** |
| | § | **CHAPTER 11** |

### MEMORANDUM OPINION

This dispute concerns the United States Trustee's limited objection to Instant Brands' Chapter 11 plan. The U.S. Trustee objects to the exculpation of Instant Brands' independent directors for their conduct in connection with Instant Brands' reorganization. The U.S. Trustee alleges that the exculpation is not permitted under Fifth Circuit precedent.

The U.S. Trustee's plan objection is overruled. The independent directors are exculpated, but only to the extent provided in Instant Brands' Chapter 11 plan and as limited by the Confirmation Order entered at ECF No. 1146.

### BACKGROUND

On June 12, 2023, Instant Brands and its related entities filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. *See, e.g.*, ECF No. 1. The Court confirmed Instant Brands' joint Chapter 11 plan of reorganization on February 23, 2024. ECF No. 1146.

Instant Brands' Chapter 11 plan provides for the exculpation of "Exculpated Parties"

> from any Cause of Action for any claim related to, any act
> or omission in connection with, related to, or arising out of
> the Chapter 11 Cases, . . . and any other act taken or

> omitted to be taken in connection with or in contemplation
> of the Chapter 11 Cases, the reorganization of the Debtors,
> or the administration of, or property to be distributed
> under, the Plan . . . , except for claims related to any act or
> omission that is determined in a Final Order to have
> constituted willful misconduct (including actual fraud) or
> gross negligence.

ECF No. 1146 at 102.  The plan defines the "Exculpated Parties" as "(a) the Debtors, (b) each independent director of the Debtors, and (c) the Creditors' Committee and each of its members."  ECF No. 1146 at 69.

On February 8, 2024, the United States Trustee filed a limited objection to the confirmation of Instant Brands' Chapter 11 plan.  ECF No. 1013.  The U.S. Trustee alleges that the plan's exculpation of independent directors is not permitted by Fifth Circuit law.  ECF No. 1013 at 4–5.

The U.S. Trustee offered its plan objection during Instant Brands' plan confirmation hearing.  The Court ordered the parties to provide additional briefing with respect to the Fifth Circuit's decision in *NexPoint Advisors, L.P. v. Highland Capital Management L.P. (In re Highland Capital Management, L.P.)*, 48 F.4th 419 (5th Cir. 2022), and its effects on the exculpation provision contained in Instant Brands' plan.

On February 23, 2024, the Court entered its order confirming Instant Brands' Chapter 11 plan, which contains the following provisions regarding the exculpation:

> a. Notwithstanding anything in <u>Article XI.D</u> to the
> contrary, the scope of claims listed in <u>Article XI.D</u> as being
> exculpated under the Plan is temporally limited to claims
> arising during the period between the Petition Date and
> the Effective Date.

b. Pursuant to the Bankruptcy Court's ruling at the Combined Hearing, the independent directors of the Debtors shall not be deemed "Exculpated Parties" pending further order of the Bankruptcy Court; provided, if the Court subsequently authorizes their exculpation, the exculpation will be effective as of the date of entry of this Order.

ECF No. 1146 at 38.

The parties filed their additional briefing, and the Court took the matter under advisement.

## JURISDICTION

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a). Venue is proper in this District pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2). The bankruptcy case was referred to the Bankruptcy Court under General Order 2012-6.

## DISCUSSION

Under *Highland Capital*, the disinterested fiduciaries of a debtor-in-possession can be exculpated for their conduct in the course of the administration of the debtor's bankruptcy estate. 48 F.4th at 437.

In *Highland Capital*, Highland Capital Management L.P. filed for Chapter 11 relief in the United States Bankruptcy Court for the Northern District of Texas. *Id.* at 424. Due to claims of misconduct against Highland Capital's co-founder, who controlled Highland Capital through the company's general partner, the U.S. Trustee sought the appointment of a Chapter 11 trustee to administer Highland Capital's bankruptcy case. *Id.* at 424–26; *In re Highland Cap. Mgmt., L.P.*, No. 19-34054-SGJ11, 2021 WL 3418657, at *5 (Bankr. N.D. Tex. Aug. 4, 2021).

While the U.S. Trustee's motion was pending, Highland Capital entered into a settlement with the official committee of unsecured creditors. ECF No. 1184-3. Under the settlement, instead of appointing a Chapter 11 trustee, Highland Capital would replace its existing management with a board of three independent directors, who would have "sole and exclusive management and control of the Debtor." ECF No. 1184-3 at 3, 20 ("The Independent Directors will be granted exclusive control over the Debtor and its operations."). The bankruptcy court entered an order approving the settlement, which also provided that the independent directors would be protected against claims against them in connection with their roles as independent directors unless the court determined that "such claim or cause of action represents a colorable claim of willful misconduct or gross negligence." ECF No. 1184-4 at 3–5.

