IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORELLE BRANDS ACQUISITION HOLDINGS LLC, et al., | § § § | Case No. 23-90716 |
| | § | |
| Reorganized Debtors.[1] | § | Jointly Administered |
| | § | |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) APPROVING ADDITIONAL GROUNDS FOR FILING OMNIBUS CLAIM
OBJECTIONS AND (II) CLARIFYING THE PROCESS FOR AUTOMATIC
ALLOWANCE OR DISALLOWANCE OF UNLIQUIDATED LITIGATION CLAIMS**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at http://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Corelle Brands Acquisition Holdings LLC and its affiliates that are Reorganized Debtors[2]

in the Chapter 11 Cases hereby file this *Reorganized Debtors' Motion for Entry of an Order*

*(I) Approving Additional Grounds for Filing Omnibus Claim Objections and (II) Clarifying the*

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Corelle Brands (Texas) Inc. (2526); Corelle Brands Acquisition Holdings, LLC (9089); Corelle Brands Acquisition Intermediate Holdings Inc. (3303); Corelle Brands Holdings Inc. (3318); Corelle Brands (Charleroi) LLC (7347); Corelle Brands LLC (0566); Corelle Brands (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) ULC (5817); Corelle Brands (Canada) Holding ULC (4481); Corelle Brands ULC (8272); and Corelle Brands (GHC) LLC (9722). The address of the reorganized debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates* [Docket No. 1146-1] (the "Plan") and the *Findings of Fact, Conclusions of Law, and Order (I) Confirming the Joint Chapter 11 Plan of Reorganization of Instant Brands Acquisition Holdings Inc. and its Debtor Affiliates and (II) Approving the Disclosure Statement on a Final Basis* [Docket No. 1146] (the "Confirmation Order").

1

*Process for Automatic Allowance or Disallowance of Unliquidated Litigation Claims* (this "Motion"). In support of this Motion, the Reorganized Debtors respectfully state as follows:

### Relief Requested

1. By this Motion, and pursuant to sections 105(a) and 502 of title 11 of the U.S. Code (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), and paragraphs 33–34 of the *Procedures for Complex Cases in the Southern District of Texas* (the "Complex Case Procedures"), the Reorganized Debtors seek entry of an order, substantially in the form attached hereto (the "Proposed Order"), (a) authorizing the Reorganized Debtors to file omnibus objections (each, an "Omnibus Objection") to claims for (i) incorrectly or improperly asserting priority status and/or amounts entitled to priority treatment or (ii) incorrectly or improperly designating the claim amount as "unliquidated" and (b) approving, for the purposes of distribution under the Plan, the process for automatic allowance or disallowance of unliquidated Litigation Claims (as defined below) upon entry of a Final Order by a court of competent jurisdiction.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relevant Background

4. On June 12, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On February 23, 2024, the Court entered the Confirmation Order after overruling the objection of Midea Consumer Electric Manufacturing Company Limited (for FoShan ShunDe Midea Electrical Heating Appliances Manufacturing Company Limited, transacting through Midea Electric Trading (Singapore) Co. Pte Ltd.) (collectively, "Midea"). The Plan became effective on February 27, 2024.

6. On March 6, 2024, Midea appealed the Confirmation Order and the Court's *Order Denying Plan Objection* [Docket No. 1137].

7. While the Plan discharges nearly all Claims that arose prior to the Effective Date,[3] the Plan made a limited exception for Product Liability Claims to protect the interests of certain creditors. Specifically, the Plan permits Holders of Product Liability Claims to (i) nominally sue a Reorganized Debtor solely to the extent necessary to enable that Reorganized Debtor to tender such claim to a Third-Party Indemnitor and (ii) pursue any available insurance as long as none of the Reorganized Debtors have any obligation to participate or assist in any such action "or have any liability with respect to any Product Liability Claims." Plan, Art. VII.L.

