## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORELLE BRANDS ACQUISITION | § | Case No. 23-90716 |
| HOLDINGS INC., *et al.*, | § | |
| | § | |
| Reorganized Debtors[1] | § | Jointly Administered |

**BRITTANY GONZALEZ'S LIMITED OBJECTION TO REORGANIZED DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING ADDITIONAL GROUNDS FOR FILING OMNIBUS CLAIM OBJECTIONS AND (II) CLARIFYING THE PROCESS FOR AUTOMATIC ALLOWANCE OR DISALLOWANCE OF UNLIQUIDATED LITIGATION CLAIMS**

Brittany Gonzalez, individually and as a representative of minors N.G. and O.C. (Gonzalez) files this Limited Objection to the Reorganized Debtors' *Motion for Entry of an Order (I) Approving Additional Grounds for Filing Omnibus Claim Objections and (II) Clarifying the Process for Automatic Allowance or Disallowance of Unliquidated Litigation Claims* [Dkt. 1503] (Motion) and states as follows:

1.     Gonzalez holds pre-petition, personal injury claims, including strict product liability, negligence, negligent and reckless misrepresentation, breach of warranty, negligent infliction of emotional distress, and unfair trade practices and consumer protection claims on behalf of herself and her minor children N.G. and O.C. against Debtor Instant Brands, Inc. and Target Corporation dba Target Stores (Target).

---

[1] The Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of their respective employer identification numbers or registration numbers in the applicable jurisdictions, are as follows: Corelle Brands (Texas) Inc. (2526); Corelle Brands Acquisition Holdings, LLC (9089); Corelle Brands Acquisition Intermediat Holdings Inc. (3303); Corelle Brands Holdings Inc. (3318); Corelle Brands (Charleroi) LLC (7347); Corelle Brands LLC (0566); Corelle Brands (Corning) LLC (8085); Corelle Brands (Latin America) LLC (8862); EKCO Group, LLC (7167); EKCO Housewares, Inc. (0216); EKCO Manufacturing of Ohio, Inc. (7300); Corelle Brands (Canada) ULC (5817); Corelle Brands (Canada) Holding ULC (4481); Corelle Brands ULC (8272); and Corelle Brands (GHC) LLC (9722). The address of the reorganized debtors' corporate headquarters is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

Gonzalez's claims arose from injuries sustained on or about September 18, 2020, when a defective Instant Pot sprayed scalding contents on N.G, then two years old, causing third degree burns to N.G.'s face, neck, chest, left shoulder, anterolateral left arm, and radial left forearm, requiring significant debridement and skin grafting.

2.      Gonzalez's claims are Product Liability Claims under the confirmed Joint Chapter 11 Plan of Reorganization (the Plan) and are currently subject to the product liability injunction and stay set forth in the Court's Confirmation Order, which remains in place pending entry of a final order in the Midea dispute. *See* Confirmation Order ¶ 31 [Dkt. 1146].

3.      On August 12, 2025, the Reorganized Debtors filed the Motion seeking, in part, an order that would automatically disallow Product Liability Claims for Plan distribution purposes if a final, non-appealable order finds either (i) the Debtors have no liability, or (ii) the Debtors' liability is less than "any available and applicable" insurance or indemnity coverage.  Under the Motion, only the portion of a claim that exceeds such coverage would be "automatically allowed" as an unsecured claim, provided notice is given within 30 days of such order becoming a final order. *See* Motion at 9–10; Proposed Order at 4 [Dkt. 1503-2].

4.      This requested relief does not align with the terms of the confirmed Plan, which permit Product Liability Claims to be asserted as unsecured "Excess Product Liability Claims" to the extent they are not paid or satisfied by Insurers or Third-Party Indemnitors.  Plan, § VII.L [Dkt. 1146, Ex. A]. The Plan defines an "Excess Product Liability Claim" as "the amount of any Product Liability Claim that exceeds the amount paid by Insurers and Third-Party Indemnitors under all available and applicable Insurance Contracts and Third-Party Indemnifications, respectively." Plan, § I.A.88.  The

Plan further provides that "[t]o the extent that a Product Liability Claim is not satisfied by an Insurer or Third-Party Indemnitor, the Holder will be permitted to assert such Excess Product Liability Claim as a General Unsecured Claim."  Plan, § VII.L.  The Plan's framework is based on actual payment or satisfaction, not a theoretical coverage determination, and this distinction has material consequences for injured claimants like Gonzalez.  Further, the Plan does not impose a 30-day deadline to provide notice of a judgment for an Excess Product Liability Claim to be deemed allowed.

5.     Gonzalez files this Limited Objection to preserve the Plan's terms, which condition allowance of Excess Product Liability Claims on whether the claim is satisfied by insurance or indemnity, not whether the Reorganized Debtors are found liable in an amount less than some theoretical "available" coverage. If coverage is disputed, delayed, or unavailable in practice, the Plan does not permit disallowance based on hypothetical availability—it turns on what is actually paid or required to be paid. Any clarifying order must reflect the Plan's operative terms and not substitute a more limiting standard.

## PRAYER

WHEREFORE, Brittany Gonzalez, individually and on behalf of minors N.G. and O.C., respectfully requests that this Court: sustain this Limited Objection; deny the Motion to the extent it seeks to alter or narrow the rights preserved for Product Liability Claimants under the confirmed Plan and Confirmation Order; clarify that any order entered (i) must be construed consistent with Plan, (ii) may not condition allowance of Excess Product Liability Claims on anything other than whether such claims are paid or satisfied by Insurers or Third-Party Indemnitors, and (iii) may not impose a 30-day notice deadline not found in the Plan; and grant such other and further relief as this Court deems just and proper.

**GONZALEZ'S LIMITED OBJECTION – PAGE 3**

Respectfully submitted this 2nd day of September 2025.

        */s/ Ryan E. Chapple*

Ryan E. Chapple
Texas State Bar No. 24036354
rchapple@cstrial.com
**CAIN & SKARNULIS PLLC**
303 Colorado Street, Suite 2850
Austin, Texas 78701
512-477-5000
512-477-5011—Facsimile
**ATTORNEY FOR GONZALEZ**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Limited Objection has been served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on this 2nd day of September 2025.

        */s/ Ryan E. Chapple*

Ryan E. Chapple