After the bankruptcy court's approval of the settlement, the U.S. Trustee continued to seek appointment of a Chapter 11 trustee. In declining to appoint a Chapter 11 trustee, the bankruptcy court found that "we have sophisticated, well-heeled economic stakeholders who have worked mightily to essentially overhaul the entire corporate governance as to this debtor. They have sanitized the problems." ECF No. 1184-5 at 115–17.

Highland Capital later proposed and confirmed a plan of reorganization, which provided exculpation to, among other entities, the appointed independent directors. *Highland Capital*, 48 F.4th at 427–28. The confirmation order was appealed to the Fifth Circuit, where the appellants challenged the exculpation of the independent directors. *Id.* at 435–38.

On appeal, the Fifth Circuit recognized that the UCC-Highland Capital settlement appointed the independent directors to serve in lieu of a Chapter 11 trustee, who were acting in the role of a "quasitrustee." *Highland Capital*, 48 F.4th at 425. The court also recognized that the order approving the settlement barred claims against the independent directors absent gross negligence and willful misconduct. *Id.*

Addressing the validity of the exculpation, the court explained that the Bankruptcy Code permits limited exculpation of disinterested non-debtor fiduciaries connected with the administration of the bankruptcy estate. *Id.* at 437. First, the Fifth Circuit in *Pacific Lumber* recognized "a limited qualified immunity to creditors' committee members for actions within the scope of their statutory duties." *Id.*; *see also In re Pac. Lumber Co.*, 584 F.3d 229, 253 (5th Cir. 2009). The Fifth Circuit in *Smyth* also recognized "a limited qualified immunity to bankruptcy trustees unless they act with gross negligence." *Highland Capital*, 48 F.4th at 437; *see also In re Smyth*, 207 F.3d 758, 762 (5th Cir. 2000); *In re Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019). The court concluded that "our precedent and § 524(e) require any exculpation in a Chapter 11 reorganization plan to be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties[.]" *Highland Capital*, 48 F.4th at 437.

The court applied these concepts to Highland Capital's independent directors, finding that:

> As the bankruptcy court's governance order clarified, nontraditional as it may be, the Independent Directors were appointed to act together as the bankruptcy trustee for Highland Capital. Like a debtor-in-possession, the Independent Directors are entitled to all the rights and powers of a trustee. *See* 11 U.S.C. § 1107(a); 7 Collier on Bankruptcy ¶ 1101.01. It follows that the Independent Directors are entitled to the limited qualified immunity for any actions short of gross negligence. . . . Under this unique governance structure, the bankruptcy court legally exculpated the Independent Directors.

*Id.* (citations omitted).

The U.S. Trustee argues that the Fifth Circuit's ruling stands for the proposition that the exculpation of the Highland Capital

independent directors was permitted only because the independent directors were "appointed post-petition pursuant to a court order authorizing them to act as a trustee[.]"  ECF No. 1183 at 6.  The Court disagrees.

A fair reading of the Fifth Circuit's ruling confirms that the court recognized the Bankruptcy Code provides debtors-in-possession with "all the rights . . . of a trustee serving in a case under this chapter."  11 U.S.C. § 1107(a).  The Bankruptcy Code vests in a debtor-in-possession all the authority of a bankruptcy trustee to act as the administrator of a debtor's estate.  *Id.*  Because the disinterested fiduciaries of a debtor-in-possession act pursuant to the same authority and perform the same functions as a bankruptcy trustee, they are afforded identical protections.  *Highland Capital*, 48 F.4th at 437.  A bankruptcy trustee and the disinterested fiduciaries of a debtor-in-possession may be exculpated for conduct within their scope of their duties, absent gross negligence or willful misconduct.  *Id.*

Instant Brands' Chapter 11 plan and the Court's confirmation order limit the independent directors' exculpation to conduct performed during the administration of Instant Brands' Chapter 11 case.  ECF No. 1146 at 38, 102.  The exculpation provision excludes willful misconduct and gross negligence and is limited to conduct within the scope of the independent directors' duties as management for the debtor-in-possession.  ECF No. 1146 at 38, 102.  The exculpation is valid as written in the plan and modified by the Court in its Confirmation Order.

The independent directors are "Exculpated Parties" under the plan.  The U.S. Trustee's plan objection is overruled.

**CONCLUSION**

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED 03/03/2025

_____
Marvin Isgur
United States Bankruptcy Judge