8. The Confirmation Order, however, delays the implementation of the Product Liability Claims exception to discharge by staying and enjoining the filing or continuation of Product Liability Claims against a Reorganized Debtor until resolution of the Midea dispute: "So long as the issues that may continue to be litigated pursuant to the Joint Stipulation are not finally adjudicated, withdrawn, settled, or otherwise resolved . . . all alleged Product Liability Claims (including claims seeking Third Party Indemnification) are hereby stayed and enjoined pending a Final Order fully resolving the foregoing issues." Confirmation Order ¶ 31(a)(ii) (the "Product Liability Claims Stay and Injunction").

---

[3] *See* Plan, Art. XI.B; Confirmation Order ¶ U.4.a.

3

9. The Midea dispute remains ongoing. On March 26, 2025, the United States District Court for the Southern District of Texas affirmed the Confirmation Order and the denial of Midea's plan objection. *See* Docket. Nos. 1461 & 1463. Midea appealed the District Court's order to the Fifth Circuit and briefing is ongoing. *See Guangdong Midea Consumer Manufacturing Co. Ltd., et al. v. Corelle Brands Acquisition Holdings LLC, et al.*, Case No. 25-20119 (5th Cir.). Accordingly, the Product Liability Claims Stay and Injunction remains in effect.

### Claims Reconciliation Process

10. The Reorganized Debtors and their advisors continue to comprehensively review the register of claims (the "Claims Register") and reconcile scheduled claims, administrative expense claims, and the approximately 1,100 proofs of claim filed against the Debtors in these chapter 11 cases.

11. So far, the Reorganized Debtors have filed four omnibus objections to claims, asserting objections to nearly 300 claims on non-substantive grounds. Docket Nos. 1389-91, 1403.

12. The Court has since entered orders sustaining each of the Reorganized Debtors' four omnibus claims objections except for the objections related to Cornell Capital LLC and its affiliates ("Cornell").[4] *See* Docket Nos. 1431-33, 1449.

13. On March 19, 2025, upon motion by the Reorganized Debtors [Docket No. 1443], this Court entered its *Order Extending the Deadline to File Objections to Claims* [Docket No. 1456], thereby extending the claims objection deadline through and until August 25, 2025 (the "Extended Claims Objection Deadline").

---

[4] The Reorganized Debtors and Cornell agreed to a temporary abatement of the claim objection. *See* Docket No. 1468.

**I.      Erroneous Priority Claims**

14.     During the course of the claims reconciliation process, the Reorganized Debtors have identified dozens of proofs of claim which are flawed because they erroneously assert priority and/or administrative expense status in whole or in part (collectively, the "Erroneous Priority Claims").

15.     Specifically, certain Erroneous Priority Claims assert, either in whole or in part, a right to priority treatment under section 507(a) of the Bankruptcy Code on grounds that are facially invalid. Examples include, but are not limited to, non-governmental creditors asserting priority for taxes under § 507(a)(8); business entities claiming a right to domestic support obligations under § 507(a)(1); and claims for wages, salaries, or commissions pursuant to § 507(a)(4) where the creditor is neither a former employee of the Debtors nor an independent contractor eligible to receive wages or commissions.

16.     Further, certain Erroneous Priority Claims assert administrative priority pursuant to § 503(b)(9) despite the creditor having not delivered goods to the Debtors within 20 days prior to the Petition Date.

17.     Although certain Erroneous Priority Claims can be partially or entirely resolved through non-substantive omnibus objections or other procedures authorized in the Plan, a meaningful number of these claims cannot be fully resolved without substantive objections to their asserted priority and/or amounts allegedly entitled to priority which, without additional omnibus objections procedures in place, would require the Reorganized Debtors to file and serve dozens of individualized claim objections.

**II.     Improper Unliquidated Claims**

18.     In addition, the Reorganized Debtors have identified dozens of proofs of claim that include a discernible dollar amount but nevertheless designate the claim as "unliquidated"

5

(the "Improper Unliquidated Claims"). The Improper Unliquidated Claims lack sufficient information for the Reorganized Debtors to evaluate the basis of any unliquidated portion of such claim. Additionally, the Reorganized Debtors are unable to find any support in the Debtors' books and records indicating that the Improper Unliquidated Claims may exceed the discernable amounts included in each such claim. To be clear, the Improper Unliquidated Claims do not include any Litigation Claims (as defined below).

19. In order to maintain an accurate Claims Register, the Reorganized Debtors request approval of additional omnibus objections procedures that would permit them to object, in an omnibus format, to the Improper Unliquidated Claims on the basis that they have been improperly designated as partly "unliquidated" and, therefore, should be clarified in the Claims Register to reflect the amounts discernable in the applicable claim without any further unliquidated portion of such claim, subject to the Reorganized Debtors' rights to file additional objections to such claims including, without limitation, the discernable amount included in such claim.[5]

20. Accordingly, the Reorganized Debtors seek authorization to file Omnibus Objections to certain claims based on the Additional Grounds.

**III.   Litigation Claims**

21. Approximately 430 Claims have been asserted against the Debtors in connection with litigation that has been filed against the Debtors or potential litigation that the Debtors anticipate will be filed once the Product Liability Claims Stay and Injunction is lifted, including claims seeking indemnity from the Debtors in connection with such litigation (collectively, the "Litigation Claims"). A list of the Litigation Claims was filed contemporaneously with the

---

[5] Any such additional objections will not be included in any Omnibus Objection addressing the improper unliquidated designation.

filing of this Motion with a redacted copy filed publicly at Docket No. 1501 and an unredacted copy filed under seal at Docket No. 1502 (the "Litigation Claims Schedule").[6] A majority of the Litigation Claims meet the definition of a "Product Liability Claim" under the Plan and are, accordingly, indefinitely stayed pursuant to the Product Liability Claims Stay and Injunction.

22. The Midea dispute remains ongoing with Midea's appeal currently being briefed before the Fifth Circuit. Accordingly, a majority of the Litigation Claims remain unliquidated due either to the continued application of the Product Liability Claims Stay and Injunction or, where such stay does not apply, because the litigation underlying the Litigation Claim has not yet resulted in a final judgment necessary to liquidate the Claim.

23. While many of the Litigation Claims can be eliminated through the use of omnibus objections to cross-Debtor duplicate claims, the Reorganized Debtors anticipate that approximately 170 Litigation Claims will remain on the Claims Register as unliquidated claims even after the duplicative Litigation Claims are removed and any other objections have been made to disallow Litigation Claims.

24. Given that the Product Liability Claims Stay and Injunction will continue to remain in place for an indefinite period, it is undisputable that the majority, if not all, of the unliquidated Litigation Claims will not be liquidated or otherwise resolved before the Extended Claims Objection Deadline (as may be extended by the Court). Accordingly, the Reorganized Debtors seek approval of an automatic process for allowance and disallowance of unliquidated Litigation Claims for purposes of distributions in accordance with the Plan as set forth herein and in the Proposed Order.

---

[6] The unredacted copy of the Litigation Claims Schedule was filed under seal pursuant to paragraph 2 of the *Order (I) Authorizing Debtors to (A) File a Consolidated List of the Debtors' 30 Largest Unsecured Creditors and (B) Redact Certain Personal Identifying Information and (II) Approving the Form and Manner of Notifying Creditors of the Commencement of the Chapter 11 Cases and Other Information* [Docket No. 87].

**Proposed Modifications to Bankruptcy Rule 3007(c)-(d) Regarding Grounds for Omnibus Objections**

25. To complete the claims resolution process in a timely and efficient manner and to avoid the significant expense and delay of preparing and filing dozens of individualized objections based on the same or similar underlying grounds, the Reorganized Debtors seek approval to file Omnibus Objections to claims to disallow or otherwise modify multiple claims, in whole or in part, on the following grounds beyond those set forth in Bankruptcy Rule 3007(d) (the "Additional Grounds") that such claims, in whole or in part:

   a. incorrectly or improperly assert priority status including, without limitation, claims that are filed as 503(b)(9) claims but are claims for services, not goods; or
   b. include a discernible claim amount but incorrectly or improperly assert additional amounts as "unliquidated," without any ascertainable justification or evidence (including in the Debtors' books and records) for additional unliquidated amounts, and are not Litigation Claims.

26. To protect the due process rights of creditors, the Reorganized Debtors are not seeking to alter any other the requirements for omnibus claim objections set forth in Bankruptcy Rule 3007(e) and Bankruptcy Local Rule 3007-1. All affected creditors will be served with a copy of the Omnibus Objection, which will include, among other things: (a) the name of the claimant subject to the Omnibus Objection and the applicable Proof of Claim number; (b) the general basis of the objection to each claim; (c) the response deadline; and (d) the date, time, and location of any hearing.

27. In addition, each Omnibus Objection will include other information, as applicable, including: (i) the proposed classification of claims the Reorganized Debtors seek to reclassify; and (ii) the surviving (a) claim(s), (b) claim amount, and (c) priority, (if any) of claimants affected by the Omnibus Objection.

**Automatic Allowance or Disallowance of Litigation Claims**

28. The Reorganized Debtors believe that most, if not all, of the unliquidated Litigation Claims will remain unliquidated throughout the remainder of these Chapter 11 Cases, especially in light of Midea's recent appeal to the Fifth Circuit, which has further extended the Product Liability Claims Stay and Injunction. Further, the Reorganized Debtors believe that it would not be an effective use of time and resources to delay the administration of these Chapter 11 Cases until the unliquidated Litigation Claims reach a final resolution in their respective non-bankruptcy proceedings.

29. To complete the claims resolution process in a timely and efficient manner in accordance with the provisions of the Plan and to avoid the significant expense and delay of holding these Chapter 11 Cases open until each of the unliquidated Litigation Claims are resolved, the Reorganized Debtors seek authorization, for the automatic allowance or disallowance of each unliquidated Litigation Claim identified in the Litigation Claims Schedule to the extent necessary to comply with the Plan and/or the Confirmation Order, and, unless otherwise agreed, to treat each such claim as:

   a. disallowed for purposes of distributions under the Plan in its entirety upon the entry of a Final Order by a court of competent jurisdiction determining that the Debtors have (i) no liability whatsoever for the asserted claims or damages or (ii) liability that is less than any available and applicable recoveries arising from, related to, or on account of Third-Party Indemnifications and Insurance Contracts; or

   b. allowed for purposes of distributions under the Plan solely to the extent that a court of competent jurisdiction enters a Final Order determining the

>>Debtors liable for the asserted claims or damages in an amount greater than any available and applicable recoveries arising from, related to, or on account of Third-Party Indemnifications and Insurance Contracts.

30. To avoid any confusion and ensure adequate notice and due process for holders of the Litigation Claims, the Reorganized Debtors will include a notice in substantially the form attached hereto as **Exhibit A** describing the proposed automatic allowance or disallowance of Litigation Claims as requested in this Motion.

## Arguments and Authorities

31. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). As set forth in Bankruptcy Rule 3001(f), a properly executed and filed proof of claim constitutes prima facie evidence of the validity and amount of the claim under section 502(a) of the Bankruptcy Code. *See, e.g.*, *In re Jack Kline Co., Inc.*, 440 B.R. 712, 742 (Bankr. S.D. Tex. 2010). Merely filing a proof of claim does not trigger prima facie validity, however, because every proof of claim must meet certain "minimum standards" set forth in Bankruptcy Rule 3001. *In re Today's Destiny, Inc.*, No. 05-90080, 2008 WL 5479109, at *7 (Bankr. S.D. Tex. Nov. 26, 2008). A proof of claim must assert facts or allegations that would entitle the claimant to a recovery. *See In re The Heritage Org., L.L.C.*, No. 04-35574-BJH-11, Adv. No. 05-03512-BJH, 2006 WL 6508477, at * 8 (Bankr. N.D. Tex. Jan. 27, 2006) (citations omitted). Indeed, this Court has made clear that "[a]t a minimum, a proof of claim must contain sufficient information for a party in interest to evaluate the basis of the claim." *In re Today's Destiny, Inc.,* 2008 WL 5479109, at *7 (discussing Fed. R. Bankr. P. 3001). To that end, "objecting parties may object to a proof of claim if the validity of the claim cannot be determined because of the claimant's failure to comply with the Bankruptcy Rules." *Id.* at *3 (citing Fed. R. Bankr. P. 3007(d)(6)).

32. Additionally, a claimant's proof of claim is entitled to the presumption of *prima facie* validity under Bankruptcy Rule 3001(f) only until an objecting party refutes at least one of the allegations that is essential to the claim's legal sufficiency. *See, e.g.*, *McGee v. O'Connor (In re O'Connor)*, 153 F.3d 258, 260 (5th Cir. 1998). Once an allegation is refuted "the burden shifts to the claimant to prove [such allegation] by a preponderance of the evidence." *In re 804 Congress, L.L.C.,* 529 B.R. 213, 219 (Bankr. W.D. Tex. 2015). As a result, "the ultimate burden of proof always lies with the claimant." *In re Armstrong*, 347 B.R. 581, 583 (Bankr. N.D. Tex. 2006) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

33. Section 105(a) of the Bankruptcy Code allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). Accordingly, the Court has expansive equitable powers to fashion relief that is in the interest of preserving or protecting the value of a debtor's estate. *See In re Young*, 416 F. App'x 392, 398 (5th Cir. 2011) (recognizing that "[s]ection 105(a) of Title 11 permits the bankruptcy court to exercise broad authority"); *In re Trevino*, 599 B.R. 526, 542–43 (Bankr. S.D. Tex. 2019) (noting that the bankruptcy court has "broad authority" under section 105(a) of the Bankruptcy Code); *In re Padilla*, 379 B.R. 643, 667 (Bankr. S.D. Tex. 2007) ("Section 105(a) gives bankruptcy courts broad authority to take actions necessary and appropriate for administering and enforcing the Bankruptcy Code and . . . 'authorizes a bankruptcy court to fashion such orders as are necessary to further the purposes of the substantive provisions of the Bankruptcy Code.'") (citations omitted). The "chief purpose of the bankruptcy law is to secure a prompt and effectual administration and settlement of the estate of all bankrupts within a limited period." *Katchen v. Landy*, 382 U.S. 323, 328–29 (1966) (quotations and citations omitted). Indeed, this Court has recognized that "[a]llowance or disallowance of a claim is intended to be a

simple, inexpensive matter." *In re Today's Destiny, Inc.,* 2008 WL 5479109, at *8 (citations omitted). Accordingly, the Additional Grounds for filing Omnibus Objections and the automatic allowance or disallowance of Litigation Claims requested in this Motion fall squarely within the Court's equitable powers under section 105(a) of the Bankruptcy Code to implement the chief purpose of the Bankruptcy Code and ensure the claim resolution process remains simple and inexpensive.

I. **The Additional Grounds for filing Omnibus Objections are Appropriate.**

34. Bankruptcy Rule 3007(a) requires that an objection to a proof of claim be made in writing and that the claimant be provided with not less than thirty days' notice of the hearing to be held in respect of such objection.

35. Bankruptcy Rule 3007(c) permits the filing of an objection against multiple claims in an omnibus format only under the circumstances enumerated in Bankruptcy Rule 3007(d)[7] "[u]nless the court orders otherwise." Further, section M of the Complex Case Procedures permits parties to file a motion to approve procedures for handling omnibus objections.

36. Given the number of Erroneous Priority Claims and Improper Unliquidated Claims that have been asserted against the Debtors, the Additional Grounds for filing Omnibus Objections will allow the Reorganized Debtors to conduct an efficient and cost-effective claim objection process by avoiding the expense and delay of preparing and filing dozens of individualized objections based on the same or similar underlying grounds.

---

[7] Specifically, "because they (A) duplicate other claims; (B) were filed in the wrong case; (C) have been amended by later proofs of claim; (D) were not timely filed; (E) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (F) were presented in a form that does not comply with applicable rules and the objection states that the objector is therefore unable to determine a claim's validity; (G) are interests, not claims; or (H) assert a priority in an amount that exceeds the maximum amount allowable under §507." Fed. R. Bankr. P. 3007(d)(2).

37. Importantly, the Additional Grounds for filing Omnibus Objections will allow the Reorganized Debtors to accomplish these goals while maintaining the creditors' safeguards set forth in Bankruptcy Rule 3007(e) and Local Bankruptcy Rule 3007-1 while simultaneously ensuring that the claim resolution process remains simple and inexpensive. Further, the Additional Grounds for filing Omnibus Objections conform with paragraph 34 of the Complex Case Procedures because the Reorganized Debtors are not seeking to "shift the burden of proof, discovery rights or burdens, or pleading requirements."

II. **Automatically Deeming Unliquidated Liquidated Claims as Allowed or Disallowed for Purposes of Plan Distribution is Appropriate.**

38. The Reorganized Debtors anticipate that as a result of the Product Liability Claims Stay and Injunction still remaining in effect at the time of the filing of this Motion, hundreds of Litigation Claims will remain unliquidated beyond the deadline for the Reorganized Debtors to file objections to claims.

39. Additionally, given that the litigation proceedings underlying many of the Litigation Claims appear to be in early stages or, in some cases, not yet initiated, the Reorganized Debtors are unable to meaningfully determine whether, and to what extent, the Debtors may be liable for such claims.

40. The relief requested with respect to the unliquidated Litigation Claims does not abridge the due process rights of any holder of such Litigation Claims, as it does not in any way impair their right to fully litigate their causes of action. Additionally, the plain English notice of the relief sought in this Motion as set forth in substantially the form attached hereto as Exhibit A provides clarity to the holders of Litigation Claims of the procedural nature of the proposed automatic allowance or disallowance of the Litigation Claims to the extent such holders (or their counsel) do not read this Motion.

41. Indeed, the requested relief is in the best interests of creditors, as it avoids the unnecessary cost and delay of keeping these Chapter 11 Cases open until each unliquidated Litigation Claim is liquidated by a Final Order. It also ensures that distributions are made to holders of Litigation Claims only to the extent the Debtors are ultimately determined to be liable for such claims and such liability is not covered by any applicable Third-Party Indemnification or Insurance Contract.

42. For the foregoing reasons, the Reorganized Debtors believe that the relief sought in connection with the unliquidated Litigation Claims is appropriate and in the best interests of creditors.

## Notice

43. Notice of this Motion will be provided to all parties in interest listed on the Master Service List available on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/case/instantbrands, all creditors affected by this Motion, and the Litigation Trustee and his counsel using the contact information for the Litigation Trustee included in section XV.I of the Plan. The Reorganized Debtors respectfully submit that no further notice is required under the circumstances.

## Conclusion

44. For the foregoing reasons, the Reorganized Debtors respectfully request that the Court (a) enter the Proposed Order granting this Motion and (b) grant such other relief as is just and proper.

Dated: August 12, 2025

Respectfully submitted,

*/s/ David Trausch*
Charles A. Beckham, Jr. (TX Bar No. 02016600)
Arsalan Muhammad (TX Bar No. 24074771)
Kourtney P. Lyda (TX Bar No. 24013330)
David Trausch (TX Bar No. 24113513)
**HAYNES AND BOONE, LLP**
1221 McKinney Street, Suite 4000
Houston, Texas 77010
Telephone: (713) 547-2000
Facsimile: (713) 547-2600
Email: charles.beckham@haynesboone.com
Email: arsalan.muhammad@haynesboone.com
Email : kourtney.lyda@haynesboone.com
Email: david.trausch@haynesboone.com

*Counsel to the Reorganized Debtors*

## Certificate of Service

I certify that on August 12, 2025, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and will be served as set forth in the Affidavit of Service to be filed by the Reorganized Debtors' noticing agent.

*/s/ David Trausch*